**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

BRUCE HALLETT,

Plaintiff,

-against-

STUART DEAN CO., INC., ADRIENE BAILEY, individually, THOMAS BROWN, individually, MARGARET CULLEN, individually, SCOTT DAY, individually, CHRIS DEGAN, individually, CATHLEEN DEGAN-NIKAS, individually, SCOTT HALSTEAD, individually, TIMOTHY SHEA, individually, and KRISTEN SCHORP, individually,

Defendants.

---------------------------------------------------------------x

Civ. No.: 1:20-cv-03881 (JSR)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

JACKSON LEWIS P.C.
*Attorney for Defendants*
666 Third Avenue, Floor 29
New York, NY 10017
(212) 545-4000

Attorneys of Record:
Michael A. Jakowsky, Esq.
Lauren A. Parra, Esq.

# TABLE OF CONTENTS

**Pages**

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 2

POINT I

PLAINTIFF'S OPPOSITION FAILS TO CURE THE FATAL FLAWS IN HIS BREACH OF CONTRACT ARGUMENT .......... 2

A. Plaintiff's Opposition Fails to Identify Facts Demonstrating the Existence of a Valid and Enforceable Long Term Incentive Plan. .......... 2

B. Plaintiff Fails to Allege Facts Demonstrating His Entitlement to Payout of His Annual Bonus Upon Termination. .......... 4

POINT II

PLAINTIFF'S TORT CLAIMS MUST BE DISMISSED BECAUSE THEY ARE DUPLICATIVE OF, AND ARISE FROM THE SAME CONDUCT AS, PLAINTIFF'S BREACH OF CONTRACT CLAIMS .......... 5

A. Plaintiff Cannot Establish Any Tort Claims Because Such Claims Are Impermissibly Based On Promises Outside of the Employment Agreement. .. 5

B. Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing Claim Is Duplicative of His Breach of Contract Claim. .......... 7

POINT III

PLAINTIFF CANNOT ESTABLISH CLAIMS UNDER THE NEW YORK LABOR LAW .......... 8

A. Plaintiff Cannot Establish A Violation of NYLL § 193 Because His Annual Bonus Does Not Fall Within The Definition of Wages Under NYLL § 190. .. 8

B. Plaintiff Cannot Establish A Violation of NYLL § 215 Claim Because He Does Not Allege Facts Demonstrating He Complained About Any Such Violation. .......... 10

CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Clybourn v. Spiderbands LLC*,
2018 U.S. Dist. LEXIS 209669 (S.D.N.Y. Dec. 12, 2018) ....................10, 11

*Concesionaria DHM, S.A. v. Int'l Fin. Corp.*,
307 F. Supp. 2d 553 (S.D.N.Y. 2004)....................8

*Hall v. United Parcel Serv. of Am., Inc.*,
76 N.Y.2d 27 (1990) ....................5

*Harris v. Provident Life & Acc. Ins. Co.*,
310 F.3d 73 (2d Cir. 2002)....................7

*Jensen v. AR Glob. Invs., LLC*,
2020 U.S. Dist. LEXIS 49255 (S.D.N.Y. Mar. 20, 2020) ....................10

*Joyce v. Thompson Wigdor & Gilly, LLP*,
2008 U.S. Dist. LEXIS 43210 (S.D.N.Y. June 3, 2008)....................6

*JPMorgan Chase Bank N.A. v. IDW Grp. LLC*,
2009 U.S. Dist. LEXIS 9207 (S.D.N.Y. Feb 9, 2009) ....................8

*Kleinberg v. Radian Grp., Inc*,
2002 U.S. Dist. LEXIS 20595 (S.D.N.Y. Oct. 29, 2002) ....................3

*Klos v. Polskie Linie Lotnicze*,
133 F.3d 164 (2d Cir. 1997)....................3

*Martz v. Incorporated Village of Valley Stream*,
22 F.3d 26 (2d Cir. 1994)....................3

