**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x

BRUCE HALLETT,

                            Plaintiff,

      -against-

STUART DEAN CO., INC., ADRIENE BAILEY, individually, THOMAS BROWN, individually, MARGARET CULLEN, individually, SCOTT DAY, individually, CHRIS DEGAN, individually, CATHLEEN DEGAN-NIKAS, individually, SCOTT HALSTEAD, individually, TIMOTHY SHEA, individually, and KRISTEN SCHORP, individually,

                            Defendants.

Civ. No.: 1:20-cv-03881 (JSR)

---------------------------------------------------------------x

## PROPOSED STIPULATION FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION AND DOCUMENTS

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Bruce Hallett ("Plaintiff"), and Defendants Stuart Dean Co., Inc., Adriene Bailey, Thomas Brown, Margaret Cullen, Scott Day, Chris Degan, Cathleen Degan-Nikas, Scott Halstead, Timothy Shea, and Kristen Schorp ("Defendants"), through their undersigned counsel, that:

1. Any party to this Stipulation For The Protection And Exchange Of Confidential Information And Documents ("Stipulation") may designate as "Confidential and Protected Matter": (1) any personnel, financial, confidential, payroll records or otherwise personal information, documentation or files that pertain to Plaintiff; (2) any proprietary, financial, confidential or otherwise sensitive information, documentation or files pertaining to Defendants; and (3) any proprietary, financial, confidential, personnel or otherwise sensitive information,

including, but not limited to, documentation or files pertaining to any current or former clients, employees, consumers or vendors of Defendants. Any such designation must be made in good faith and with the belief that there is "good cause" under applicable law for protecting that information from public disclosure.

2. "Confidential And Protected Matter" shall be used solely for the purposes of this litigation and not for any other purpose, litigation or proceeding.

3. This Stipulation will extend to any document derived from a source other than a party to this action, if the document received from that source is identical to or a copy of a document provided by a party and designated as "Confidential and Protected Matter," except that Confidential and Protected Matter shall not include (1) any information which was lawfully and properly in the possession of any Party as of the commencement of this lawsuit, or (2) any information which is in the public domain.

4. Confidential and Protected Matter shall be labeled or otherwise designated "Confidential" or the equivalent. Any confidential designation that inadvertently is omitted subsequent to the entry of this Stipulation may be corrected by written notification to opposing counsel, provided, however, that no designation of Confidential and Protected Matter shall become effective unless there is placed or affixed on such matter an appropriate label or written notification is delivered.

5. If any party or counsel wishes to use or inquire into a Confidential and Protected Matter at any deposition, the portion of the deposition transcript that relates to the Confidential and Protected Matter will be designated and treated as a Confidential and Protected Matter and subject to the confidentiality/protective provisions herein.

6. Confidential and Protected Matter (including portions of deposition transcripts and interrogatory responses) or information derived therefrom may only be disclosed or made available by the party receiving such information to "Qualified Persons," who are defined to consist of:

   a. The Court;

   b. Plaintiff and Defendants;

   c. Counsel for the parties to this action and the legal, paralegal, clerical and secretarial staff employed by, or working for or with, such counsel;

   d. Deponents, witnesses and possible witnesses, including experts (whether or not retained to testify) utilized in connection with this action, if they sign and date an Affirmation in the form attached hereto as Exhibit "A";

   e. Court reporters; and

   f. Any other person(s) agreed to in writing by counsel for the parties.

7. (a) Documents containing Confidential and Protected Matter (including confidential portions of documents or transcripts) or any document that discloses the substance or content of Confidential and Protected Matter, used in connection with any motion, other written submission, hearing or trial in this action, shall be publicly filed with the Confidential and Protected Matter so designated by the Disclosing Party redacted, if possible, or, if redaction is not feasible (e.g., the entire document is designated Confidential), replaced by a placeholder explaining that the information is subject to this Protective Order. A complete version of the filing shall be provided to Chambers and to all Parties.

(b) Within sixty (60) days after the completion of this action, counsel for any party on whose behalf documents containing Confidential and Protected Matter were submitted will retrieve all the confidential documents he or she has submitted to or filed with the Court.

However, if counsel fails to remove such confidential documents after the expiration of this sixty (60) day period, the parties' reserve their respective rights to seek appropriate relief from the Court.

8.  Each non-lawyer given access to Confidential and Protected Matter or information pursuant to the terms of this Stipulation shall be advised that the Confidential and Protected Matter or information is being disclosed pursuant to and subject to the terms of this Stipulation and may not be disclosed other than pursuant to the terms hereof. With respect to Plaintiff, any information shared with him must be kept strictly confidential and he must be reminded about the obligations under this agreement as well as the confidentiality provisions in his employment agreement. Plaintiff's Counsel agrees to affirmatively advise Defense Counsel in writing before filing any Confidential and Protected Matter and shall request that the Court seal the material.

