```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
BRUCE HALLETT,                       :
            Plaintiff,               :
                                     :      20-cv-3881 (JSR)
     v.                              :
                                     :      ORDER
STUART DEAN CO., INC., et al.,       :
            Defendants.              :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

Now before the Court is plaintiff's letter motion (to be docketed) to quash a subpoena duces tecum served by defendants upon non-party State 23 Media, and to preclude the use in this action of any evidence produced by State 23 Media in response to that subpoena.

On the afternoon of Friday, September 18, 2020, defense counsel notified plaintiff's counsel that they would serve the subpoena upon State 23 Media, and they did so on Monday, September 21. Plaintiff objected on October 5, but State 23 complied with the subpoena, producing documents on October 6.

Plaintiff claims that he was not given adequate time to object prior to service, in violation of Federal Rule of Civil Procedure 45(a)(4). But all Rule 45(a)(4) requires is that "before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Defendants complied with the plain text of the Rule. Plaintiff argues that providing notice on a Friday and then serving the subpoena on a Monday was

-1-

a "sharp tactic" that did not give plaintiff enough time to respond, but he does not offer authority to show that this violated Rule 45(a)(4). Plaintiff relies exclusively upon distinguishable cases, in which a party served a subpoena on a non-party without any prior notice to the other parties. See Def'ts' Ltr. Opp., at 2 (to be docketed) (correctly distinguishing plaintiff's cited cases).

Plaintiff next argues that the subpoena seeks confidential information in order to harass him, but his confidentiality concerns are adequately addressed by the protective order, ECF No. 54.

Finally, plaintiff argues that the requested information is irrelevant and that the subpoena is overbroad. Defendants are likely correct that he does not have standing to raise these arguments, but the Court need not consider that issue because, in any event, the arguments lack merit.[1]

As to relevance, defendants point to the provision in the employment agreement that states that plaintiff "will not engage in any other business, profession or occupation for compensation or otherwise which would conflict or interfere with the rendition of . . . services [to Stuart Dean] either directly or indirectly,

---

[1] The Court does not need to rule upon the standing question first. Plaintiff has standing to bring this motion on at least one ground, Rule 45(a)(4), so whether he has standing to raise other arguments does not implicate the Court's subject matter jurisdiction.

without the prior written consent of the Board." Employment Agreement, ECF No. 1-1, ¶ 2(b). Defendants argue that the nature of plaintiff's relationship with State 23 Media is relevant to assessing whether he breached this provision of the agreement. The Court need not and does not at this stage pass upon the validity of any such defense; the Court merely assesses whether the requested information is relevant. The Court concludes that, although it may not be relevant to all the causes of action, the requested information is relevant, at least, to plaintiffs' breach-of-contract claims and defendants' corresponding defenses.

Finally, as to overbreadth, notwithstanding plaintiff's misleading quotations that omit limiting phrases, the Court finds that the subpoena was appropriately tailored to capture only relevant information. See Subpoena Duces Tecum, Pl. Ltr. Mot. Ex. A (to be docketed).

For the foregoing reasons, plaintiff's motion to quash the subpoena is denied.

SO ORDERED.

Dated:   New York, NY
        October 22, 2020                     JED S. RAKOFF, U.S.D.J.