UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

BRUCE HALLETT,

                              Plaintiff,

              -against-

STUART DEAN CO., INC., ADRIENE BAILEY, individually, THOMAS BROWN, individually, MARGARET CULLEN, individually, SCOTT DAY, individually, CHRIS DEGAN, individually, CATHLEEN DEGAN-NIKAS, individually, SCOTT HALSTEAD, individually, TIMOTHY SHEA, individually, and KRISTEN SCHORP, individually,

                              Defendants.

Civ. No.: 1:20-cv-03881 (JSR)

---------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**SERVED ON DECEMBER 29, 2020**

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Michael A. Jakowsky
Lauren A. Parra

ATTORNEYS FOR DEFENDANTS

**TABLE OF CONTENTS**

Page(s)

TABLE OF CONTENTS ................................................................................................................. i

PRELIMINARY STATEMENT .................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    POINT I ..................................................................................................................................... 1

        PLAINTIFF'S OPPOSITION BRIEF IS REPLETE WITH INACCURACIES ................ 1

        A.    Plaintiff Failed To Reassert His LTIP Claim ................................................................ 1

    POINT II .................................................................................................................................... 2

        PLAINTIFF FAILED TO OPPOSE CERTAIN ARGUMENTS MADE BY
        DEFENDANTS ..................................................................................................................... 2

    POINT III ................................................................................................................................... 3

        PLAINTIFF CANNOT CURE THE DEFICIENCIES OF COUNT TWO AND THREE 3

        A.    Plaintiff Cannot Demonstrate A Wage Entitlement To An LTIP. ............................... 3

        B.    Plaintiff Does Not Dispute His Failure to Achieve His Bonus Targets. ...................... 3

    POINT IV ................................................................................................................................... 4

        PLAINTIFF'S QUASI-CONTRACT AND TORT CLAIMS FAIL ................................ 4

        A.    Plaintiff Admits He Was Not Promised A Specific LTIP. ........................................... 4

        B.    Plaintiff's Quasi-Contract and Tort Claims Are Not Premised Upon An Independent
            Legal Duty. .................................................................................................................... 5

        C.    Even Assuming Plaintiff's Claims Remain, He Cannot Establish Damages ............... 6

        D.    Plaintiff Has Not Demonstrated Intent to Defraud. ....................................................... 6

        E.    Plaintiff Does Not Dispute That There Is No Fiduciary Duty In Employment
            Relationships. ................................................................................................................ 7

    POINT V .................................................................................................................................... 7

        PLAINTIFF WAS TERMINATED FOR CAUSE PURSUANT TO HIS
        EMPLOYMENT AGREEMENT ....................................................................................... 7

POINT VI ............................................................................................................................ 9

    PLAINTIFF'S EMPLOYMENT AGREEMENT IS ONLY SUBJECT TO ONE
    REASONABLE INTERPRETATION ............................................................................... 9

POINT VII ......................................................................................................................... 10

    PLAINTIFF DOES NOT CURE THE FAILURES OF HIS DEFAMATION CLAIM .. 10

    CONCLUSION .............................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Ashland Inc. v. Morgan Stanley & Co.,
  700 F. Supp. 2d 453 (S.D.N.Y. 2010) ................................................................................... 4

Boyle v. Petrie Stores Corp.,
  136 Misc. 2d 380 (Sup. Ct. 1985) ..................................................................................... 8, 9

Clark-Fitzpatrick, Inc. v. Long Island R.R.,
  70 N.Y.2d 382 (1987) ........................................................................................................... 3

Dailey v. Tofel, Berelson, Saxl & Partners,
  273 A.D.2d 341 (2d Dep't 2000) .......................................................................................... 5

eBusinessware, Inc. v. Tech. Servs. Grp. Wealth Mgmt. Sols., LLC,
  2009 U.S. Dist. LEXIS 122193 (S.D.N.Y. Dec. 29, 2009) .................................................. 7

Garza v. Marine Transp. Lines, Inc.,
  861 F.2d 23 (2d Cir. 1988) ................................................................................................... 9

Karmilowicz v. Hartford Fin. Servs. Grp., Inc.,
  494 Fed. App'x 153 (2d Cir. 2012) ...................................................................................... 3