*O'Dell v. Trans World Entm't Corp.*,
153 F. Supp.2d 378 (S.D.N.Y. 2001)....................5

*Perella Weinberg Partners LLC v. Kramer*,
58 N.Y.S.3d 384 (App. Div. 2017))....................10

*Ryan v. Kellogg Partners Inst. Servs.*,
19 N.Y.3d 1 (2012) ....................8, 9

*Smith v. Horsehead Indus., Inc.*,
1995 U.S. Dist. LEXIS 9549 (S.D.N.Y. July 10, 1995) ....................4, 7

*Thompson v. Advanced Armament Corp.*,
LLC, 614 F. App'x 523 (2d Cir. 2015) .......... 7

*Tierney v. Capricorn Investors, L.P.*,
189 A.D.2d 629 (1st Dep't 1993) .......... 6

*Truelove .v. Northeast Capital & Advisory*,
95 N.Y.2d 220 (2000) .......... 8, 9

*Underdog Trucking, LLC v. Verizon Servs. Corp.*,
2010 U.S. Dist. LEXIS 72642 (S.D.N.Y. July 20, 2010) .......... 6

*Wiggins v. Hain Pure Protein Corp.*,
829 F. Supp. 2d 231 (S.D.N.Y. 2011) .......... 10

*William Kaufman Org., Ltd. v. Graham & James, LLP*,
269 A.D.2d 171 (1st Dep't 2000) .......... 6

**Statutes**

N.Y. Lab. Law § 190 et seq. .......... *passim*

N.Y. Lab. Law § 193 .......... *passim*

N.Y. Lab. Law § 198 .......... 10

NYLL § 215 .......... 1, 10, 11

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......... 1

**PRELIMINARY STATEMENT**

Corporate Defendant Stuart Dean Co., Inc. ("Stuart Dean" or the "Company"), and individually named Defendants, Adriene Bailey, Thomas Brown, Margaret Cullen, Scott Day, Chris Degan, Cathleen Degan-Nikas, Scott Halstead, Timothy Shea, and Kristen Schorp (together with Stuart Dean, the "Defendants") submit this Reply Memorandum of Law in further support of their Motion to Dismiss, in part, Plaintiff Bruce Hallett's ("Plaintiff") Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a Memorandum of Law in Opposition to Defendants' Motion to Dismiss on August 3, 2020 ("Opposition"). As set forth in greater detail below, Plaintiff's Opposition fails to cure any of the legal deficiencies outlined in Defendants' moving papers. Instead, Plaintiff seeks to obfuscate this Court's analysis of the pending motion by deliberately trying to create a fact-based dispute. Plaintiff's Opposition spends eight (8) pages on factual allegations that go beyond the four corners of the Complaint before offering a single response to Defendants' legal arguments.[1] Even Plaintiff's legal arguments rely on irrelevant facts and law. Notably, Plaintiff's Opposition places a tremendous amount of reliance on the circumstances surrounding Plaintiff's termination despite the fact that Defendants have not moved to dismiss Count One of the Complaint regarding breach of contract for wrongful termination. Defendants only seek dismissal of Plaintiff's claims for breach of contract for failure to pay bonus compensation (Count Two), violations of New York Labor Law ("NYLL") § 193 (Count Three) and NYLL § 215 (Count Four), tort claims (Counts Five through Eight), and defamation.[2]

---

[1] Defendants' Reply does not address these factual allegations as they are irrelevant to the pending motion which seeks dismissal of certain Causes of Action as a matter of law.

[2] While Plaintiff's opposition stipulates to dismissal of this claim without prejudice, Defendants believe there is no basis on which Plaintiff can state a claim of defamation and therefore request dismissal of Count Nine with prejudice.