9.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Confidential and Protected Matter introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Entering into, agreeing to and/or complying with the terms of this Stipulation shall not prejudice in any way the right of a party at any time: (1) to seek a determination by the Court of whether any particular item or piece of information should be subject to the terms of this Stipulation; or (2) to seek relief on notice from any provisions of this Stipulation, either generally or as to any particular document or piece of information.

11. Whenever a party objects to the treatment of a document or a portion of a deposition transcript and/or interrogatory response as confidential, counsel for that party shall give such notification in writing to counsel for the party requesting confidential treatment. Within twenty (20) days of providing said notice, the party objecting to confidential treatment may apply to the Court for a ruling that the document or transcript shall not be treated as Confidential and Protected Matter pursuant to the terms of this Stipulation. The document or transcript shall be afforded Confidential and Protected treatment pursuant to the terms of this Stipulation until the Court rules on such application.

12. The parties reserve the right to seek guidance from the Court regarding the specification of appropriate safeguards concerning evidence at the trial or may do so by later agreement at or before the trial.

13. Upon the termination of this action following written request of counsel for the producing party, the receiving party shall return to counsel for the producing party documents containing the Confidential and Protected Matter provided by the producing party and all copies thereof, or the parties may agree upon appropriate methods of destruction, except each party's counsel shall be entitled to retain a counsel copy of the Confidential and Protected Matter for its files.

14. If Confidential and Protected Matter or information in the possession of a receiving party is subpoenaed or ordered to be produced by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena or require the production of such data or information, the party to whom the subpoena or order is directed shall not provide or otherwise disclose such documents or information without first notifying counsel for the producing party in writing of: (1) the information and documentation which is requested for

production in the subpoena or order; (2) the date on which compliance with the subpoena or order is requested; (3) the location at which compliance with the subpoena or order is requested; (4) the identity of the party or entity serving the subpoena or order; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or order has been issued.

15. This Stipulation is without prejudice to the right of any person or entity to seek a modification of this Stipulation at any time.

*Attorneys for Plaintiff*

BUCHALTER
655 W. Broadway, Suite 1625
San Diego, CA 92101

By: *[signature]*

Tracy A. Warren
Kathryn B. Fox

Dated:

*Attorneys for Defendant*

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017

By: *[signature]*

Michael A. Jakowsky
Lauren A. Parra

Dated:

*Attorneys for Plaintiff*

CALCAGNI & KANEFSKY LLP
85 Broad Street, Suite 17031
New York, New York 10004

By: *[signature]*

Lauren M. Paxton

Dated:

SO ORDERED THIS 9th DAY OF September, 2020.

_____
Hon. Jed S. Rakoff
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BRUCE HALLETT,

                              Plaintiff,

     -against-

STUART DEAN CO., INC., ADRIENE BAILEY, individually, THOMAS BROWN, individually, MARGARET CULLEN, individually, SCOTT DAY, individually, CHRIS DEGAN, individually, CATHLEEN DEGAN-NIKAS, individually, SCOTT HALSTEAD, individually, TIMOTHY SHEA, individually, and KRISTEN SCHORP, individually,

                              Defendants.
-------------------------------------------------------------x

Civ. No.: 1:20-cv-03881 (JSR)

## AGREEMENT TO BE BOUND BY STIPULATION OF CONFIDENTIALITY

I, _____, declare as follows:

1. I have read and am familiar with the terms of the Stipulation of Confidentiality ("Stipulation") in the above-captioned case governing disclosure of Confidential Information.

2. I have been instructed by counsel for _____ that any Confidential Information other than my own records shall be kept confidential and used only in the preparation of this matter for trial and any other pre-trial proceedings in this case and that I may not disclose, convey, publish, or duplicate any Confidential Information other than under the limited conditions permitted in the Stipulation.

3. I agree to abide by all the terms of the Stipulation and will not reveal or

otherwise communicate to anyone any Confidential Information disclosed to me pursuant thereto except in accordance with the terms of the Stipulation. I agree not to use any Confidential Information for any purpose other than the litigation of the above-captioned matter.

4.  I agree to return to producing counsel any and all documentation delivered to me under the terms of the Stipulation and all copies thereof and to destroy any notes in my possession containing any Confidential Information covered by the terms of this Stipulation.

5.  I acknowledge that the Stipulation is binding on me. I consent to the personal jurisdiction of the above-captioned Court for the purposes of determining whether I have complied with this Stipulation, and, if I have not complied, whether to impose sanctions and/or attorneys' fees and costs as the Court may, after notice and an opportunity to be heard, deem appropriate.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 202\_, at _____.

_____
Signature

_____
Printed Name

_____
Address

_____