Kwon v. Yun,
  606 F. Supp. 2d 344 (S.D.N.Y. 2009) .................................................................................. 7

Mendez v. Bank of Am. Home Loans Servicing, LP,
  840 F. Supp. 2d 639 (E.D.N.Y. 2012) .................................................................................. 5

Nichols v. Item Publishers, Inc.,
  309 N.Y. 596 (1956) ........................................................................................................... 10

Polonia v. Dunphy,
  2012 U.S. Dist. LEXIS 86623 (S.D.N.Y. June 21, 2012) .................................................... 1

Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy,
  449 F. App'x 57 (2d Cir. 2011) ........................................................................................ 5, 6

R.G. Grp., Inc. v. Horn & Hardart Co.,
  751 F.2d 69 (2d Cir. 1984) ................................................................................................... 4

Santiago v. Newburgh Enlarged City School Dist.,
  485 F. Supp. 2d 327 (S.D.N.Y. 2007) .............................................................................. 2, 7

Sea Trade Mar. Corp. v. Coutsodontis,
    744 F. App'x 721 (2d Cir. 2018) ...................................................................................7

Stewart v. Jackson & Nash,
    976 F.2d 86 (2d Cir. 1992)............................................................................................7

Tierney v. Capricorn Inv'rs, L.P.,
    189 A.D.2d 629 (1st Dep't 1993) ..................................................................................3

TWA v. Beaty,
    402 F. Supp. 652 (S.D.N.Y. 1975) ................................................................................8

Underdog Trucking, LLC v. Verizon Servs. Corp.,
    2010 U.S. Dist. LEXIS 72642 (S.D.N.Y. July 20, 2010) ..............................................5

Varughese v. Mount Sinai Med. Ctr.,
    2015 U.S. Dist. LEXIS 43758 (S.D.N.Y. Mar. 27, 2015) .............................................8

Welland v. Citicorp, Inc.,
    2003 U.S. Dist. LEXIS 22721 (S.D.N.Y. Dec. 17, 2003) .............................................8

William Kaufman Org., Ltd. v. Graham & James, LLP,
    269 A.D.2d 171 (1st Dep't 2000) ..................................................................................5

**Statutes**

N.Y. Labor Law §193 .............................................................................................................2, 3

N.Y. Labor Law § 198 ................................................................................................................3

N.Y. Labor Law § 215 ................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 56........................................................................................................................1

## PRELIMINARY STATEMENT

Corporate Defendant Stuart Dean Co., Inc. ("Stuart Dean" or the "Company"), and individually named Defendants, Adriene Bailey, Thomas Brown, Margaret Cullen, Scott Day, Chris Degan, Cathleen Degan-Nikas, Scott Halstead, Timothy Shea, and Kristen Schorp (together with Stuart Dean, the "Defendants") submit this Reply Memorandum of Law in further support of their motion for summary judgment under FRCP 56 seeking dismissal of the Amended Complaint ("Complaint") brought by Plaintiff Bruce Hallett ("Plaintiff" or "Mr. Hallett").[1] Plaintiff's opposition focuses on irrelevant and conclusory claims, trying to create some factual issue to prevent summary judgment. Despite Plaintiff's efforts, his papers fail to present genuine disputes of material fact. Defendants have established that they are entitled to judgment as a matter of law, and the Court should grant Defendants' Motion and dismiss Plaintiff's Complaint with prejudice.

## ARGUMENT

## POINT I

## PLAINTIFF'S OPPOSITION BRIEF IS REPLETE WITH INACCURACIES

### A.   Plaintiff Failed To Reassert His LTIP Claim

Plaintiff spends four (4) pages of his opposition trying to "clear up" an alleged misunderstanding about this Court's August 25, 2020 Order on Defendants' Motion to Dismiss. See Opp. Brief at pgs. 2-5; DSOF at ¶ 324. Critically, however, Plaintiff's arguments do not concern a currently pleaded Cause of Action, and, in fact, misrepresent Plaintiff's attempts to "address this latent unresolved issue". Id. On August 25, 2020, this Court dismissed Plaintiff's breach of contract claim concerning the LTIP. DSOF at ¶¶ 324, 325. Plaintiff did not move to amend the complaint either in response to Defendants' motion