For the reasons discussed herein, Plaintiff fails to state a claim upon which relief can be granted on any of the aforementioned Causes of Action. Any attempt to amend Plaintiff's Complaint would be futile as no new allegations can cure the fatal flaws in Plaintiff's claims. As such, Defendants respectfully requests this Court to grant this motion and dismiss Counts Two through Nine of Plaintiff's Complaint with prejudice.

## ARGUMENT

## POINT I

## PLAINTIFF'S OPPOSITION FAILS TO CURE THE FATAL FLAWS IN HIS BREACH OF CONTRACT ARGUMENT

### A. Plaintiff's Opposition Fails to Identify Facts Demonstrating the Existence of a Valid and Enforceable Long Term Incentive Plan.

Rather than curing the legal deficiencies outlined in Defendants' moving papers, Plaintiff's Opposition argues Defendants' legal arguments are inappropriate at the motion to dismiss stage. Despite Plaintiff's contention that the question of the parties' intent "goes beyond the pleadings", Plaintiff nevertheless focuses his argument on this exact question. Specifically, Plaintiff argues the parties intended to be bound by the purported promise to enter into a Long Term Incentive Plan ("LTIP") and points to "many assurances" that were given that "an LTIP was imminent". Complaint ¶ 43. Critically, Plaintiff alleges these supplementary promises were given *following* the execution of the Employment Agreement. *Id.* In making this argument, it is Plaintiff who impermissibly goes beyond the pleadings and ignores the only document that can appropriately be referenced in analyzing this motion – Plaintiff's Employment Agreement.

Section 14.b of the Employment Agreement, titled "Entire Agreement/Amendments" provides:

> This Agreement contains the entire understanding of the parties with respect to the employment of Executive by the Company. There are no restrictions, agreements, *promises*, warranties, covenants or

> undertakings between the parties with respect to the subject matter herein other than those expressly set forth herein. This Agreement may not be altered, modified, or amended except by written instrument signed by the parties hereto.

*See* Complaint, Document 1-1, Section 14.b (emphasis added). As noted in Plaintiff's Opposition, "[w]hen interpreting the meaning of a contract, it is the objective intent of the parties that controls. The secret or subjective intent of the parties is irrelevant." *Klos v. Polskie Linie Lotnicze,* 133 F.3d 164 (2d Cir. 1997). The plain language of this merger provision makes clear the parties intended to be bound exclusively by the language contained in Plaintiff's Employment Agreement and to prohibit amendments to the Agreement absent a writing signed by the parties. Thus, any ancillary conversations, assurances, or promises regarding Plaintiff's purported entitlement to an LTIP are inapposite and Plaintiff's reliance on the alleged promises is wholly unreasonable. *See Kleinberg v. Radian Grp., Inc*, 2002 U.S. Dist. LEXIS 20595, at *12 (S.D.N.Y. Oct. 29, 2002) (dismissing plaintiff's breach of contract and promissory estoppel claims and finding plaintiff's reliance on defendants' purported promises to pay a severance bonus was unreasonable where the employment agreement contained both merger and no oral modification clauses).

Significantly, Plaintiff does not, and cannot, argue that he misunderstood the purpose of the "Entire Agreement/Amendments" provision. "Prior to his employment with Stuart Dean, [Plaintiff's] professional experience included an impressive career with Time-Warner, where he was president of Time Magazine from 1995 to 2002, and then Sports Illustrated from 2002 to 2004." Complaint ¶ 25. "[Plaintiff] also served as managing director of Time, Inc. Magazines Pty., Ltd. … CEO of Murdoch Books … [and] as publisher at Playbill magazine." *Id.* Perhaps most critically, Plaintiff served on Stuart Dean's Board of Directors for seven (7) years before filling the role of President and CEO. Complaint ¶ 27. As a sophisticated executive with extensive professional experience, Plaintiff was fully familiar with the purpose of a merger clause.