---

[1] Plaintiff's Opposition begins with a patently inaccurate statement – that this Court must address Defendants' motion as an "all-or-nothing request for summary judgment". See Plaintiff's Opposition Brief ("Opp. Brief") at pg. 1. Federal Rule of Civil Procedure 56(a) explicitly recognizes that summary judgment may be sought in whole or in part. See Fed. R. Civ. P. 56(a); Polonia v. Dunphy, 2012 U.S. Dist. LEXIS 86623, n.1 (S.D.N.Y. June 21, 2012). Defendants' motion distinctly addresses each Causes of Action. This Court has the authority to grant Defendants' motion in whole or in part. See Fed. R. Civ. P. 56(a); Polonia, 2012 U.S. Dist. LEXIS 86623, at n.1.

1

to dismiss or this Court's Dismissal Order. Despite Plaintiff's claim that leave to amend his pleadings "has been consistently denied" by this Court, Plaintiff only sought leave to amend on two occasions. Plaintiff's first request, which occurred after extensive discovery, was granted by this Court on October 15, 2020. Plaintiff thus filed an Amended Complaint on October 23, 2020. DSOF at ¶ 330. Noticeably absent from the Amended Complaint was any breach of contract claim for failure to pay an LTIP (regardless of the theory it was based upon). DSOF at ¶ 331. Plaintiff did add back in three claims that were previously dismissed by this Court (NYLL § 193 for failure to pay an LTIP, retaliation under NYLL § 215, and defamation), and asserted two new claims (quantum meruit-unjust enrichment and breach of fiduciary duty). DSOF at ¶ 330. Plaintiff did not seek further leave to amend until December 11, 2020, over a week after the instant motion was filed and nearly a month after the close of discovery. This Court denied that request. Plaintiff's failure to include an actual claim for breach of contract for an LTIP (regardless of the theory behind it) is fatal to claims arising from that alleged breach of contract.

## POINT II
## PLAINTIFF FAILED TO OPPOSE CERTAIN ARGUMENTS MADE BY DEFENDANTS

A federal court may deem a claim abandoned when a party moves for summary judgment on one ground and the opposing party fails to address the argument in any manner. See, e.g., Santiago v. Newburgh Enlarged City School Dist., 485 F. Supp. 2d 327, 338 (S.D.N.Y. 2007) (collecting cases). First, Defendants moved for summary judgment on Count Four of Plaintiff's Amended Complaint, retaliation under NYLL § 215. Plaintiff's opposition brief fails to respond, in any manner, to Defendants' application to dismiss this claim. Id. Next, Defendants argue Plaintiff's quasi-contract and tort claims (Counts Five through Nine, and Eleven) fail as a matter of law under the Statute of Frauds. Once again, Plaintiff's opposition brief wholly fails to address, let alone rebut, this argument. Accordingly, this Court should grant summary judgment in favor of Defendant with respect to these claims. Id.

## POINT III

## PLAINTIFF CANNOT CURE THE DEFICIENCIES OF COUNT TWO AND THREE

**A.    Plaintiff Cannot Demonstrate A Wage Entitlement To An LTIP.**

Plaintiff can neither assert a wage claim nor demonstrate a right to recover damages for a purported LTIP under New York Labor Law ("NYLL") §§ 193 and 198 absent a contractual entitlement to such unique incentive compensation. See Karmilowicz v. Hartford Fin. Servs. Grp., Inc., 494 Fed. App'x 153, 158 (2d Cir. 2012). As outlined supra, Plaintiff's Amended Complaint does not assert a breach of contract claim for an LTIP. DSOF at ¶¶ 330-331. Absent a contractual entitlement, Plaintiff's wage-claim for an LTIP fails as a matter of law. See Karmilowicz, 494 Fed. App'x at 158. Plaintiff seeks to overcome this failure by arguing his "allegations about Defendants' bad-faith breaches of his contract concerning the establishment of the LTIP are incorporated in the New York Labor Law causes of action". See Opp. Brief at pgs. 5-6. Again, there is no contractual claim asserted for an LTIP so it cannot be assumed into a NYLL claim. Plaintiff also contends he can support his NYLL claim by "resting upon alternative theories" of fraudulent inducement and negligent misrepresentation. See Opp. Brief at pg. 6-7. However, by their very nature these alternative theories can only stand in the absence of a contractual entitlement. See, e.g., Tierney v. Capricorn Inv'rs, L.P., 189 A.D.2d 629, 632 (1st Dep't 1993) (fraudulent inducement); Clark-Fitzpatrick, Inc. v. Long Island R.R., 70 N.Y.2d 382, 389 (1987) (negligent misrepresentation). Thus, by relying on these theories to support his NYLL claim, Plaintiff admits he has no contractual right to the LTIP. This admission is fatal to his claim. Accordingly, Count Three of Plaintiff's Complaint with respect to the LTIP must be dismissed with prejudice.