By including this express provision, the Parties intended for this Agreement to contain the entire understanding between the parties and that understanding could not be amended without a written instrument signed by the parties. *See* Complaint, Document 1-1, Section 14.b. Plaintiff did not, and cannot, allege the parties entered into a subsequent *written* agreement regarding the LTIP and that failure is fatal to this claim.

Attempting to side-step this failure, Plaintiff relies heavily on the Court's decision in *Smith v. Horsehead Indus., Inc.*, 1995 U.S. Dist. LEXIS 9549 (S.D.N.Y. July 10, 1995), arguing a combination of oral promises and related documentary evidence can create a binding contract between the parties. That case is easily distinguishable, however, from the facts in this matter. In *Smith*, the parties entered into a letter agreement meant to outline "the basic terms of the [employment] offer". *Id.* at *5. The letter agreement was later supplemented by both oral representations and drafts of equity participation plans and stock incentive agreements. *See id.* at *15. Critical to the Court's decision was that "[t]he employment letter invites reference to [these] external sources, stating that it is an 'outline' of 'basic' terms previously discussed." *Id.* Here, however, Plaintiff's Employment Agreement explicitly *prohibits* reference to external sources. Any alleged supplemental assurances or promises regarding implementation of an LTIP are simply irrelevant. It is clear from the plain language of Plaintiff's Employment Agreement that the parties intended for Plaintiff's *future* participation in an LTIP to be mutually agreed upon and memorialized in writing. Plaintiff fails to allege that any such written agreement exists. Thus, Plaintiff cannot establish a breach of contract claim premised upon his entitlement to an LTIP.

**B. Plaintiff Fails to Allege Facts Demonstrating His Entitlement to Payout of His Annual Bonus Upon Termination.**

Plaintiff's breach of contract claim for failure to pay his Annual Bonus must similarly fail. As noted in Plaintiff's Opposition, "[i]t is well established under New York law that

'[a]n employee's entitlement to a bonus is governed by the terms of the employer's bonus plan."' *O'Dell v. Trans World Entm't Corp.*, 153 F. Supp.2d 378, 397 (S.D.N.Y. 2001) (quoting *Hall v. United Parcel Serv. of Am., Inc.*, 76 N.Y.2d 27, 36 (1990)). Despite citation to this legal principle, Plaintiff still attempts to utilize subjective understandings of his bonus plan to support his claim. Plaintiff argues it is clear from the language of the Employment Agreement that the bonus was vested and earned at the time of termination. However, Plaintiff fails to identify a single provision which supports that contention. A close reading of the Employment Agreement confirms a complete absence of language stating the bonus is vested and earned upon termination. To the extent Plaintiff relied upon some external promise of vesting and payout, he once again ignores the "Entire Agreement/Amendments" provision. Plaintiff's Employment Agreement contains the entire understanding between the parties with regard to Plaintiff's Annual Bonus. Noticeably absent from the Agreement, however, is any language entitling Plaintiff to payout of the bonus upon termination. As a result, Plaintiff cannot establish entitlement to payout of his bonus upon termination.

Thus Count Two of Plaintiff's Complaint must be dismissed with prejudice.

## POINT II

## PLAINTIFF'S TORT CLAIMS MUST BE DISMISSED BECAUSE THEY ARE DUPLICATIVE OF, AND ARISE FROM THE SAME CONDUCT AS, PLAINTIFF'S BREACH OF CONTRACT CLAIMS

### A. Plaintiff Cannot Establish Any Tort Claims Because Such Claims Are Impermissibly Based On Promises Outside of the Employment Agreement.