**B.    Plaintiff Does Not Dispute His Failure to Achieve His Bonus Targets.**

Plaintiff argues Counts Two and Three of his Amended Complaint survive with respect to the annual bonus because the bonus was non-discretionary. To support this argument, Plaintiff makes the conclusory and unsubstantiated claim that the bonus was "integral" to his compensation and "earned at the time of his termination". See Opp. Brief at pg. 8. However, this argument overlooks Plaintiff's admitted understanding that bonuses to senior executives ████████████

3

███ DSOF at ¶¶ 66, 67. Even assuming *arguendo* the bonus was non-discretionary, by Plaintiff's admission ████████████████████████████████████. DSOF at ¶ 64. Namely, when annual targets are not achieved. DSOF at ¶ 71. Plaintiff's opposition brief states this point best: "whether targets are achieved is not a debatable or discretionary issue". See Opp. Brief at pg. 10. Plaintiff readily admits he failed to achieve his annual targets. DSOF at ¶ 117. In fact, Plaintiff's end of year self-assessment clearly states that he failed to achieve his net income and revenue targets. DSOF at ¶¶ 116, 119. It thus follows that Plaintiff was not entitled to payout of any bonus because he failed to satisfy these targets. DSOF at ¶ 71. Accordingly, Counts Two and Three of the Complaint should be dismissed with prejudice.

## POINT IV
## PLAINTIFF'S QUASI-CONTRACT AND TORT CLAIMS FAIL

### A.   Plaintiff Admits He Was Not Promised A Specific LTIP.

In opposing Defendants' arguments against the quasi-contract and tort claims, Plaintiff ultimately proves Defendants point. Plaintiff's initial contention was that he relied upon a promise from non-party Michael Degan that Plaintiff would be entitled to an LTIP as CEO. DSOF at ¶ 53. Defendants' argued that reliance on this claim was unreasonable because it was superseded by the terms of Plaintiff's Employment Agreement, which only contained an agreement to engage in future discussions regarding a potential LTIP. DSOF at ¶¶ 54, 56, 80-81. Plaintiff now admits that he "may not have been promised a specific LTIP". See Opp. Brief at pg. 12. Plaintiff also agrees that the only promise upon which he could reasonably rely was the promise contained within the Employment Agreement that the parties would engage in future discussions regarding a potential LTIP (essentially an agreement to agree). DSOF at ¶¶ 80-84, 326-327.

Plaintiff's admission also proves Defendants' argument that it would be unreasonable for Plaintiff to expect any specific terms and/or amount of payout for a complicated document like an LTIP based solely on an agreement to agree. See Ashland Inc. v. Morgan Stanley & Co., 700 F. Supp. 2d 453, 472 (S.D.N.Y. 2010); R.G. Grp., Inc. v. Horn & Hardart Co., 751 F.2d 69, 71 (2d Cir. 1984) ("when

4

experienced businessmen and lawyers are told explicitly and clearly that a major and complex agreement will be binding only when put in writing, then they should be rather cautious about assuming anything different."). Consequently, Plaintiff's promissory estoppel and negligent misrepresentation claims must fail.