Plaintiff's promissory estoppel, fraudulent inducement, and negligent misrepresentation claims must fail for the same reasons as Plaintiff's breach of contract claim – each claim is impermissibly based on purported representations outside the confines of Plaintiff's Employment Agreement. As stated in Defendants' moving papers, courts within the Second

Circuit routinely hold that a plaintiff cannot establish tort claims where such claims are duplicative of a plaintiff's breach of contract claim. *See, e.g., Underdog Trucking, LLC v. Verizon Servs. Corp.*, 2010 U.S. Dist. LEXIS 72642, at *18 (S.D.N.Y. July 20, 2010) ("Where a plaintiff also alleges breach of a contract, a promissory estoppel claim is duplicative of a breach of contract claim unless the plaintiff alleges that the defendant had a duty independent from any arising out of the contract.") (internal citation omitted)*; Tierney v. Capricorn Investors, L.P.*, 189 A.D.2d 629, 631-32 (1st Dep't 1993) (affirming dismissal of claim for fraudulent inducement which was entirely duplicative of the plaintiff's breach of contract claim because a cause of action for fraud does not arise when the only fraud charged relates to a breach of contract); *William Kaufman Org., Ltd. v. Graham & James, LLP*, 269 A.D.2d 171, 173 (1st Dep't 2000) ("[a]ctions for . . . negligent misrepresentation will not lie when the factual underpinning for the claim is duplicative of a breach of contract claim."). "Under New York law, where claims of negligence, breach of contract, breach of fiduciary duty, negligent misrepresentation, or fraudulent misrepresentation are premised on the same facts and seek identical relief…those claims are duplicative and must be dismissed." *Joyce v. Thompson Wigdor & Gilly, LLP*, 2008 U.S. Dist. LEXIS 43210, at *40 (S.D.N.Y. June 3, 2008).

Plaintiff attempts to escape this well-established legal premise by arguing these claims are not based upon on the same facts as his breach of contract claim. Plaintiff instead seeks to base these claims on purported representations from Defendants outside the four corners of his Employment Agreement. This argument, however, further highlights the legal deficiency of Plaintiff's claims. As outlined above, Plaintiff's Employment Agreement contained an "Entire Agreement/Amendments" provision which specifically prohibits reliance on external promises. Nevertheless, Plaintiff's Opposition repeatedly references Plaintiff's reliance on alleged oral

assurances that he would participate in the Company's LTIP. Plaintiff once again urges this Court to follow the decision in *Smith*. As with Plaintiff's breach of contract claim, however, the *Smith* decision is easily distinguishable from this case. Plaintiff's Employment Agreement made clear it encompassed the entire agreement between the parties relating to Plaintiff's employment. Plaintiff cannot argue that he relied upon Defendants' representations outside the Employment Agreement, nor can he argue Defendants had a duty independent from those arising out of the Employment Agreement.

For the reasons set forth above, Counts Five, Seven, and Eight of Plaintiff's Complaint must be dismissed with prejudice.

### B. Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing Claim Is Duplicative of His Breach of Contract Claim.

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is subject to dismissal because it is merely duplicative of his breach of contract claim. Plaintiff's Opposition fails to cure this legal deficiency. In fact, Plaintiff's own Opposition cites to case law upholding the premise that "breach of the implied covenant [of good faith and fair dealing] is not a separate claim from breach of contract, it is an alternative means by which a contract may be breached. *See Thompson v. Advanced Armament Corp.*, LLC, 614 F. App'x 523, 525 (2d Cir. 2015) (quoting *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002)). In *Thompson*, the Second Circuit affirmed the lower court's ruling on alternative grounds, finding defendant breached the covenant of good faith and fair dealing *instead of* affirming plaintiff's breach of contract claim. *Id.* Critically, the Court did not allow plaintiff to succeed on both claims simultaneously.