### B. Plaintiff's Quasi-Contract and Tort Claims Are Not Premised Upon An Independent Legal Duty.

Plaintiff attempts to salvage his dismissed breach of contract claim for an LITP by arguing that an alleged failure to negotiate an LTIP could support his quasi-contract and tort claims. See Opp. Brief at pgs. 2-7, 16, 19, and 21. Plaintiff argues "these violations are the heart of [his] case." Id. at pg. 6. Plaintiff also claims "the oral promises upon which [he] justifiably relied *do not contradict* the Employment Agreement". Id. at pg. 12 (emphasis added). Plaintiff once again bolsters Defendants' argument. Plaintiff's quasi-contract and tort claims fail as a matter of law because, by Plaintiff's own repeated admission, they are premised on the same alleged failures as Plaintiff's would-be breach of contract claim. See, e.g., Underdog Trucking, LLC v. Verizon Servs. Corp., 2010 U.S. Dist. LEXIS 72642, at *18 (S.D.N.Y. July 20, 2010) (dismissing promissory estoppel claim as duplicative ); Mendez v. Bank of Am. Home Loans Servicing, LP, 840 F. Supp. 2d 639, 652 (E.D.N.Y. 2012) dismissing breach of the implied covenant of good faith and fair dealing as duplicative); Dailey v. Tofel, Berelson, Saxl & Partners, 273 A.D.2d 341 (2d Dep't 2000) (dismissing fraud claim as duplicative); William Kaufman Org., Ltd. v. Graham & James, LLP, 269 A.D.2d 171, 173 (1st Dep't 2000) (dismissing negligent misrepresentation as duplicative).

The fact that Plaintiff does not have a cognizable breach of contract claim does not make these claims viable, particularly where Plaintiff admits these are essentially the same claims but under different titles. See Opp. Brief at pg. 5, Point I; see Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy, 449 F. App'x 57, 59 (2d Cir. 2011) ("Under New York law, when a valid agreement governs the subject matter of a dispute between parties, claims arising from that dispute are contractual; attempts to

5

repackage them as sounding in fraud, conversion, and other torts, as well as unjust enrichment, implied and quasi contract, and quantum meruit, are generally precluded, unless based on a duty independent of the contract.") Clearly, Counts Five, Six, Seven, Eight, and Eleven fail as a matter of law and must be dismissed with prejudice.

        C.      **<u>Even Assuming Plaintiff's Claims Remain, He Cannot Establish Damages.</u>**

Even assuming *arguendo* Plaintiff's quasi-contract and tort claims survived, he would still be unable to demonstrate any injury or damages arising from these claims. In his opposition, Plaintiff readily and repeatedly admits that he expected to receive an LTIP similar to, "if not [] the exact same terms" as, the LTIP provided to former Stuart Dean CEO Mark Parrish. See Opp. Brief at pgs. 13, 14, 17, and 18; DSOF ¶¶ 85-86. Under the terms of Mr. Parrish's LTIP, any such LTIP award would be forfeited if the CEO resigned or was terminated with or without cause. DSOF at ¶ 37. Thus, even if Plaintiff received the Parrish LTIP *as expected*, he would not have been entitled to payout of the LTIP upon his termination. Id.

        D.      **<u>Plaintiff Has Not Demonstrated Intent to Defraud.</u>**

Plaintiff argues that intent to defraud may be shown by circumstantial evidence. See Opp. Brief at pg. 17. Plaintiff nevertheless fails to provide *any* evidence of an intent to defraud. Even Plaintiff's citations to his Counterstatement of Undisputed Facts refer to evidence wholly unrelated to Defendants' actions or intent concerning the LTIP negotiations. Plaintiff argues that Defendants did not seek input from prior CEO Mark Parrish when implementing Parrish's LTIP. Id. at pg. 13. Plaintiff, however, misses a clear distinction between his employment agreement and the Parrish agreement; the LTIP provision in Plaintiff's employment agreement clearly stated the LTIP must be ▇▇▇▇▇▇▇▇ upon. DSOF at ¶ 80. No such language exists in the Parrish employment agreement. Id. at ¶ 27. Plaintiff is effectively using Defendants' attempts to obtain mutual agreement as evidence of fraud and other wrongdoing. Clearly, no evidence exists that Defendants intended to defraud Plaintiff. For this reason, Count Seven of Plaintiff's Complaint must fail.