In the instant matter, Plaintiff's breach of the implied covenant of good faith and fair dealing appears to arise out of both breach of contract claims. In his Opposition, Plaintiff

claims *for the first time* that his cause of action is premised on the circumstances surrounding his termination. While Plaintiff argues Defendants fabricated performance issues so they could terminate him for Cause, Plaintiff failed to actually include those allegations in his Complaint. Even assuming *arguendo* Plaintiff's Complaint contained those allegations, Defendants do not seek dismissal of Plaintiff's cause of action for breach of contract arising from wrongful termination. Thus, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is duplicative of his breach of contract claim and is subject to dismissal. *See, e.g., JPMorgan Chase Bank N.A. v. IDW Grp. LLC*, 2009 U.S. Dist. LEXIS 9207, at *16 (S.D.N.Y. Feb 9, 2009); *Concesionaria DHM, S.A. v. Int'l Fin. Corp.,* 307 F. Supp. 2d 553, 564 (S.D.N.Y. 2004). To the extent Plaintiff argues that this claim arises from Defendants' purported assurances that an LTIP was imminent, the claim is subject to dismissal for the same reasons as Counts Five, Seven, and Eight. . Accordingly, Count Six of Plaintiff's Complaint must be dismissed with prejudice.

## POINT III

## PLAINTIFF CANNOT ESTABLISH CLAIMS UNDER THE NEW YORK LABOR LAW

### A. Plaintiff Cannot Establish A Violation of NYLL § 193 Because His Annual Bonus Does Not Fall Within The Definition of Wages Under NYLL § 190.

Relying upon the New York Court of Appeals' decision in *Ryan v. Kellogg Partners Inst. Servs.*, 19 N.Y.3d 1 (2012), Plaintiff incorrectly argues that his Annual Bonus falls within the definition of wages under NYLL § 190 and as such Defendants' purported failure to pay out Plaintiff's Annual Bonus constituted a violation of NYLL §193. The Court's decision in *Ryan*, however, is easily distinguishable from this matter. In *Ryan*, the plaintiff's NYLL claims were premised on failure to pay a bonus that was "'expressly link[ed]' to [plaintiff's] 'labor or services personally rendered'" to defendant/employer. *Id.* at 11 (citing *Truelove .v. Northeast*

*Capital & Advisory*, 95 N.Y.2d 220 (2000)). The Court explained that such bonuses fell within the definition of wages under NYLL § 190 where the bonus contemplated a "direct relationship between an employee's own performance and the compensation to which that employee [was] entitled." *Id.* (citing *Truelove,* 95 N.Y.2d at 224). The Court was careful, however, to distinguish the plaintiff's bonus from certain forms of "incentive compensation" that are "more in the nature of a profit-sharing arrangement and are both contingent and dependent, at least in part, on the financial success of the business enterprise," as such bonuses do not fall within the meaning "wages" under NYLL § 190. *Id.* (citing *Truelove,* 95 N.Y.2d at 224). It is because the plaintiff's bonus constituted "wages" that the *Ryan* Court found the defendant had violated NYLL § 193.

In the instant matter, Plaintiff's Annual Bonus is precisely the type of incentive compensation explicitly excluded from the NYLL § 190 definition of wages. Plaintiff's Employment Agreement makes clear the Annual Bonus is "based upon the achievement of annual targets under a weighted plan comprising three components, *i.e.* profit, growth, and Board Specified Special objectives[,]" metrics which clearly relate to the overall success of the company rather than Plaintiff's own performance. *See* Complaint, Document 1-1, Section 4. It is clear, based upon these cases cited in Plaintiff's Opposition, that neither his Annual Bonus nor any purported LTIP falls within the NYLL § 190 definition of wages and as such Plaintiff cannot, as a matter of law, establish a violation of NYLL § 193. *See Truelove,* 95 N.Y.2d at 224 (affirming lower court's decision that plaintiff's bonus does not fall within the definition of wages protected by Labor Law article 6 where such bonus was dependent solely upon [plaintiff's] employer's overall financial success).