6

### E.     Plaintiff Does Not Dispute That There Is No Fiduciary Duty In Employment Relationships.

A critical element of Plaintiff's negligent misrepresent claim, as well as his claim for breach of the fiduciary duty, is the existence of a special, fiduciary relationship. See, e.g., Stewart v. Jackson & Nash, 976 F.2d 86, 90 (2d Cir. 1992); Sea Trade Mar. Corp. v. Coutsodontis, 744 F. App'x 721, 725 (2d Cir. 2018). Plaintiff's opposition fails to address, let alone dispute, the nonexistence of a fiduciary duty in this case. With regard to his negligent misrepresentation claim, Plaintiff's opposition is completely silent on Defendants' argument that "'[t]he employer-employee relationship is not fiduciary in nature.'" Kwon v. Yun, 606 F. Supp. 2d 344, 369 (S.D.N.Y. 2009) (internal citation omitted). Plaintiff's failure to oppose this argument is a clear waiver of this claim. See Santiago, 485 F. Supp. 2d at 338. Concerning the breach of fiduciary duty claim, Plaintiff argues that officers and directors owe a fiduciary duty to the corporation and its shareholders. See Opp. Brief at pg. 20. Plaintiff's argument fails to dispute and/or address Defendants' argument that no such duty exists between a Board of Directors and a CEO of the company. See eBusinessware, Inc. v. Tech. Servs. Grp. Wealth Mgmt. Sols., LLC, 2009 U.S. Dist. LEXIS 122193, at *21 (S.D.N.Y. Dec. 29, 2009) (dismissing fiduciary duty claim brought by company executive against member of Board of Directors because no fiduciary duty exists in employer-employee relationship). Plaintiff's failure to address this argument is once again a clear waiver of this claim. See Santiago, 485 F. Supp. 2d at 338. Accordingly, Counts Eight and Nine should be deemed waived, and dismissed with prejudice.

## POINT V

## PLAINTIFF WAS TERMINATED FOR CAUSE PURSUANT TO HIS EMPLOYMENT AGREEMENT

Plaintiff spends the majority of his opposition focusing on his termination and Defendants' alleged failure to cite to case law defining the term "dishonesty". See Opp. Brief at pgs. 23-32. Plaintiff's argument fundamentally misunderstands the question before this Court. The question is not whether Defendants properly interpreted the term "dishonesty", nor whether Plaintiff's behavior rose to the level

of dishonesty. In fact, the question of whether Plaintiff's behavior constituted cause for termination lies solely with Stuart Dean. See Varughese v. Mount Sinai Med. Ctr., 2015 U.S. Dist. LEXIS 43758, at *186 (S.D.N.Y. Mar. 27, 2015) (granting summary judgment and finding no breach of an employment contract where the employer, "not a jury, ha[d] the right to decide which behavior…constitute[s] cause for termination."). Under New York law, courts apply a very narrow scope of review to an employer's decision to terminate an employee "for cause", reviewing the decision only to determine if it was arbitrary and capricious. See Welland v. Citicorp, Inc., 2003 U.S. Dist. LEXIS 22721, at *42-43 (S.D.N.Y. Dec. 17, 2003) (citing TWA v. Beaty, 402 F. Supp. 652, 658 (S.D.N.Y. 1975) aff'd without op., 542 F.2d 1165 (2d Cir. 1995)). Here, Plaintiff does not allege that Defendants' decision to terminate was arbitrary and capricious.

Even the single case cited by Plaintiff is easily distinguishable. In Boyle v. Petrie Stores Corp., a board of directors acceded to the demands of the chairman of the board to formalize the termination of the plaintiff-CEO who, the chairman alleged, was "insubordinate, demoralizing and rude". Boyle v. Petrie Stores Corp., 136 Misc. 2d 380, 385 (Sup. Ct. 1985). In formalizing the CEO's unilateral decision, the Board never discussed the terms of the plaintiff's employment agreement which outlined the ways in which plaintiff's employment could end. Id. The employment agreement defined "just cause" to include "(1) willful misconduct in following the legitimate directions of the board of directors; . . . [and] (5) dishonesty." Id. at 386. Critically, under the terms of the agreement, discharge for insubordination, rudeness, or demoralization did not constitute discharge for just cause, but rather fell into a separate category of "termination for other reasons". Id. The Court noted that "[t]his makes a substantial difference in the employee's rights, since if the termination is not for just cause, the agreement spells out the rights of the employee as to stock shares and money payments". Id. Thus, the question before the Court was whether the reasons given for plaintiff's termination fell into the "just cause" or "other reasons" category. Id. at 390.