Assuming *arguendo* Plaintiff's bonus fell within the definition of wages under NYLL § 190, which it does not, Plaintiff could not maintain a claim under NYLL § 193 as it is

well established that a "wholesale withholding of payment is not a 'deduction' within the meaning of Labor Law § 193." *Jensen v. AR Glob. Invs., LLC*, 2020 U.S. Dist. LEXIS 49255, at *15-16 (S.D.N.Y. Mar. 20, 2020) (citing *Perella Weinberg Partners LLC v. Kramer*, 58 N.Y.S.3d 384, 390 (App. Div. 2017)). Even assuming Plaintiff intended to state a claim for failure to pay "benefits" or "wage supplements" under NYLL § 198-c, such a claim would similarly fail as a matter of law because that provision does not apply to an employee in an executive position, such as Plaintiff. *See* N.Y. Lab. Law § 198-c(3) ("This section shall not apply to any person in a bona fide executive, administrative, or professional capacity whose earnings are in excess of nine hundred dollars a week[.]").

Finally, Plaintiff's Opposition neither addresses nor cures Plaintiff's failure to state a claim for remedies available under NYLL § 198(1-a), which does not itself provide a cause of action against an employer independent of an underlying Article 6 wage claim. *See Wiggins v. Hain Pure Protein Corp.*, 829 F. Supp. 2d 231, 242 (S.D.N.Y. 2011) (citing *Martz v. Incorporated Village of Valley Stream*, 22 F.3d 26, 30 (2d Cir. 1994) ("Section 198 merely provides employees with a mechanism to recover costs and expenses in connection with a successful litigation against an employer for failure to pay wages.")). As Plaintiff cannot establish a violation of NYLL § 193, he cannot recover remedies for such a violation under NYLL § 198(1-a). For these reasons, Count Three of Plaintiff's Complaint must be dismissed with prejudice.

**B. Plaintiff Cannot Establish A Violation of NYLL § 215 Claim Because He Does Not Allege Facts Demonstrating He Complained About Any Such Violation.**

Plaintiff attempts to cure the deficiencies highlighted in Defendants' moving papers by arguing that NYLL § 215 does not require an explicit reference to a section or provision of the NYLL. However, even the case law cited in Plaintiff's Opposition makes clear a plaintiff is still required to put a defendant/employer on notice that their conduct violates the NYLL. *See Clybourn*

*v. Spiderbands LLC*, 2018 U.S. Dist. LEXIS 209669, at *14 (S.D.N.Y. Dec. 12, 2018) (finding plaintiff sufficiently pleaded a NYLL § 215 claim where plaintiff put defendant employer on notice that failure to pay proper wages violated the NYLL). Here, Plaintiff does not and cannot allege that he put Defendants on notice of a potential NYLL violation. Plaintiff only alleges Defendants' conduct constituted a breach of his Employment Agreement. *See* Complaint ¶ 46. Moreover, the cases cited in Plaintiff's Opposition are inapposite as each case concerns an actual violation of the NYLL, namely failure to pay sufficient wages or overtime. Here, however, Plaintiff cannot argue that Defendants' failure to pay the Annual Bonus or the purported LTIP actually violated the NYLL because, as stated above, any incentive compensation allegedly owing to Plaintiff did not, as a matter of law, constitute wages under NYLL § 193. Accordingly, Count Four of Plaintiff's Complaint must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court: (1) grant Defendants' Motion to Dismiss Counts Two through Nine of the Complaint, with prejudice; and, (2) award Defendants such other further relief as the Court may deem just and proper.

Dated: August 10, 2020
New York, New York

Respectfully submitted,

JACKSON LEWIS LLP
*Attorneys for Defendants*
666 Third Avenue
New York, New York 10017
(212) 545-4000

By: */s/ Michael A. Jakowsky*
Michael A. Jakowsky, Esq.
Lauren A. Parra, Esq.

To: Tracy A. Warren, Esq.
Ashley L. Milnes, Esq.
Buchalter
655 W. Broadway, Suite 1625
San Diego, CA 92101

Lauren M. Paxton, Esq.
Calcagni & Kanefsky LLP
85 Broad Street, Suite 17031
New York, NY 10004

4824-6283-1303, v. 1