While Plaintiff spends a great deal of time focusing on the allegedly wavering reasons for his termination, he once again misconstrues the pertinent facts and timeline. Defendants originally intended to terminate Plaintiff without cause after the Director of Human Resources resigned and shared concerns about Plaintiff during her Exit Interview. DSOF at ¶¶ 289-294. When communicating this to Plaintiff, Defendants learned Plaintiff had a ██████████ for the Company and had defied explicit instructions from the Board to ████████████████████████████████████████████████. DSOF at ¶¶ 262, 309. With these admissions directly from Plaintiff, Defendants thus voted to terminate Plaintiff *with* cause. DSOF at ¶¶ 240-288, 309, 315. Even assuming this Court needed to apply Plaintiff's interpretation of the "dishonesty" provision, Plaintiff's behavior would fall squarely within that definition. As stated in Plaintiff's opposition: "secrecy and concealment are the hallmarks of dishonesty". See Opp. Brief at pg. 26 (citing Boyle, 136 Misc. 2d at 389). Accordingly, Count One of Plaintiff's Complaint should be dismissed with prejudice.

## POINT VI

## PLAINTIFF'S EMPLOYMENT AGREEMENT IS ONLY SUBJECT TO ONE REASONABLE INTERPRETATION

Plaintiff seeks to avoid summary judgment by claiming his Employment Agreement, and more specifically the phrase "Accrued Rights", is subject to multiple interpretations. See Opp. Brief at pg. 33. Plaintiff's argument misses a key piece of the analysis. Only when contractual language is susceptible to "two fairly *reasonable* interpretations" does a triable issue of fact exist. Garza v. Marine Transp. Lines, Inc., 861 F.2d 23, 26 (2d Cir. 1988) (emphasis added). Plaintiff claims, without factual or legal support, that the phrase Accrued Rights is a "catch-all" definition of employee benefits that covers all benefits provided by the Company, including "its Long Term Incentive Plan and Annual Bonus". See Opp. Brief at pg. 33. The argument is without basis as Annual Bonus, LTIP and Employee Benefits are all independently enumerated standalone paragraphs and separately defined terms. DSOF at ¶¶ 61, 79, 98. Clearly, Plaintiff is once again trying to resurrect his failed claims and recover monies

9

he is not otherwise entitled to under the Employment Agreement. Here, there is no dispute that upon termination with or without cause, Plaintiff's recovery is limited to the compensation specifically identified in Sections 10(a)(iii) or 10(c)(iii) of the Employment Agreement respectively. DSOF at ¶¶ 98-99, 101-102. All other compensation that may be due under the Employment Agreement is waived. Id. For all the reasons previously articulated, Plaintiff had no contractual entitlement to a bonus or LTIP, and he was not actually due payout of those monies. It thus follows that payment of such monies does not constitute an "Accrued Right", and it would be unreasonable to suggest otherwise.

## POINT VII

## PLAINTIFF DOES NOT CURE THE FAILURES OF HIS DEFAMATION CLAIM

In opposing Defendants' argument against Plaintiff's defamation claim, Plaintiff does not dispute Defendants' legal premise. In fact, Plaintiff agrees that a statement that an employee was terminated "carries no imputation of dishonesty or lack of professional capacity. It is only when the publication contains an insinuation that the dismissal was for some misconduct that it becomes defamatory". Nichols v. Item Publishers, Inc., 309 N.Y. 596, 601 (1956). Plaintiff argues that because the letter stated Plaintiff ███████, it automatically insinuated that he was fired for misconduct. See Opp. Brief at pg. 22. Plaintiff fails to provide any legal or factual support for this unreasonable conclusion. Instead, Plaintiff's argument continues along the same theme woven throughout the entire opposition brief: "There must be a remedy for a party so wronged." See Opp. Brief at pg. 5. Plaintiff's defamation claim fails as a matter of law, and Defendants' motion for summary judgment dismissing Count Ten should be granted.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court: (1) grant Defendants' Motion for Summary Judgment and dismiss the Amended Complaint with prejudice; and, (2) award Defendants such other further relief as the Court may deem just and proper.

Dated: New York, New York
December 29, 2020

                              Respectfully submitted,

                              JACKSON LEWIS P.C.
                              666 Third Avenue
                              New York, New York 10017
                              (212) 545-4000

                              By: */s/ Michael A. Jakowsky*
                                      Michael A. Jakowsky
                                      Lauren A. Parra