**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

BRUCE HALLETT,

                             Plaintiff,

             -against-

STUART DEAN CO., INC., ADRIENE
BAILEY, individually, THOMAS BROWN,
individually, MARGARET CULLEN,
individually, SCOTT DAY, individually,
CHRIS DEGAN, individually, CATHLEEN
DEGAN-NIKAS, individually, SCOTT
HALSTEAD, individually, TIMOTHY
SHEA, individually, and KRISTEN
SCHORP, individually,

                          Defendants.

Civ. No.: 1:20-cv-03881 (JSR)

-------------------------------------------------------------------X

## DEFENDANTS' REPLY TO PLAINTIFF'S COUNTERSTATEMENT TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF BRUCE HALLETT'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO LOCAL RULE 56.1 AND ADDITIONAL STATEMENT OF FACTS IN SUPPORT OF OPPOSITION

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Michael A. Jakowsky
Lauren A. Parra

ATTORNEYS FOR DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 of the United States District Court for the Southern and Eastern Districts of New York, Corporate Defendant Stuart Dean Co., Inc. ("Stuart Dean" or the "Company"), and individually named Defendants, Adriene Bailey, Thomas Brown, Margaret Cullen, Scott Day, Chris Degan, Cathleen Degan-Nikas, Scott Halstead, Timothy Shea, and Kristen Schorp (together with Stuart Dean, the "Defendants"), by their undersigned attorneys, respectfully submit this Reply to Plaintiff's Counterstatement to Defendant's Statement and Undisputed Facts and Additional Statement of Facts in further support of Defendants' Motion for Summary Judgment.[1]

## INTRODUCTORY STATEMENT FOR REBUTTAL

Defendants' submitted 350 enumerated, narrow statements of fact, which are each supported by pinpoint record citations. Plaintiff's counter-statements, in opposition, in large part do not go directly to the enumerated fact presented by Defendants, but rather focus on unrelated extraneous facts and arguments, which do not create any factual dispute concerning Defendants' initial statements of fact. Plaintiff habitually uses the terms "disputed" in response to the statements of fact, and then provides narrative and citations that do not actually controvert Defendants' statement of fact.

Plaintiff also submits an 83-page document objecting to every Exhibit referenced in Defendants' Statement of Uncontested Facts, including Plaintiff's own Complaint, documents attached to Plaintiff's Complaint, documents produced by Plaintiff during discovery, and even documents Plaintiff deemed authentic during the depositions conducted in this matter. <u>See</u>

---

[1]   The facts herein are assumed true for the purpose of Defendants' Motion for Summary Judgment only.

Plaintiff's Evidentiary Objections to the Declaration of Michael A. Jakowsky and Exhibits in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Evidentiary Objections").

A district court deciding a summary judgment motion has broad discretion in choosing whether to admit evidence. Scotto v. Brady, 410 Fed. Appx. 355, 361 (2d Cir. 2010). Rule 901(a) of the Federal Rules of Evidence, which governs authentication, requires parties to provide "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). The rule is satisfied "if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." United States v. Ruggiero, 928 F.2d 1289, 1303 (2d Cir. 2001) (internal quotation marks omitted). Critically, the process of discovery provides an implicit guarantee of authenticity. See John Paul Mitchell Systems v. Quality King Distributors, Inc., 106 F. Supp. 2d 462, 472 (S.D.N.Y. 2000). As such, Defendants' Exhibits constitute admissible evidence for this Motion and such evidence may be appropriately considered by this Court in its analysis of the pending motion.

## DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

I.   **PLAINTIFF'S BACKGROUND AS A SOPHISTICATED AND EXPERIENCED CAREER EXECUTIVE**

1.    Plaintiff attended college at Princeton University where he majored in English. (Pl. Dep. 13:16-25.)

**Response**: Undisputed.

2.    Plaintiff then received MBA in Finance and Marketing from Columbia University. (Pl. Dep. 14:6-16.)

**Response**: Undisputed.

3.      Prior to his employment with Stuart Dean, Plaintiff served as President of Time Magazine from 1995 to 2002. (See Exhibit G to the Declaration of Michael A. Jakowsky, Esq., dated November 20, 2020 ("Jakowsky Decl.") at ¶ 25.)

**Response**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); see also Holtz v. Rockefeller & Co., 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties.").

**Reply**: Defendants' Paragraph No. 3 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule") Local Rule 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 3. Moreover, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 3 admitted for purposes of this motion.

4.      Plaintiff then served as President of Sports Illustrated from 2002 to 2004. (See Exhibit G to Jakowsky Decl. ¶ 25.)

**Response**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); see also Holtz v. Rockefeller & Co., 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary

judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties.").

       **Reply**: Defendants' Paragraph No. 4 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 4. Moreover, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 4 admitted for purposes of this motion.

     5.      As President of Sports Illustrated, Plaintiff was compensated by a combination of salary, bonus, and a long-term incentive plan ("LTIP".) (Pl. Dep. 39:23-25.)

     **Response**: Undisputed as to Plaintiff's employment agreement with Sports Illustrated from 2002-2004.

       **Reply:** Defendants' Paragraph No. 5 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff does not deny the accuracy of Defendants' Paragraph No. 5. As such, the Court should deem Defendants' Paragraph No. 5 admitted for purposes of this motion.

     6.      Plaintiff had an Employment Agreement that specified this compensation. (Pl. Dep. 40:1-11, 41:2-17.)

     **Response**: Undisputed as to Plaintiff's employment agreement with Sports Illustrated from 2002-2004.

       **Reply:** Defendants' Paragraph No. 6 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rule 56.1(c) and 56.1(d). Plaintiff does not deny the accuracy of Defendants' Paragraph No. 6. As such, the Court should deem Defendants' Paragraph No. 6 admitted for purposes of this motion.

7.     Pursuant to Plaintiff's Employment Agreement, he was eligible to receive a bonus based on achieving certain performance targets and metrics of the business. (Pl. Dep. 40:11-16.)

**Response**: Undisputed as to Plaintiff's employment agreement with Sports Illustrated from 2002-2004.

**Reply:** Defendants' Paragraph No. 7 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff does not deny the accuracy of Defendants' Paragraph No. 7. As such, the Court should deem Defendants' Paragraph No. 7 admitted for purposes of this motion.

8.     Plaintiff's LTIP specifically outlined the incentive opportunity. (Pl. Dep. 43:21-24.)

**Response**: Undisputed as to Plaintiff's employment agreement with Sports Illustrated from 2002-2004.

**Reply:** Defendants' Paragraph No. 8 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff does not deny the accuracy of Defendants' Paragraph No. 8. As such, the Court should deem Defendants' Paragraph No. 8 admitted for purposes of this motion.

9.     The LTIP was ███████████ detailed in a plan document. (Pl. Dep. 43:21-24.)

**Response**: Undisputed as to Plaintiff's employment agreement with Sports Illustrated from 2002-2004.

**Reply:** Defendants' Paragraph No. 9 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff does not deny the accuracy of Defendants' Paragraph No. 9. As such, the Court should deem Defendants' Paragraph No. 9 admitted for purposes of this motion.

10.     The LTIP provided for future growth over a three (3) year period. (Pl. Dep. 43:25-44:3.)

**Response**: Undisputed as to Plaintiff's employment agreement with Sports Illustrated from 2002-2004.

**Reply:** Defendants' Paragraph No. 10 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules Local Rule 56.1(c) and 56.1(d). Plaintiff does not deny the accuracy of Defendants' Paragraph No. 10. As such, the Court should deem Defendants' Paragraph No. 10 admitted for purposes of this motion.

11.     Under that LTIP, Plaintiff received certain remuneration.  (Pl. Dep. 44:4-9, 46:25-47:4.)

**Response**: Undisputed as to Plaintiff's employment agreement with Sports Illustrated from 2002-2004.

**Reply:** Defendants' Paragraph No. 11 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff does not deny the accuracy of Defendants' Paragraph No. 11.  As such, the Court should deem Defendants' Paragraph No. 11 admitted for purposes of this motion.

12.     Payment under the LTIP was triggered, based on performance, after a three (3) year vesting period. (Pl. Dep. 46:10-24, 50:3-11.)

**Response**: Undisputed as to Plaintiff's employment agreement with Sports Illustrated from 2002-2004.

**Reply:** Defendants' Paragraph No. 12 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff does not deny the accuracy of Defendants' Paragraph No. 12.  As such, the Court should deem Defendants' Paragraph No. 12 admitted for purposes of this motion.

13.     Plaintiff also served as managing director of Time, Inc. Magazines Pty., Ltd. (See Exhibit G to Jakowsky Decl. ¶ 25.)

**Response**: Disputed. This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; See Brown v. City of New York, 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of its contents in a 56.1 Statement."); Edelhertz v. City of Middletown, 943 F. Supp. 2d 388, 390 n.2 (S.D.N.Y. 2012); see also Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement).

Additional Material Fact: Plaintiff worked at Time, Inc. from 1980 to 2004.

Citation to Evidence: (Declaration of Tracy A. Warren, ("Warren Decl."), ¶59, **Pl. Depo**. 44:24:-45:6.)

**Reply**: Defendants' Paragraph No. 13 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 13. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 13. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 13 admitted for purposes of this motion.

14.     Plaintiff then served as a consultant to a variety of companies, including Institutional Investor, News Corp and Veria. (See Exhibit G to Jakowsky Decl. ¶ 25.)

**Response**: Disputed. This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; See Brown v. City of New York, 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As

an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of its contents in a 56.1 Statement."); Edelhertz v. City of Middletown, 943 F. Supp. 2d 388, 390 n.2 (S.D.N.Y. 2012); see also Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement).

**Additional  Material Fact:** Before Plaintiff worked at Murdoch Books, and before he was the president of MyPublisher, he did some consulting work with Institutional Investor Magazine and a company called Voria. (Warren Decl., ¶59, **Pl. Depo.** 35:14-24.)

**Reply**: Defendants' Paragraph No. 14 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 14. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 14. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 14 admitted for purposes of this motion.

15.    Additionally, Plaintiff served as CEO of Murdoch Books, was President of MyPublisher, an Internet-based photo book publisher based in New York, and served as Publisher at Playbill magazine. (See Exhibit G to Jakowsky Decl. ¶ 25.)

**Response**: Disputed. This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; See Brown v. City of New York, 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of its contents in a 56.1 Statement."); Edelhertz v. City of Middletown, 943 F. Supp. 2d 388, 390 n.2 (S.D.N.Y. 2012); see also Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement).

**Additional Material Fact:** Plaintiff was a publisher at Playbill. He was the CEO of Murdoch Books. He was the president of MyPublisher. (Warren Decl., ¶59, **Pl. Depo.** 30:6-8, 35:14-24 and 35:25-36:6.)

   **Reply**: Defendants' Paragraph No. 15 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 15. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 15. In addition, Plaintiff's additional facts confirm Defendants' initial statement of fact in Paragraph No. 15. As such, the Court should deem Defendants' Paragraph No. 15 admitted for purposes of this motion.

16.  Plaintiff retired from his position at Playbill in January 2016. (Pl. Dep. 29:19-30:2.)

**Response**: Disputed.

**Additional Material Fact.** Mr. Hallett was the Publisher of Playbill and made the election to depart the company after he determined it was not satisfying or that he was growing professionally. (Warren Decl., ¶59, **Pl. Depo.** 31:2-19.)

   **Reply**: Defendants' Paragraph No. 16 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). The additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 16; namely, that Plaintiff departed from Playbill in January 2016. When asked where he was employed prior to becoming the CEO of Stuart Dean, Plaintiff responded: ███████████████████████████████ (Pl. Dep. 29:16-20.) When asked how long he had been in retirement prior to becoming CEO of Stuart Dean, Plaintiff responded: ███████████ ████████████████████████████████████████████████████

███████ (Pl. Dep. 29:21-30:2.)   As such, the Court should deem Defendants' Paragraph No. 16 admitted for purposes of this motion.

## II. PLAINTIFF'S TENURE AS A MEMBER OF THE STUART DEAN BOARD OF DIRECTORS

17.     Plaintiff joined Stuart Dean as a member of the Board of Directors (the "Board") in 2011. (See Exhibit G to Jakowsky Decl. ¶ 26.)

**Response**: Disputed. This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; See Brown v. City of New York, 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of its contents in a 56.1 Statement."); Edelhertz v. City of Middletown, 943 F. Supp. 2d 388, 390 n.2 (S.D.N.Y. 2012); see also Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement).

**Additional Material Fact**: Prior to becoming Stuart Dean CEO in March 2018, Plaintiff went on the Stuart Dean board of directors in either 2011 or maybe 2012. (Warren Decl., ¶59, **Pl. Depo.** 57:21-25, 58:1-3, 138:4-9.)

**Reply**: Defendants' Paragraph No. 17 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 17. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 17; namely that Plaintiff was a member of Stuart Dean's Board of Directors for multiple years before he became CEO. Whether Plaintiff commenced his tenure on the Board of Directors in either 2011 or 2012 is not material to the

motion.  As such, the Court should deem Defendants' Paragraph No. 17 admitted for purposes of this motion.

18.     During his tenure as a Board Member, Plaintiff served on the Board's Compensation Committee. (Pl. Dep. 80:2-4.)

**Response**: Disputed.

**Additional Material Fact:** Plaintiff was the CEO & President of Stuart Dean and a voting member of the Board from 2018 to 2020. He did not serve on the Stuart Dean Compensation Committee from 2018 to 2020 while a voting member of the board. (Warren Decl., ¶7, Plaintiff's Employment Agreement, Par. 2(c) D000018-D000032 at D000018 Hallett EA; Warren Decl., ¶59, **Pl. Depo.** 72:9-73:7; Warren Decl., ¶38, D00013 BOD Committees;  Warren Decl., ¶39, D00014 BOD Committees.)

**Reply**: Defendants' Paragraph No. 18 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 18.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 18.  Plaintiff admitted he served on the Board's Compensation Committee prior to becoming CEO (Pl. Dep 80:2-4).  Plaintiff attempts to create an issue of fact by disputing that he did not serve on the Board's Compensation Committee while he was CEO.  Defendants do not dispute that he did not serve on the Compensation Committee during his tenure as CEO.  This was not Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 18 admitted for purposes of this motion.

19.     The Compensation Committee was responsible for reviewing executive compensation, including executive employment agreements, bonuses and long-term incentive compensation programs, if any, provided to key employees of the Company. (Pl. Dep. 80:2-4-7.)

**Response**: Disputed, the facts within the citation are incorrect. They do not say the Compensation Committee was responsible for reviewing executive employment agreements.

**Additional Material Facts:** While a member of the Stuart Dean Compensation Committee, Plaintiff, along with the Compensation Committee, reviewed bonuses, long term incentive programs provided to key employees at the firm. Plaintiff did review his own Employment Agreement, but he did not review it while a member of the Stuart Dean Compensation Committee. (Warren Decl., ¶59, **Pl. Depo.** 72:9-73:7, 79:25-80:7, 88:3-7; Warren Decl., ¶62, Shea Depo. 62:2-6, 104:18-105:2; Warren Decl., ¶38, D00013 BOD Committees; Warren Decl., ¶39, D00014 BOD Committees.)

**Reply**: Defendants' Paragraph No. 19 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 19. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 19. In his counter-statement, Plaintiff admits that he, along with the Compensation Committee, reviewed bonuses and long term incentive programs provided to key employees at the firm, which is Defendants' initial statement of fact. Plaintiff attempts to create an issue of fact by stating that he did not review his own employment agreement while a member of the Stuart Dean Compensation Committee. This was not Defendants' initial statement of fact. This is also not material to the fact in issue. As such, the Court should deem Defendants' Paragraph No. 19 admitted for purposes of this motion.

20.    Plaintiff was also ███████████████████████████████. (See Exhibit G to Jakowsky Decl. ¶ 26.)

**Response**: Disputed. This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; See Brown v. City of New York, 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As

13

an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of its contents in a 56.1 Statement."); Edelhertz v. City of Middletown, 943 F. Supp. 2d 388, 390 n.2 (S.D.N.Y. 2012); see also Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement).

**Additional Material Fact:** While a member of the Stuart Dean Compensation Committee, Plaintiff, along with the Compensation Committee, reviewed bonuses, long term incentive programs provided to key employees at the firm. (Warren Decl., ¶59, **Pl. Depo.** 79:25-80:7.)

**Reply**: Defendants' Paragraph No. 20 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 20. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 20. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 20 admitted for purposes of this motion.

21.     The Compensation Committee determines eligibility for bonuses for executives based on recommendations from the CEO, and then provides bonus amount recommendations, if any, to the Board and the Board votes to approve those bonuses. (Pl. Dep. 80:10-16.)

**Response**: Disputed. Defendants' citation does not stand for the proffered fact. It states:

Q.     █████████████████████████████

A:     ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████

14

**Additional Material Fact:** The Employment Agreement for the executive determines eligibility for bonuses, such as that of Bruce Hallett based on the formula and wording of the Agreement. Regarding Bruce Hallett, former Stuart Dean Board Chairman Michael Degan, not the Compensation Committee, told Plaintiff his salary, bonus and assured him he would have an LTIP when offering him the role of CEO of Stuart Dean. The Board voted unanimous to offer Bruce Hallett the position of Stuart Dean CEO. The Stuart Dean board agreed the Compensation Committee should prepare a contract consistent with market based compensation offered to the then CEO Jim Degan. (Warren Decl., ¶59, **Pl. Depo.**, 58:4-17, 59:19-60:21, 61:6-63:18; Warren Decl., ¶8, D001149-D001152 3/8/20 BOD Minutes.)

**Reply**: Defendants' Paragraph No. 21 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 21. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 21. Plaintiff admitted that the Compensation Committee determined the eligibility for his bonus, and that ███████████████████ ██████████████████████████████████████████████████████. (Pl. Dep. 80:8-16.) The Compensation Committee also received recommendations from the CEO for executive bonuses. In fact, Plaintiff submitted lengthy email communications to the Compensation Committee outlining his proposals for bonuses for executives who reported to him. (See Exhibit EEE to Jakowsky Decl. at D000832-D000837; Exhibit FFF to Jakowsky Decl. at D000007-D000010.) Plaintiff attempts to create an issue of fact by focusing on purported promises made to him regarding bonuses and LTIP as well as the process used to create his Employment Agreement. These additional unsupported statements have no bearing on Defendants' initial statement of facts.

As such, the Court should deem Defendants' Paragraph No. 21 admitted for purposes of this motion.

22.     In 2011, while on the Compensation Committee, Plaintiff participated in the drafting of then CEO Mark Parrish's Employment Agreement. (Pl. Dep. 140:9-12.)

**Response**: Disputed. Defendants' citation does not stand for the proffered fact.

**Additional Material Facts:** Plaintiff assisted in the preparation of Mark Parrish's Employment Agreement. He did not admit to ███████████████ of it. (Warren Decl., ¶59, **Pl. Depo.** 140:9-12.)

**Reply**: Defendants' Paragraph No. 22 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 22. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 22. Plaintiff attempts to create an issue of fact by highlighting an immaterial difference between the phrases ███████████████ and ███████████████. The immateriality is highlighted by the fact that Plaintiff states he participated in drafting Mark Parrish's employment agreement in his memorandum of law submitted in opposition to Defendants' motion for summary judgment. (See Opp. Brief at pg. 13.) Defendants' initial statement of fact is that Plaintiff was involved in the creation of Mark Parrish's Employment Agreement. Plaintiff does not dispute that fact. As such, the Court should deem Defendants' Paragraph No. 22 admitted for purposes of this motion.

23.     Plaintiff participated in the creation of the LTIP for Mr. Parrish. (Pl. Dep. 88:2-7.)

**Response**: Undisputed.

24.     In fact, Plaintiff ███████████████ in the preparation of both the Employment Agreement and the annexed LTIP. (See Exhibit G to Jakowsky Decl. ¶ 45.)

16

**Response**: Disputed. This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; See Brown v. City of New York, 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of its contents in a 56.1 Statement."); Edelhertz v. City of Middletown, 943 F. Supp. 2d 388, 390 n.2 (S.D.N.Y. 2012); see also Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement).

**Additional Material Facts:** Plaintiff never said what is quoted by Defendant as fact.

Plaintiff assisted in the preparation of Mark Parrish's Employment Agreement. He did not admit to ███████████████████ of it. Plaintiff participated in the creating of the LTIP. (Warren Decl., ¶59, **Pl. Depo.** 88:3-7, 140:9-12.)

**Reply**: Defendants' Paragraph No. 24 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 24. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 24. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. Moreover, Plaintiff's counter-statement of fact admits that Plaintiff participated in the creation of the Parrish LTIP, which is Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 24 admitted for purposes of this motion.

25.    Section 7 of Mr. Parrish's Employment Agreement concerns his eligibility to participate in an LTIP. (See Exhibit H to Jakowsky Decl. at D001064; Pl. Dep. 141:19-20.)

**Response**: Disputed. Defendants' cited evidence is incomplete. Defendants' cite only one page of a purported 25 page Employment Agreement. Moreover, the cited deposition

testimony is incorrect. The testimony reflects Defendants' counsel's direction and banter among themselves.

**Additional Material Facts:** One of Stuart Dean's prior CEO's Mark Parrish had a 25 page Employment Agreement which stated in Section 7:

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

The Parrish LTIP also contained a disclaimer: ████████████████████████

████████████████████████████████ (Warren Decl., ¶9, Parrish EA D001062-D001087, produced by Defendants to Plaintiff on October 15, 2020; Warren Decl., ¶10, Parrish Amendment to EA D000142-D000150, produced by Defendants to Plaintiff on August 28, 2020.)

**Reply**: Defendants' Paragraph No. 25 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 25. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 25; namely that Paragraph 7 of Mr. Parrish's Employment Agreement concerned his LTIP. As such, the Court should deem Defendants' Paragraph No. 25 admitted for purposes of this motion.

26.    Specifically, it states: ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

(See Exhibit H to Jakowsky Decl. at D001064; Pl. Dep. 141:21-142:2.)

**Response**: Undisputed.

27.     Section 7 of Mr. Parrish's Employment Agreement did not contain the words
███████████. (See Exhibit H to Jakowsky Decl. at D001064; Pl. Dep. 142:21-23.)

**Response**: Undisputed.

28.     Section 10 of Mr. Parrish's Employment Agreement concerned Termination of
Employment. (See Exhibit H to Jakowsky Decl. at D001065; Pl. Dep. 143:1-13.)

**Response**: Undisputed.

29.     Pursuant to that provision, Mr. Parrish would receive a pro-rata portion of his LTIP
award only upon cessation of his employment due to death or disability. (See Exhibit H to
Jakowsky Decl. at D001067; Pl. Dep. 143:7-13.)

**Response**: Undisputed.

30.     A very detailed and comprehensive LTIP plan was annexed to the Employment
Agreement. (See Exhibit H to Jakowsky Decl. at D001081-D001087; Pl. Dep. 143:17-23.)

**Response**: Disputed. The Parrish LTIP is not described as ████████████
████████████ Defendants' cited deposition testimony states the following:

████████████████████████████

████████████████████████████████

██████████████████████

█████████████

████████

**Additional Material Fact**: Mr. Parrish had two LTIPs and an Amendment to his
Employment Agreement. (Warren Decl., ¶9, Parrish EA D001062-D001087, produced by
Defendants to Plaintiff on October 15, 2020; Warren Decl., ¶10, Parrish Amendment to EA
D000142-D000150, produced by Defendants to Plaintiff on August 28, 2020.)

**Reply**: Defendants' Paragraph No. 30 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 30. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 30; namely that Mr. Parrish had a detailed and comprehensive LTIP attached to his Employment Agreement. Instead, Plaintiff attempts to create an issue of fact by disputing that the phrase ███████████████ was not contained within the Parrish LTIP. That was not Defendants' initial statement of fact. Defendants' statement also references the LTIP plan actually attached to Mark Parrish's initial Employment Agreement. The later amendment to the initial LTIP is not relevant to Defendants' instant statement of fact. As such, the Court should deem Defendants' Paragraph No. 30 admitted for purposes of this motion.

31.    The LTIP was designed to cover multiple successive periods of time in multi-year increments. (See Exhibit H to Jakowsky Decl. at D001083; Pl. Dep. 144:2-17, 144:21-25, 145:1-15.)

**Response**: Disputed. There is no deposition testimony about the LTIP's design. The deposition testimony reflects Plaintiff's reading of the LTIP as directed by Defendants' counsel.

**Additional Material Fact:** Mark Parrish's 2011 LTIP was ████████████████████  ███████. The LTIP contained various performance periods specific to 2011 through 2013, 2012 to 2014 and 2013 through 2015. The Parrish LTIP also contained a disclaimer: ███████████ ███████████████████████████████████ (Warren Decl., ¶9, Parrish EA D001062-D001087, produced by Defendants to Plaintiff on October 15, 2020; Warren Decl., ¶59, Pl. Depo. 144:2-17, 144:21-25, 145:1-15.)

**Reply**: Defendants' Paragraph No. 31 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 31.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 31; namely that the Parrish LTIP covered multiple successive periods of time in multi-year increments.   Plaintiff's counter-statement highlights the very facts relied upon by Defendants; specifically that the Parrish LTIP contained various performance periods specific to 2011 through 2013, 2012 to 2014 and 2013 through 2015.  As such, the Court should deem Defendants' Paragraph No. 31 admitted for purposes of this motion.

32.     There was a comprehensive and defined eligibility period as well as a formula for vesting. (<u>See</u> Exhibit H to Jakowsky Decl. at D001083 to D001087.)

**Response**: Disputed.

**Additional Material Facts:** The Parrish LTIP contained a disclaimer: ███████████████ ███████████████████████████████████████████████ Therefore, the board had sole discretion to change the eligibility and formula. (Warren Decl., ¶9, Parrish EA D001062-D001087, produced by Defendants to Plaintiff on October 15, 2020.)

**Reply**: Defendants' Paragraph No. 32 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 32.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 32; namely that the Parrish LTIP contained a comprehensive and defined eligibility period as well as a formula for vesting.   The statement utilized by Plaintiff to purportedly create an issue of fact has no bearing on the statement of fact at

issue. In addition, Defendants agree that the statement proffered by Plaintiff is in fact contained within the Mark Parrish's LTIP. As such, the Court should deem Defendants' Paragraph No. 32 admitted for purposes of this motion.

33.      Specifically, the plan offered payments to the CEO ███████████████████
███████████████████████████████████████████. (See Exhibit G to Jakowsky Decl. at ¶ 45.)

**Response**: Disputed. This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; See Brown v. City of New York, 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of its contents in a 56.1 Statement."); Edelhertz v. City of Middletown, 943 F. Supp. 2d 388, 390 n.2 (S.D.N.Y. 2012); see also Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement).

**Additional Material Facts:** The Parrish LTIP contained a disclaimer: ███████████████
███████████████████████████████████████████████████ Therefore, the Board had sole discretion to change the plan payments. Also, Mark Parrish was the CEO of Stuart Dean from 2011 to 2015. (Warren Decl., ¶59, **Pl. Depo.** 62:14-17; Warren Decl., ¶9, Parrish EA D001062-D001087, produced by Defendants to Plaintiff on October 15, 2020.)

**Reply**: Defendants' Paragraph No. 33 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 33. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 33. The disclaimer and the time period of Mark Parrish's employment have no bearing on the statement of fact at issue. In addition,

Defendants' citation is derived directly from Plaintiff's First Amended Complaint.  As such, the Court should deem Defendants' Paragraph No. 33 admitted for purposes of this motion.

34.     Vesting did not occur annually and only after completion of a multi-year period of time. (See Exhibit H to Jakowsky Decl. at D001083 to D001087; Pl. Dep. 144:2-17, 144:21-25, 145:1-15.)

**Response**: Disputed. The deposition testimony reflects Plaintiff's reading of the LTIP as directed by Defendants' counsel.

**Additional Material Facts:** Mark Parrish's 2011 LTIP was ███████████████████ ████████. The LTIP contained various performance periods specific to 2011 through 2013, 2012 to 2014 and 2013 through 2015. Also, the Parrish LTIP also contained a disclaimer: ███ ████████████████████████████████████████████████████ Therefore, the board could have changed the vesting in its sole discretion. (Warren Decl., ¶9, Parrish EA D001062-D001087, produced by Defendants to Plaintiff on October 15, 2020; Warren Decl., ¶59, Pl. Depo. 144:2-17, 144:21-25, 145:1-15.)

**Reply**: Defendants' Paragraph No. 34 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 34.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 34; namely that vesting under the Parrish LTIP did not occur annually and only after completion of a multi-year period of time. Plaintiff attempts to create an issue of fact by noting that Plaintiff's deposition testimony reflects agreement with Defendants' counsel's reading of the Parrish LTIP.   The document speaks for itself and Plaintiff confirmed the language contained in the document.  Plaintiff's counter-statement does not

dispute the accuracy of Defendants' counsel's reading of the LTIP.  As such, the Court should deem Defendants' Paragraph No. 34 admitted for purposes of this motion.

35.    On November 9, 2012, Mr. Parrish's Employment Agreement as it related to the LTIP was amended. (See Exhibit I to Jakowsky Decl. at D000142-D000150.)

**Response**: Undisputed.

36.    Plaintiff was involved in the preparation of the amended LTIP. (See Exhibit G to Jakowsky Decl. ¶ 45.)

**Response**: Disputed. This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; See Brown v. City of New York, 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of its contents in a 56.1 Statement."); Edelhertz v. City of Middletown, 943 F. Supp. 2d 388, 390 n.2 (S.D.N.Y. 2012); see also Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement).

**Additional Material Facts:** Defendants' factual assertion is not accurate. Plaintiff never stated that he was involved in the preparation of the amended LTIP as asserted. In his deposition, the Plaintiff testified ████████████████████████████████████████ ██████ When asked ███████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████████████████ (Warren Decl., ¶59, **Pl. Depo.** 147:7-17.)

**Reply**: Defendants' Paragraph No. 36 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 36. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 36. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 36 admitted for purposes of this motion.

37.     Pursuant to Mr. Parrish's redesigned LTIP, any such LTIP award would be forfeited if the CEO resigned or was terminated with or without cause. (See Exhibit I to Jakowsky Decl. at D000150; Pl. Dep. 149:16-25.)

**Response**: Undisputed.

38.     Mr. Parrish's amended LTIP provided for payout of an award only upon death, disability, retirement, sale of the company, or an IPO. (See Exhibit I to Jakowsky Decl. at D000150; Pl. Dep. 152:1-14.)

**Response**: Disputed. Defendants' factual assertion does not accurately support the proffered fact.

**Additional Material Facts:** The Mark Parrish amended LTIP provides circumstances for payout of an award ████████████ Plaintiff stated that the document Defendants' counsel read to him, ████████████████ Specifically, Defendants' counsel stated: ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ (Warren Decl., ¶10, Parrish Amendment to EA D000142-D000150 at D000150, produced by Defendants to Plaintiff on August 28, 2020; Warren Decl., ¶59, **Pl. Depo.**, 149:16-25.)

**Reply**: Defendants' Paragraph No. 38 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 38. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not

dispute, the material facts asserted in Paragraph No. 38. Defendants' factual assertion is supported

by Plaintiff's deposition testimony. Specifically, when Plaintiff was asked: ████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████ (Pl. Dep. 152:2-15.) Plaintiff's counter-statement does not dispute this

deposition testimony. As such, the Court should deem Defendants' Paragraph No. 38 admitted for

purposes of this motion.

39.    The LTIP was designed by an outside third-party consultant who specializes in

executive compensation. (See Exhibit I to Jakowsky Decl. at D000144.)

**Response**: Disputed. Defendants' citation refers to the Mark Parrish amended LTIP not

the LTIP as incorrectly stated by Defendants. Further, Defendants cite only the cover page of the

Mark Parrish amended LTIP. It states nothing about design, consultant or that the 'consultant'

specializes in executive compensation.

**Additional Material Facts:** The amended Mark Parrish LTIP states on the cover page:

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

(Warren Decl., ¶10, Parrish Amendment to EA D000142-D000150 at D000144, produced by

Defendants to Plaintiff on August 28, 2020.)

**Reply**: Defendants' Paragraph No. 39 should be deemed admitted for purposes of

this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 39. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 39; namely that Mr. Parrish's Amended LTIP was designed by Pay Governance. In fact, Plaintiff's counter-statement admits that the cover page of the amended Parrish LTIP contains the Pay Governance logo. As such, the Court should deem Defendants' Paragraph No. 39 admitted for purposes of this motion.

40.     Again, the LTIP was comprehensive and detailed in nature, covering multi-year periods of time. (See Exhibit I to Jakowsky Decl. at D000148 to D000149.)

**Response**: Disputed. Defendants' citation reflects only two pages of Mark Parrish's 7 page amended LTIP (not the initial Parrish LTIP as provided in Defendants' facts) and says nothing about it being ████████████████████████████████████████ ██████.

**Additional Material Facts:** Mark Parrish had an LTIP which the Board could modify in its sole discretion and amended Employment Agreement and LTIP. (Warren Decl., ¶9, Parrish EA D001062-D001087, produced by Defendants to Plaintiff on October 15, 2020; Warren Decl., ¶10, Parrish Amendment to EA D000142-D000150, produced by Defendants to Plaintiff on August 28, 2020.)

**Reply**: Defendants' Paragraph No. 40 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 40. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 40. Defendants cite to the two (2) pages of the Parrish amended LTIP which clearly outline the detailed design provisions and vesting conditions of the LTIP program. The document speaks for itself. Plaintiff attempts to create an issue of fact by disputing that the actual phrase ████████████████████████████████████

████████████████████ is not contained within the Parrish amended LTIP. This was not Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 40 admitted for purposes of this motion.

41.     The LTIP plan contained a very specific and complex formula for earning and vesting any award. (See Exhibit I to Jakowsky Decl. at D000148 to D000149.)

**Response**: Disputed. Defendants' citation reflects only two pages of Mark Parrish's 7 page amended LTIP (not the initial Parrish LTIP as provided in Defendants' facts) and says nothing about it containing ████████████████████████████████

**Additional Material Facts:** Mark Parrish had an LTIP which the Board could modify in its sole discretion and amended Employment Agreement and LTIP. (Warren Decl., ¶9, Parrish EA D001062-D001087, produced by Defendants to Plaintiff on October 15, 2020; Warren Decl., ¶10, Parrish Amendment to EA D000142-D000150, produced by Defendants to Plaintiff on August 28, 2020.)

**Reply**: Defendants' Paragraph No. 41 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 41. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 41. Defendants cite to the two (2) pages of the Parrish amended LTIP which clearly outline the vesting conditions, multi-year performance period, and award payment details of the LTIP program. Plaintiff attempts to create an issue of fact by disputing that the actual phrase ████████████████████████████ is not contained within the Parrish amended LTIP. This was not Defendants' initial statement of fact. In addition, the document speaks for itself. As such, the Court should deem Defendants' Paragraph No. 41 admitted for purposes of this motion.

42.     Mr. Parrish did not receive a payout for any LTIP remuneration upon his departure from the Company (Pl. Dep. 153:9-11.)

**Response**: Undisputed.

43.     Jim Degan took over as CEO following Mr. Parrish's departure. (Shea Dep. 25:16-22, 61:23-25.)

**Response**: Undisputed.

44.     During Jim Degan's tenure, the Company and Mr. Degan began negotiating and exploring the terms of an LTIP. (Shea Dep. 97:5-99:5.)

**Response**: Disputed. The fact does not identify the time period as Jim Degan twice served as Stuart Dean's CEO.

**Additional Material Facts:** Jim Degan served as Stuart Dean CEO from 2002 to 2011 and from 2015 to 2018. (Warren Decl., ¶59, **Pl. Depo.** 62:14-17, 139:1-17.)

**Reply**: Defendants' Paragraph No. 44 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 44. Moreover, the additional facts cited by Plaintiff do not dispute the material facts asserted in Paragraph No. 44; namely that while Jim Degan served as CEO of Stuart Dean, the Company and Mr. Degan began negotiating and exploring the terms of an LTIP. Plaintiff's counter-statement does not dispute Defendants' statement of fact. Instead, Plaintiff attempts to create an issue of fact by noting that Mr. Degan served as CEO during two (2) separate periods of time. The distinction is immaterial. The critical point is that Plaintiff admits that the Company and Mr. Degan began negotiating the terms of an LTIP. As set forth in the next factual statement, regardless of the time period, an LTIP between Mr. Degan and the Company was not ultimately

consummated. (Shea Dep. 99:3-5). As such, the Court should deem Defendants' Paragraph No. 44 admitted for purposes of this motion.

45.     An LTIP was not ultimately agreed upon by both Mr. Degan and the Company prior to his departure from the Company. (Shea Dep. 99:3-5.)

**Response**: Disputed. Defendants' factual assertion does not stand for the proffered fact.

**Additional Material Facts:** Mr. Shea's deposition testimony does not state that the Company and Mr. Degan did not agree on an LTIP prior to his departure from the Company. Mr. Shea's testimony states: ███████████████████████████ Mr. Degan also stated the company has long operated like a dysfunctional family company. The company has blown through numerous chief executive officers, at least one of whom – Jim Degan, an actual family member with many of the shareholders – confided in Plaintiff that he was so fed up trying to balance all the competing family interests that he quit. (Warren Decl., ¶62, Shea Depo. 92:3-94:17, 97:3-99:5.; Hallett Affirmation at ¶9.)

**Reply**: Defendants' Paragraph No. 45 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 45. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 45; namely that Mr. Degan departed the Company before an LTIP was finalized. Plaintiff's counter-statement contends Defendants' factual assertion does not stand for the proffered fact, but then cites directly to the deposition testimony which supports this fact: ███████████████████████ (Shea. Dep. 99:5.) The additional fact set forth by Plaintiff is immaterial and not relevant to the instant statement of fact. Moreover, there is no evidence that Mr. Degan did, in fact, say such statements about the

Company.  Instead, such hearsay is directly from an affidavit offered by Plaintiff.  As such, the Court should deem Defendants' Paragraph No. 45 admitted for purposes of this motion.

      46.      Specifically, ███████████████████████████ (Shea Dep. 99:3-5.)

      **Response**: Undisputed.

## III.    PLAINTIFF'S EMPLOYMENT AS CHIEF EXECUTIVE OFFICER OF STUART DEAN

      47.      In early January or February 2018, Michael Degan, then Chairman of the Stuart Dean Board, approached Plaintiff about taking over the position of CEO at Stuart Dean. (Pl. Dep. 58:4-17.)

      **Response**: Undisputed.

      **Additional Material Facts:** Michael Degan also told Plaintiff that he would earn a salary of $425,000, a bonus of $175,000 and an LTIP as CEO of Stuart Dean. **Pl. Depo.** 58:4-60:21.

      **Reply**: Defendants' Paragraph No. 47 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff does not deny the accuracy of Defendants' Paragraph No. 47.  The additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 47.  As such, the Court should deem Defendants' Paragraph No. 47 admitted for purposes of this motion.

      48.      At the time he was approached to become CEO of Stuart Dean, Plaintiff was retired and had been since leaving Playbill in 2016. (Pl. Dep. 29:16-30:2.)

      **Response**: Disputed.

      **Additional Material Facts:** Plaintiff was being paid as a Stuart Dean board member in 2016. He was also an unpaid consultant to State Media 23 in 2018, 2019. (Warren Decl., ¶61, Degan Depo. 14:10-16; Warren Decl., ¶59, **Pl. Depo.** 19:25-20:13.)

**Reply**: Defendants' Paragraph No. 48 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 48. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 48; namely that Plaintiff retired from Playbill in 2016. During his deposition when Plaintiff was asked where he was employed prior to becoming the CEO of Stuart Dean, Plaintiff stated ███████████████████████ (Pl. Dep. 29:16-20.) Plaintiff's counter-statement discussing his roles as a Stuart Dean board member and an unpaid consultant to State 23 Media so not dispute Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 48 admitted for purposes of this motion.

49.    In the period of time between when Plaintiff was offered the role and when he started in the CEO role, he had discussions with Michael Degan about his compensation. (Pl. Dep. 59:22-60:11.)

**Response**: Undisputed.

**Additional Material Facts:** Michael Degan also told Plaintiff that he would earn a salary of $425,000, a bonus of $175,000 and an LTIP as CEO of Stuart Dean. (Warren Decl., ¶59, **Pl. Depo.** 58:4-60:21.)

**Reply**: Defendants' Paragraph No. 49 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 49. In fact, Plaintiff does not deny the accuracy of the material facts asserted in Paragraph No. 49. The additional fact is not relevant to the instant statement of fact. As such, the Court should deem Defendants' Paragraph No. 49 admitted for purposes of this motion.

50.    Michael Degan informed Plaintiff that the salary of the previous CEO was $425,000 and that there would be the potential for a bonus opportunity of $175,000. (Pl. Dep. 60:15-19; See Exhibit G to Jakowsky Decl. at ¶ 27.)

**Response**: Disputed. This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; See *Brown v. City of New York*, 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of its contents in a 56.1 Statement."); *Edelhertz v. City of Middletown*, 943 F. Supp. 2d 388, 390 n.2 (S.D.N.Y. 2012); see also *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement).

**Additional  Material  Facts:** Michael Degan also told Plaintiff that he would earn a salary of $425,000, a bonus of $175,000 and an LTIP as CEO of Stuart Dean. Stuart Dean never provided Plaintiff an LTIP and Stuart Dean never provided Plaintiff an LTIP at the time of his termination. (Warren Decl., ¶59, **Pl. Depo.** 58:4-60:21; Warren Decl., ¶60, Halstead 54:23-55:9; 89:11-13, 104:14; Warren Decl., ¶11, 3/2/20 Email Halstead to Hallett BH000264, produced by Plaintiff to Defendants on November 23, 2020.)

**Reply**: Defendants' Paragraph No. 50 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 50.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 50.  In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint.   As such, the Court should deem Defendants' Paragraph No. 50 admitted for purposes of this motion.

51.     Specifically, Mr. Degan told Plaintiff ███████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████ (Pl. Dep. 60:12-

20.)

**Response**: Undisputed.

52.     Michael Degan also discussed with Plaintiff the potential for the creation of an

LTIP. (Pl. Dep. 60:20-21, 63:10-18; See Exhibit G to Jakowsky Decl. at ¶ 27.)

**Response**: Disputed. This statement is conclusory based on uncited allegations in the First

Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local

R. 56.1; See Brown v. City of New York, 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As

an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of

its contents in a 56.1 Statement."); Edelhertz v. City of Middletown, 943 F. Supp. 2d 388, 390 n.2

(S.D.N.Y. 2012); see also Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July

26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement).

**Additional  Material Facts:** the citations provided by Defendants inaccurately reflect the

content.

Q: ███████████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████

Michael Degan also told Plaintiff that he would earn a salary of $425,000, a bonus of

$175,000 and an LTIP as CEO of Stuart Dean. (Warren Decl., ¶59, **Pl. Depo.** 58:4-60:21, 63:1018,

88:3-12.)

**Reply**: Defendants' Paragraph No. 52 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 52. Moreover, the additional facts cited by Plaintiff do not dispute, the material facts asserted in Paragraph No. 52. In fact, Plaintiff's additional facts confirm Defendants' initial statement of fact in Paragraph No. 52. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 52 admitted for purposes of this motion.

53.     Plaintiff alleges Michael Degan promised him an LTIP in these discussions prior to him signing his Employment Agreement. (Pl. Dep. 60:12-21.)

**Response**: Disputed. Plaintiff does not 'allege'; instead he states facts that Michael Degan promised him an LTIP.

**Additional Material Facts:** Plaintiff states several times in his deposition that Michael Degan promised him an LTIP if he accepted the Stuart Dean CEO position. (Warren Decl., ¶59, **Pl. Depo.** 58:4-60:21, 63:10-20.)

**Reply**: Defendants' Paragraph No. 53 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 53. Moreover, the additional facts cited by Plaintiff do not dispute the material facts asserted in Paragraph No. 53; namely that Plaintiff asserts Michael Degan promised him an LTIP before he signed his Employment Agreement. In fact, Plaintiff's additional facts confirm Defendants' initial statement of fact in Paragraph No. 53. As such, the Court should deem Defendants' Paragraph No. 53 admitted for purposes of this motion.

54.     Subsequent to Plaintiff's discussions with Michael Degan, on March 12, 2018, Plaintiff was provided with an Employment Agreement. (See Exhibit J to Jakowsky Decl. at D00031; Pl. Dep. 72:18-23.)

**Response**: Undisputed.

55.     Tim Shea also took over the Chairman of the Board Role from Michael Degan on or about March 2018. (Shea Dep. 32:11-17.)

**Response**: Undisputed.

56.     Plaintiff signed the Employment Agreement in or about May 2018, three (3) months after his employment started. (Shea Dep. 80:13-14.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts**: Plaintiff was hired by Stuart Dean as President and CEO in March 2018. Plaintiff signed his Employment Agreement by May 1, 2018. (Warren Decl., ¶7, D000018 to D000032; Warren Decl., ¶12, D000015, produced by Defendants to Plaintiff on August 5, 2020; Warren Decl., ¶13, D001105-D001111 at D001110 produced by Defendants to Plaintiff on November 10, 2020; Warren Decl., ¶14, D000619 5/1/18 Email Hallett to Shea produced by Defendants to Plaintiff on September 11, 2020; Warren Decl., ¶62, Shea Depo., 80:9-14.)

Mr. Shea's cited deposition testimony states:

"Q ███████████████████████████████████████████████

███████████

A ███████████████████████████████████████████████

███████████████████████████████████ REMOVE

**Reply**: Defendants' Paragraph No. 56 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 56.  Moreover, the additional facts cited by Plaintiff do not dispute the material facts asserted in Paragraph No. 56; namely that Plaintiff signed his Employment Agreement months after he started in his role as CEO.  The citation regarding the pay in lieu of an LTIP is not relevant to the instant statement of fact. As such, the Court should deem Defendants' Paragraph No. 56 admitted for purposes of this motion.

57.     Plaintiff ███████████████████████████████████████

████████ (Pl. Dep. 113:7-10.)

**Response**: Undisputed.

58.     However, before he signed it, Plaintiff understood the terms of the Employment Agreement.  (Pl. Dep. 73:11-13, 118:15-19.)

**Response**: Disputed.

**Additional Material Facts**: Plaintiff was asked if he understood the meaning of the word agreement.  He responded that he did. Plaintiff also affirmed he understood the 'terms' in the Agreement prior to signing it.

Further, Stuart Dean Chairman of the Board Michael Degan told Plaintiff ██████████ █████████████████████████████████ him as part of his Employment.

Plaintiff understood an LTIP was part of his compensation and he expected Stuart Dean to provide him with one. He also understood that Stuart Dean's failure to provide him any LTIP was a material breach of his Employment Agreement.

(Warren Decl., ¶59, Pl. Depo. 63-10-18; 73:11-13, 118:4-19.)

**Reply**: Defendants' Paragraph No. 58 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 58.  Moreover, most of the additional facts cited by Plaintiff either are not relevant to, or do not dispute, the material facts asserted in Paragraph No. 58. In fact, Plaintiff's counter-statement confirms Defendants' initial statement of fact; namely that Plaintiff ███████ ████████████████████████████████████████████  As such, the Court should deem Defendants' Paragraph No. 58 admitted for purposes of this motion.

59.     Section 3 of the Employment Agreement provided that Plaintiff would receive a salary of $425,000. (See Exhibit J to Jakowsky Decl. at D000019; Pl. Dep. 74:10-23; Exhibit G to Jakowsky Decl. at ¶ 40.)

**Response**: Disputed. This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; See Brown v. City of New York, 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of its contents in a 56.1 Statement."); Edelhertz v. City of Middletown, 943 F. Supp. 2d 388, 390 n.2 (S.D.N.Y. 2012); see also Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement).

**Additional Material Facts:** Plaintiff testified that paragraph 3 of the employment agreement, entitled base salary, and accurately reflects his understanding of his salary based on his conversation s with Michael Degan that he was going to be compensated at an annual rate of $425,000. (Warren Decl., ¶59, **Pl. Depo.** 74:6-23.)

**Reply**: Defendants' Paragraph No. 59 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 59.  Moreover, the additional facts cited by Plaintiff do not dispute the material facts asserted in Paragraph No. 59.  In addition, Defendants' citation is derived directly from

Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 59 admitted for purposes of this motion.

60.   Plaintiff received that salary for the period of his employment. (Pl. Dep. 74:10-23, Halstead Dep. 143:24-144:3.)

**Response**: Disputed.

**Additional Material Facts:** Plaintiff testified that paragraph 3 of the employment agreement, entitled base salary, and accurately reflects his understanding of his salary based on his conversation with Michael Degan that he was going to be compensated at an annual rate of $425,000. (Warren Decl., ¶59, **Pl. Depo.** 74:6-23.)

**Reply**: Defendants' Paragraph No. 60 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 60. Moreover, the additional facts cited by Plaintiff do not dispute the material facts asserted in Paragraph No. 60. Specifically, when Plaintiff was asked ██████████ ███████████████████████████████████████████, he replied: ██████████████ ██ (Pl. Dep. 74:15-17.) As such, the Court should deem Defendants' Paragraph No. 60 admitted for purposes of this motion.

61.   Section 4 of the Employment Agreement discusses Plaintiff's eligibility for a bonus.  (See Exhibit J to Jakowsky Decl. at D000019; Pl. Dep. 74:24-75:9.)

**Response**: Disputed.

**Additional Material Facts:** Plaintiff testified that paragraph 4 of the employment agreement, entitled annual bonus, accurately reflects his conversations with Michael Degan (Warren Decl., ¶59, Pl. Depo. 74:24-75:9.)

**Reply**: Defendants' Paragraph No. 61 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 61. Moreover, the additional facts cited by Plaintiff do not dispute the material facts asserted in Paragraph No. 61; namely that Paragraph 4 of Plaintiff's Employment Agreement discusses Plaintiff's annual bonus. In addition to Plaintiff's deposition testimony, Defendants' also cite directly to Plaintiff's Employment Agreement. The document speaks for itself. Plaintiff's counter-statement fails to dispute contents of that document. As such, the Court should deem Defendants' Paragraph No. 61 admitted for purposes of this motion.

62.      Plaintiff's bonus was discretionary in nature. (Halstead Dep. 143:17-22.)

**Response**: Disputed. Plaintiff's Employment Agreement contains Paragraph 4 for Annual Bonus, plus Exhibit A neither of which provide language or are drafted as discretionary.

**Additional Material Facts:** Paragraph 4 of Plaintiff's Employment Agreement, as well as Exhibit A attached to his Employment Agreement have specific metrics whereby bonus is paid upon the achievement of annual targets under a weight plan comprising three components, i.e. profit, growth and Board Specified Special objectives according to a 50-25-25 allocation subject to the terms and conditions of the Bonus Plan to be reviewed and approved annually by the Board. (Warren Decl., ¶7, Hallett EA D000018-D000032 at D000032; Warren Decl., ¶59, **Pl. Depo.** 72:9-73:1.)

**Reply**: Defendants' Paragraph No. 62 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 62. Moreover, the additional facts cited by Plaintiff do not dispute the material facts asserted in Paragraph No. 62; namely that Plaintiff's annual bonus was discretionary. In fact,

Plaintiff's counter-statement highlights the fact that Plaintiff was required to achieve certain targets to be considered eligible to be paid the bonus.    Plaintiff's response to Defendants' Paragraph No. 64 confirms that the bonus was not a guarantee and ████████████████ ███████████████████████████████████████████████████████ (Pl. Dep. 76:8-15.). As such, the Court should deem Defendants' Paragraph No. 62 admitted for purposes of this motion.

63.    Specifically, the last sentence of Section 4 states: ████████████████ █████████████████████████████ ██████████████ (See Exhibit J to Jakowsky Decl. at D000019; Pl. Dep. 76:8-15.)

**Response**: Undisputed.

64.    Plaintiff understood this sentence to mean ███████████████████████ ████████████████████████████ (Pl. Dep. 76:8-15.)

**Response**: Undisputed.

65.    Plaintiff further understood that the Board had discretion to award such bonuses, particularly to senior executives. (See Exhibit K to Jakowsky Decl. at D000734; Pl. Dep. 191:25-192:5, 193:15-194:1.)

**Response**: Disputed. Defendants' citation does not support the cited fact.

**Additional  Material  Facts:** The terms of Plaintiff's Employment  Agreement  reflects a non-discretionary Annual Bonus. In the cited deposition testimony above, Defendants attempt to conflate testimony concerning annual bonuses for senior executives at Stuart Dean and the terms of Plaintiff's Employment  Agreement  which are two distinct sets of bonuses.

In a March 5, 2019 Plaintiff email, after the Employment  Agreement  was signed, Plaintiff is communicating  recommendations  to change  some of the bonus structure. This is not language within the Employment  Agreement.  Plaintiff also was asked what the word discretionary meant

and he stated there is an ability of the Board ██████████████████. Plaintiff also stated

the Board did not operate in good faith in rewarding senior executives [at Stuart Dean] their

bonuses. (Warren Decl., ¶59, **Pl. Depo**. 72:9-73:1, 191:16-192:6, 193:13-194:10; Warren Decl.,

¶7, Hallett EA D000018-D000032 at D000032.)

        **Reply**: Defendants' Paragraph No. 65 should be deemed admitted for purposes of

this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 65.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not

dispute, the material facts asserted in Paragraph No. 65; namely that the Board had discretion to

award bonuses to senior executives. Plaintiff attempts to create an issue of fact by disputing that

he did not admit the Board had discretion to award Plaintiff's bonus.  This was not Defendants'

initial statement of fact.   As such, the Court should deem Defendants' Paragraph No. 65 admitted

for purposes of this motion.

        66.     Specifically, in an email to Mr. Halstead, Mr. Cook, and Mr. Shea, Plaintiff stated:

████████████████████████████████████████████████████████

████████████████████████████████ (See Exhibit K to Jakowsky

Decl. at D000734.)

        **Response**: Disputed. Defendants' citation does now support the proffered fact.

        **Additional  Material  Facts:** Plaintiff does not say the Board has prerogative to deny his

annual bonus in his Employment  Agreement.

        This is only one part of the March 5, 2019 three page email involving a chain from several

individuals.  This email chain included an email from Plaintiff sent after the Employment

Agreement was signed. The email refers to bonuses for Plaintiff's senior executives while he was

CEO at Stuart Dean and opines on information provided by CFO Robert Cook and feedback from

Scott Halstead. (Warren Decl., ¶59, **Pl. Depo**. 72:9-73:1, 191:16-192:6, 193:15-194:10; Warren Decl., ¶7, Hallett EA D000018-D000032 at D000032.)

**Reply**: Defendants' Paragraph No. 66 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 66. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 66. In the email directly quoted in support of Defendants' Paragraph No. 66, Plaintiff specifically states: ██████████████

████████████████████████████████████████████

██████████████████ Plaintiff attempts to create an issue of fact by disputing that he did not admit that the Board had prerogative to deny his annual bonus. This was not Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 66 admitted for purposes of this motion.

67.     Plaintiff also understood that no such bonuses would be due if an executive's employment ended prior to payment of that bonus. (Pl. Dep. 84:16-23.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Plaintiff's testimony is specific to the circumstances of Ms. Karishma's departure from the Company. Specifically his testimony is that ████████████

███████████████████████████████████████

Plaintiff told Stuart Dean they failed to provide him an LTIP in violation of his Employment Agreement. (Warren Decl., ¶59, **Pl. Depo.** 84:16-23; Warren Decl., ¶15, D00643-D000645 at D000644 3/4/20 Email Degan to Shea and Halstead.)

**Reply**: Defendants' Paragraph No. 67 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 67.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not

dispute, the material facts asserted in Paragraph No. 67; namely that Plaintiff understood an

executive was not due a bonus if his or her employment ended prior to payment of the bonus.

Plaintiff's attempts to assert his contention that he was not provided with an LTIP simply has no

relevancy to the instant statement of fact. Moreover, disputing whether an LTIP was provided by

Defendants, does not support Plaintiff's proffered fact. Conversely, when Plaintiff was asked ████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████ Plaintiff specifically

responded: ██████████████████████████████████████████████████████

████████████ (Pl. Dep. 84:16-23.)  As such, the Court should deem Defendants' Paragraph No.

67 admitted for purposes of this motion.

68.  Specifically, when asked about recommending a bonus payment for the Company's

Director of Human Resources after her resignation, Plaintiff said: ████████████████████

████████████████████████████████████████ (Pl. Dep. 84:16-23.)

**Response**: Undisputed.

69.  Plaintiff further stated: ██████████████████████████████████

█████████████████████████████████████████████████████████████ (Pl.

Dep. 83:19-22.)

**Response**: Undisputed.

70.  Pursuant to the Employment Agreement, Plaintiff's eligibility for consideration to

receive a bonus was contingent upon him meeting specific targets including profit, growth, and

Board-specified objectives. (See Exhibit J to Jakowsky Decl. at D000019 and D000032; Pl. Dep.

75:10-15.)

**Response**: Disputed. Defendants' evidence does not support the proffered fact.

**Additional Material Facts:** Plaintiff testified that an Annual Bonus would not be earned if ███████████████████████████████████████████████ He does not discuss ████████████████████ of a bonus.

Further, the Stuart Dean board has ████████████████████████ admitting they use the Compensation Committee 'discretion' that they always maintain in violation of the Employment Agreement. However, the Annual Bonus of the Employment Agreement affords the board no discretion and is based on Plaintiff hitting objective metrics.

Further Stuart Dean, unilaterally, and contrary to the Plaintiff's Employment Agreement, decided Stuart Dean could provide Plaintiff a ████████████████ in lieu of an LTIP.

Plaintiff's Employee Agreement section 14b states that ████████████████████████ ███████████████████████████████████████████████. (Warren Decl., ¶59, **Pl. Depo.** 76:8-25; Warren Decl., ¶16, D000566-D000587 at D000566 8/7/18 Email Halstead to Day; Warren Decl., ¶17, D000004-D000005 at D000005; Warren Decl., ¶18, D000079-D000080 at D000080 5/17/19 Comp Cmte Memo; Warren Decl., ¶7, D000018 to D00032 at D00029 Hallett EA.

        **Reply**: Defendants' Paragraph No. 70 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 70. Plaintiff has also failed to cite any support for the premise that Stuart Dean admitted they use discretion to violate the terms of his employment agreement. Such a statement, while immaterial to the instant statement of fact, is wholly disputed and without support. Moreover, the additional facts cited by Plaintiff either are not relevant to, or do not dispute, the material facts asserted in Paragraph No. 70; namely that payment of Plaintiff's bonus was

contingent upon him meeting specific targets. Plaintiff's counter-statement admits that Plaintiff  (Pl. Dep. 76:16-25.) As such, the Court should deem Defendants' Paragraph No. 70 admitted for purposes of this motion.

71.    Plaintiff understood that to be considered for a bonus payment he was required to achieve these targets. (Pl. Dep. 76:16-25.)

**Response**: Plaintiff's testimony is specific to an Annual Bonus under the Employment Agreement. Plaintiff's testimony is specific to when an Annual Bonus would not be earned according to the Employment Agreement, not when Plaintiff would be █████████████████ Specifically, an Annual Bonus would be not be earned if █████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████

The Board admitted, it failed to review Plaintiff's bonus targets in order to pay him.

Further, the Stuart Dean board has ██████████████████ admitting they use the Compensation Committee 'discretion' that they always maintain in violation of the Employment Agreement. However, the Annual Bonus of the Employment Agreement affords the board no discretion and is based on Plaintiff hitting objective metrics. (Warren Decl., ¶59, **Pl. Depo.** 76:8-25; Warren Decl., ¶61, Degan Depo 66:11-67:13; Warren Decl., ¶16, D000566-D000587 at D000566 8/7/18 Email Halstead to Day; Warren Decl., ¶17, D000004-D000005 at D000005; Warren Decl., ¶18, D000079-D000080 at D000080 5/17/19 Comp Cmte Memo; Warren Decl., ¶7, D000018 to D00032 at D00029 Hallett EA.)

**Reply**: Defendants' Paragraph No. 71 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 71. Moreover, the additional facts cited by Plaintiff either are not relevant to, or do not dispute, the material facts asserted in Paragraph No. 71; namely that payment of Plaintiff's bonus was contingent upon him meeting specific targets. Plaintiff's counter-statement confirms this fact and admits that Plaintiff ████████████████████████████████████ ██████████████████████████████████████████████████ (Pl. Dep. 76:16-25.). As such, the Court should deem Defendants' Paragraph No. 71 admitted for purposes of this motion.

72.       Specifically, when asked what circumstances would occur for a bonus not to be earned, Plaintiff responded: ████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████████████ (Pl. Dep. 76:16-25.)

**Response**: Undisputed.

73.       Plaintiff was also aware that other executives did not receive bonuses when they failed to meet their financial objectives. (Pl. Dep. 83:8-16.)

**Response**: Undisputed. Testimony: ██████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████ (Warren Decl., ¶59, **Pl. Depo.** 83:6-16.)

**Reply**: Defendants' Paragraph No. 73 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff

does not deny the accuracy of Defendants' Paragraph No. 73. Plaintiff's citation supports Defendants' proffered statement of fact. As such, the Court should deem Defendants' Paragraph No. 73 admitted for purposes of this motion.

74.    Specifically, when asked why the Director of Human Resources did not receive a bonus, Plaintiff responded: ███████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███ (Pl. Dep. 83:8-16.)

**Response**: Undisputed. (See above)

75.    At the time Plaintiff entered into his Employment Agreement, he did not insist upon any language guaranteeing a payout of the bonus for his first year of employment. (Pl. Dep. 174:8-14.)

**Response**: Undisputed.

76.    After the fact, Plaintiff regretted not including this language and maintains he will never sign another Employment Agreement with such language. (Pl. Dep. 174:17-24.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

Plaintiff testified: ███████████████████████████████████████

█████████████████████████████████████████ (Warren Decl., ¶59, **Pl. Depo.** 174:20-24.)

**Reply**: Defendants' Paragraph No. 76 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 76. In fact, Plaintiff's additional facts confirm Defendants' initial statement of fact

in Paragraph No. 76. As such, the Court should deem Defendants' Paragraph No. 76 admitted for purposes of this motion.

77.     Specifically, Plaintiff stated: ██████████████████████████████████ ██████████████████████████████████████████████████ (Pl. Dep. 174:21-24.)

**Response**: Undisputed.

78.     Plaintiff admits he did not achieve the targets for 2019. Pl. Dep. 182:20-25, 186:2-18.)

**Response**: Disputed.

**Additional Material Facts:** Plaintiff's testimony states how the Stuart Dean Compensation Committee changed the targets. The documents upon which Plaintiff's testimony is based were not based on final financial numbers. (Warren Decl., ¶59, **Pl. Depo.** 181:8-188:8.)

**Reply**: Defendants' Paragraph No. 78 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 78. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 78; namely that Plaintiff did not achieve his targets for 2019. Plaintiff submitted a self-assessment on February 29, 2020. In the self-assessment, Plaintiff either plainly admitted he failed to meet his net income and net revenue targets or did not affirmatively state that he did. (See Exhibit N to Jakowsky Decl. at D000263-D000266.) In his deposition, when Plaintiff was asked about the document he confirmed that neither achieved his net income nor net revenue targets. (Pl. Dep. 182:20-23; 186:13-18.) Specifically, Plaintiff was asked about the net income section of his self-assessment at his deposition: ██████████████████████████████████████████████

██████ Plaintiff responded: ██████ (Pl. Dep. 182:20-23.) Additionally, when asked ██████

███████████████████████████████████  Plaintiff responded: ██████████████████

████████████████████  (Pl. Dep. 186:13-18.)   As such, the Court should deem Defendants'

Paragraph No. 78 admitted for purposes of this motion.

79.    Section 7 of Plaintiff's Employment Agreement concerns his eligibility to

participate in an LTIP. (See Exhibit J to Jakowsky Decl. at D000019.)

**Response**: Undisputed.

80.    Section 7 states: ██████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████  (See Exhibit J to Jakowsky Decl. at D000019.)

**Response**: Undisputed.

81.    Plaintiff understood this provision to mean ██████████████████████

███████████████████████████████████████████████████

██████████████████  (Pl. Dep. 87:2-6.)

**Response**: Undisputed.

82.    Plaintiff further understood the phrase ████████████████████████

██████████████  to mean the LTIP ██████████████████████  between the Company and the

CEO. (Pl. Dep. 88:13-23.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Plaintiff responded to the question what does the term

mutually agreed by the Company and Executive mean'?

Plaintiff also testified: ██████████████████████████████

███████████████████████████████████████████████████

████████████

No LTIP was ever presented to Plaintiff throughout his employment.

The Stuart Dean board has ███████████████████████ admitting they can use the Compensation Committee 'discretion' that they always maintain.

Stuart Dean, unilaterally, and contrary to the Plaintiff's Employment Agreement, decided they could provide Plaintiff a ███████████████ in lieu of an LTIP without a signed agreement modifying the Employment Agreement.

Plaintiff's Employee Agreement section 14b states that ████████████████████████
████████████████████████████████████████████████████████████

Further, the Stuart Dean board has ███████████████████████ admitting they use the Compensation Committee 'discretion' that they always maintain in violation of the Employment Agreement. However, the Annual Bonus of the Employment Agreement affords the board no discretion and is based on Plaintiff hitting objective metrics. (Warren Decl., ¶59, **Pl. Depo.** 76:8-25; 87:20-89:21; Warren Decl., ¶7, D000018 to D000032 at D000029 Hallett EA; Warren Decl., ¶16, D000566-D000587 at D000566 8/7/18 Email Halstead to Day; Warren Decl., ¶17, D000004-D000005 at D000005; Warren Decl., ¶18, D000079-D000080 at D000080 5/17/19 Comp Cmte Memo; Warren Decl., ¶60, Halstead Depo. 104:14-17.)

**Reply**: Defendants' Paragraph No. 82 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 82. Moreover, the additional facts cited by Plaintiff are either not relevant to, or do not dispute, the material facts asserted in Paragraph No. 82. At his deposition, when Plaintiff was discussing Section 7 of his employment agreement and was asked: ████████████████████
████████████████████████████████████ Plaintiff specifically responded:
████████████████████████████████████████████████

██████████████████████████ (Pl. Dep. 90:17-23.)   As such, the Court should deem Defendants' Paragraph No. 82 admitted for purposes of this motion.

83.     Plaintiff understood that, based on this language, the Company could not unilaterally impose an LTIP. (Pl. Dep. 91:25-92:18.)

**Response**: Disputed. Defendants' citation does not support the proffered fact and is an incomplete answer.

**Additional Material Facts:** Plaintiff testified that the Company could unilaterally impose an LTIP upon him. (Warren Decl., ¶59, **Pl. Depo.** 91:25-93:16.)

**Reply**: Defendants' Paragraph No. 83 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 83.  Moreover, the additional facts cited by Plaintiff are not supported by Plaintiff's citation and do not dispute the material facts asserted in Paragraph No. 83; namely that Plaintiff understood the Company could not unilaterally impose an LTIP. Specifically, when Plaintiff was asked: ████████████████████████████████████████████Plaintiff responded: ████████████████████████ (Pl. 91:25-92:3.) As such, the Court should deem Defendants' Paragraph No. 83 admitted for purposes of this motion.

84.     Specifically, when asked whether the Company could unilaterally impose an LTIP, Plaintiff responded: ████████████████████████████████████████████████████████████████████████████████ (Pl. Dep. 92:13-16.)

**Response**: Disputed. Defendants' citation does not support the proffered fact and provides an incomplete answer.

**Additional Material Facts:** Plaintiff notes that unilateral imposition of an LTIP could be inconsistent with the language of the Employment Agreement. Plaintiff also testified that the language implied strongly that an LTIP existed. (Warren Decl., ¶59, **Pl. Depo.** 87:20-92:16.)

       **Reply**: Defendants' Paragraph No. 84 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 84. Moreover, the additional facts cited by Plaintiff are not supported by Plaintiff's citation and do not dispute the material facts asserted in Paragraph No. 84. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however Plaintiff specifically testified ███████████████████████████████████████████████ ██████████████████████████████████████████████████████ (Pl. Dep. 92:13-16.) As such, the Court should deem Defendants' Paragraph No. 84 admitted for purposes of this motion.

85.    When Plaintiff signed his Employment Agreement, the LTIP he contemplated receiving was the LTIP which had been provided to Mr. Parrish. (Pl. Dep. 88:8-12.)

**Response**: Undisputed.

86.    Specifically, when asked whether Plaintiff was contemplating Mr. Parrish's LTIP when Plaintiff was contemplating what the Company's LTIP would be under Plaintiff's Employment Agreement, Plaintiff responded: ██████████████████████████ (Pl. Dep. 88:8-12.)

**Response**: Undisputed.

87.    Plaintiff understood that Mr. Parrish had a detailed and specific LTIP annexed to his Employment Agreement. (Pl. Dep. 143:8-14.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

Plaintiff testified that there was an attachment to Mr. Parrish's employment agreement that speaks to the Long Term Incentive Executive Compensation Plan referenced in paragraph 7 of Mr. Parrish's employment agreement. (Warren Decl., ¶59, **Pl. Depo.** 143:17-23.)

**Reply**: Defendants' Paragraph No. 87 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 87. In fact, Plaintiff does not dispute the material facts asserted in Paragraph No. 87. As such, the Court should deem Defendants' Paragraph No. 87 admitted for purposes of this motion.

88.    However, Plaintiff's Employment Agreement did not have an LTIP attached. (Pl. Dep. 143:15-18.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

Plaintiff testified that a specific provision of Mr. Parrish's employment agreement was not included in Plaintiff's Employment Agreement. He does not testify that his Employment Agreement did not have an LTIP attached. (Warren Decl., ¶59, **Pl. Depo**. 143:14-16.)

**Reply**: Defendants' Paragraph No. 88 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 88. Moreover, Plaintiff does not dispute the material facts asserted in Paragraph No. 88. At his deposition, when asked whether his employment agreement had an LTIP attached, Plaintiff responded ██████ (Pl. Dep. 143:14-16.) As such, the Court should deem Defendants' Paragraph No. 88 admitted for purposes of this motion.

89.    Plaintiff's Agreement did not contain language providing for a pro rata payout of an LTIP upon death or disability. (Pl. Dep. 143:14-16.)

**Response**: Disputed.

**Additional Material Facts:** Plaintiff's testified as follows:

"Q. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████ A. ███████████████████████████████████

████████ (Warren Decl., ¶59, **Pl. Depo.** 143:1-16.)

      **Reply**: Defendants' Paragraph No. 89 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 89. Moreover, the additional facts cited by Plaintiff confirm Defendants' initial statement of fact in Paragraph No. 89; namely that Plaintiff's Employment Agreement did not contain a provision similar to the language contained in Mark Parrish's employment agreement concerning a pro rata payout of an LTIP upon death or disability. As such, the Court should deem Defendants' Paragraph No. 89 admitted for purposes of this motion.

      90.     Section 14(b) of Plaintiff's Employment Agreement was the "Entire Agreement" provision. This provision states: ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████ Section

14(i), the Prior Agreements provision, states: ████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████ (See Exhibit J to Jakowsky Decl. at D000029 and D000031.)

**Response**: Undisputed.

91.     Plaintiff understood the meaning of this Entire Agreement provision. (Pl. Dep. 118:15-19.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional  Material Facts:** Plaintiff repeatedly stated that he believed the language in the stated provision to be ████████████████ (Warren Decl., ¶59, **Pl. Depo.** 115:15-118:19.)

**Reply**: Defendants' Paragraph No. 91 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 91.  Moreover, the additional facts cited by Plaintiff do not dispute the material facts asserted in Paragraph No. 91; namely that Plaintiff understood the meaning of the Entire Agreement provision.  Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact. When Plaintiff was asked whether he understood the terms contained in the Entire Agreement  provision, he responded: ██████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████ (Pl. Dep. 118:15-19.)  As such, the Court should deem Defendants' Paragraph No. 91 admitted for purposes of this motion.

92.     Specifically, when asked for his interpretation of the Entire Agreement  provision, Plaintiff responded: ████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████ (Pl. Dep. 118:15-19.)

**Response**: Undisputed.

93.    Section 10 of Plaintiff's Employment Agreement concerned termination. (See Exhibit J to Jakowsky Decl. at D000020.)

**Response**: Undisputed.

94.    The Section specifically provides that ██████████████████

████████████████████████████████████████████████

████████ (See Exhibit J to Jakowsky Decl. at D000020.)

**Response**: Undisputed.

95.    Section 10(a) concerned termination by the Company for cause or by the Executive without good reason. (See Exhibit J to Jakowsky Decl. at D000020.)

**Response**: Undisputed.

96.    Section 10(a)(ii)(A) defined "Cause" as: ████████████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████ (See Exhibit J to Jakowsky Decl. at D000021.)

**Response**: Undisputed.

97.    Section 10(a)(ii)(B) defined "Cause" as: ████████████████

████████████████ (See Exhibit J to Jakowsky Decl. at D000021.)

**Response**: Undisputed.

98.    Pursuant to Section 10(a)(iii), upon termination ████████████

████████████████████████████████████████████████

████████████████████ (See Exhibit J to Jakowsky Decl. at D000021; Pl. Dep. 98:23-99:6.)

**Response**: Undisputed.

99.      Section 10(a)(iii) further provides that: ███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████. (See Exhibit J to Jakowsky Decl. at D000021, Pl. Dep. 101:6-20, 101:23-102:16.)

**Response**: Undisputed.

100.     Section 10(c) concerns termination by the Company without Cause or resignation by the Executive for good reason. (See Exhibit J to Jakowsky Decl. at D000022.)

**Response**: Undisputed.

101.     Pursuant to Section 10(c)(iii), upon termination by the Company without Cause, Plaintiff is entitled to payment of the Accrued Rights, six (6) months of salary continuation, and 12 months of COBRA continuation. (See Exhibit J to Jakowsky Decl. at D000023.)

**Response**: Undisputed.

102.     Section 10(c)(iii) further provides: ███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████ (See Exhibit J to Jakowsky Decl. at D000023.)

**Response**: Undisputed.

IV.      **PLAINTIFF'S ANNUAL BONUS, IF ANY.**

103.     In 2019, Plaintiff was eligible for and hit certain articulated targets and thus, received a bonus for the work he performed in 2018. (Pl. Dep. 173:20-22.)

**Response**: Disputed. Defendants' citation does not support the cited fact.

**Additional Material Facts:** Plaintiff simply testified that he received a bonus in 2018 that was paid in 2019. The Stuart Dean board ████████████████████ admitting they can use the Compensation Committee 'discretion' that they always maintain.

Stuart Dean, unilaterally, and contrary to the Plaintiff's Employment Agreement, decided they could provide Plaintiff a ████████████ in lieu of an LTIP without a signed agreement modifying the Employment Agreement.

Plaintiff's Employee Agreement section 14b states that ████████████████

████████████████████████████████████

Further, the Stuart Dean board has ████████████████████admitting they use the Compensation Committee 'discretion' that they always maintain in violation of the Employment Agreement. However, the Annual Bonus of the Employment Agreement affords the board no discretion and is based on Plaintiff hitting objective metrics. (Warren Decl., ¶59, **Pl. Depo.** 173:16-24, 191:16-192:6, 193:13-194:10, 72:9-23; Warren Decl., ¶16, D000566-D000587 at D000566 8/7/18 Email Halstead to Day; Warren Decl., ¶17, D000004-D000005 at D000005; Warren Decl., ¶18, D000079-D000080 at D000080 5/17/19 Comp Cmte Memo; Warren Decl., ¶7, D000018 to D00032 at D00029 Hallett EA.)

**Reply**: Defendants' Paragraph No. 103 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 103. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 103; namely that Plaintiff received a bonus for the work he performed in 2018. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however when asked: ████████████████

████████████████████ Plaintiff responded ████████ (Pl. Dep. 173:20-22.)  As such, the Court should deem Defendants' Paragraph No. 103 admitted for purposes of this motion.

104.    Specifically, Plaintiff received $40,000 out of the maximum $175,000 he was eligible to earn. (Pl. Dep. 173:23-24.)

**Response**: Disputed. Defendants' citation does not support the cited fact.

**Additional Material Facts:** Plaintiff testified that he received a bonus in 2018 that was paid in 2019 of ██████████

The Stuart Dean board █████████████████ admitting they can use the Compensation Committee 'discretion' that they always maintain. They approved bonuses for Plaintiff. Stuart Dean, unilaterally, and contrary to the Plaintiff's Employment Agreement, decided they could provide Plaintiff a ████████████ in lieu of an LTIP without a signed agreement modifying the Employment Agreement.

Plaintiff's Employee Agreement section 14b states that ███████████████████ ████████████████████████████

Further, the Stuart Dean board has ███████████████ admitting they use the Compensation Committee 'discretion' that they always maintain in violation of the Employment Agreement. However, the Annual Bonus of the Employment Agreement affords the board no discretion and is based on Plaintiff hitting objective metrics. (Warren Decl., ¶59, **Pl. Depo.** 173:16-24, 191:16-192:6, 193:13-194:10, 72:9-23; Warren Decl., ¶16, D000566-D000587 at D000566 8/7/18 Email Halstead to Day; Warren Decl., ¶17, D000004-D000005 at D000005; Warren Decl., ¶18, D000079-D000080 at D000080 5/17/19 Comp Cmte Memo; Warren Decl., ¶7, D000018 to D00032 at D00029 Hallett EA.)

**Reply**: Defendants' Paragraph No. 104 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 104.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not

dispute, the material facts asserted in Paragraph No. 104; namely that Plaintiff received a $40,000

bonus for 2018. In fact, Plaintiff's counter-statement confirms Defendants' initial statement of fact

in Paragraph 104 by explaining ██████████████████████████████████████████

████████████████████████ (Pl. Dep. 173:20-24.) As such, the Court should deem

Defendants' Paragraph No. 104 admitted for purposes of this motion.

105.    Plaintiff understood the parameters of the bonus eligibility requirements. (See

Exhibit EEE to Jakowsky Decl. at D000832.)

**Response**: Disputed. Defendants' citation does not accurately state the proffered fact.

**Additional Material Facts:** The document refers to other executive's bonus requirements,

not the Employment Agreement's CEO bonus requirements. (Warren Decl., ¶19, D000832-

D000837 2/25/19 Email Hallett to Halstead.)

**Reply**: Defendants' Paragraph No. 105 should be deemed admitted for purposes of

this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 105.  Moreover, the additional facts cited by Plaintiff do not dispute the material

facts asserted in Paragraph No. 105; namely that Plaintiff understood the parameters of the

Company's bonus plan requirements.  Plaintiff attempts to create an issue of fact by disputing that

the document cited in support of Defendants' Paragraph No. 105 does not refer to the bonus

requirements contained in Plaintiff's Employment Agreement. This was not Defendants' initial

statement of fact. As such, the Court should deem Defendants' Paragraph No. 105 admitted for

purposes of this motion.

106.    Plaintiff understood that ████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████ (See Exhibit EEE to Jakowsky Decl. at

D000832.)

**Response**: Disputed. Defendants' citation does not accurately state the proffered fact.

**Additional Material Facts:** The document refers to other executive's bonus requirements,

not the Employment Agreement's CEO bonus requirements.

Further, the Stuart Dean board has ███████████████████ admitting they use

the Compensation Committee 'discretion' that they always maintain in violation of the

Employment Agreement. However, the Annual Bonus of the Employment Agreement affords the

board no discretion and is based on Plaintiff hitting objective metrics. (Warren Decl., ¶19,

D000832-D000837 2/25/19 Email Hallett to Halstead; Warren Decl., ¶16, D000566-D000587 at

D000566 8/7/18 Email Halstead to Day.)

**Reply**: Defendants' Paragraph No. 106 should be deemed admitted for purposes of

this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 106.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not

dispute, the material facts asserted in Paragraph No. 106; namely that Plaintiff understood the

Company's bonus plan requirements for executives contained ██████████████████

████████████████████████████████████████████████████████

███████████████████████████████ Plaintiff attempts to create an

issue of fact by disputing that the document cited in support of Defendants' Paragraph No. 106

does not concern the bonus requirements contained in Plaintiff's Employment Agreement.  This

was not Defendants' initial statement of fact.  As such, the Court should deem Defendants' Paragraph No. 106 admitted for purposes of this motion.

107.    Plaintiff clearly understood that ████████████████████████████
████████████████████████ (See Exhibit FFF to Jakowsky Decl. at D000007.)

**Response**: Disputed. Defendants' citation does not accurately state the proffered fact.

**Additional Material Facts:** This is an email and not testimony.  The email refers to executive bonus requirements not CEO bonus requirements.

Further, the Stuart Dean board has █████████████████████ admitting they use the Compensation Committee 'discretion' that they always maintain in violation of the Employment Agreement. However, the Annual Bonus of the Employment Agreement affords the board no discretion and is based on Plaintiff hitting objective metrics. (Warren Decl., ¶20, D000007-D000010 Comp Cmte 2019 Executive Bonus Plan; Warren Decl., ¶16, D000566-D000587 at D000566 8/7/18 Email Halstead to Day.

**Reply**: Defendants' Paragraph No. 107 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 107.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 107; namely that the Company's bonus plan rewards executives, including Plaintiff, only when the annual targets are achieved. Plaintiff attempts to create an issue of fact by disputing that the document cited in support of Defendants' Paragraph No. 107 does not concern to the bonus requirements contained in Plaintiff's Employment Agreement. This was not Defendants' initial statement of fact. Moreover, Plaintiff's attempt to distinguish between the Executive and CEO bonus plans is inaccurate and not supported by the facts. Plaintiff's name, title, and target bonus are specifically included in the 2019 Executive

Bonus Plan which was sent by Plaintiff to the Compensation Committee. (See Exhibit FFF to Jakowsky Decl. at D000007.)  As such, the Court should deem Defendants' Paragraph No. 107 admitted for purposes of this motion.

108.    On May 17, 2019, the Compensation Committee recommended a 2019 Incentive Compensation Plan for Plaintiff and his direct reports. (See Exhibit L to Jakowsky Decl. at D000317-D000320.)

**Response**: Disputed. Defendants' citation does not accurately state the proffered fact.

**Additional Material Facts:** Exhibit L is the compensation committee's report to the board of directors. The report also indicates the committee provides a 2019 incentive plan for the CEO with an annual incentive based on the criteria including profitability, operating revenue growth and board directed strategic goals. The committee also recommend an additional incentive be created for 2019 in lieu of the LTIP.

Further, the Stuart Dean board has ████████████████████ admitting they use the Compensation Committee 'discretion' that they always maintain in violation of the Employment Agreement. However, the Annual Bonus of the Employment Agreement affords the board no discretion and is based on Plaintiff hitting objective metrics. Stuart Dean, unilaterally, and contrary to the Plaintiff's Employment Agreement, decided they could provide Plaintiff a ████ ████████████ in lieu of an LTIP without a signed agreement modifying the Employment Agreement.

Plaintiff's Employee Agreement section 14b states that ████████████████ ████████████████████████████████████████ (Warren Decl., ¶59, **Pl. Depo.** 173:16-24, 191:16-192:6, 193:13-194:10, 72:9-23; Warren Decl., ¶16, D000566-D000587 at D000566 8/7/18 Email Halstead to Day; Warren Decl., ¶17, D000004-

D000005 at D000005; Warren Decl., ¶18, D000079-D000080 at D000080 5/17/19 Comp Cmte Memo; Warren Decl., ¶7, D000018 to D00032 at D00029 Hallett EA.)

        **Reply**: Defendants' Paragraph No. 108 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 108. Moreover, the additional facts cited by Plaintiff either are not relevant to, or do not dispute, the material facts asserted in Paragraph No. 108. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however the May 17, 2019 Compensation Committee Report specifically states: █████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████ (See Exhibit L to Jakowsky Decl. at D000317-D000320.). As such, the Court should deem Defendants' Paragraph No. 108 admitted for purposes of this motion.

      109.    For Plaintiff, the plan contained the eligibility criteria for an Annual Bonus, if any, for 2019 and a one-time incentive payment in lieu of an LTIP. (See Exhibit L to Jakowsky Decl. at D000318.)

        **Response**: Disputed. Defendants' citation does not accurately state the proffered fact.

        **Additional Material Facts:** Exhibit L is the compensation committee's report to the board of directors. The report also indicates the committee provides a 2019 incentive plan for the CEO with an annual incentive based on the criteria including profitability, operating revenue growth and board directed strategic goals. The committee also recommend an additional incentive be created for 2019 in lieu of the LTIP.

      Further, the Stuart Dean board has 'made accommodations on bonuses' admitting they use the Compensation Committee 'discretion' that they always maintain in violation of the

Employment Agreement. However, the Annual Bonus of the Employment Agreement affords the board no discretion and is based on Plaintiff hitting objective metrics. Stuart Dean, unilaterally, and contrary to the Plaintiff's Employment Agreement, decided they could provide Plaintiff a ██████ ██████████████ in lieu of an LTIP without a signed agreement modifying the Employment Agreement.

Plaintiff's Employee Agreement section 14b states that ██████████████████ ████████████████████████████████████████████████ (Warren Decl., ¶59, **Pl. Depo.** 173:16-24, 191:16-192:6, 193:13-194:10, 72:9-23; Warren Decl., ¶16, D000566-D000587 at D000566 8/7/18 Email Halstead to Day; Warren Decl., ¶17, D000004-D000005 at D000005; Warren Decl., ¶18, D000079-D000080 at D000080 5/17/19 Comp Cmte Memo; Warren Decl., ¶7, D000018 to D00032 at D00029 Hallett EA.)

    **Reply**: Defendants' Paragraph No. 109 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 109. Moreover, the additional facts cited by Plaintiff either are not relevant to, or do not dispute, the material facts asserted in Paragraph No. 109. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however the May 17, 2019 Compensation Committee Report specifically sets for the criteria for Plaintiff to be eligible for a bonus and states: ███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████. (See Exhibit L to Jakowsky Decl. at D000318.) As such, the Court should deem Defendants' Paragraph No. 109 admitted for purposes of this motion.

110.    Eligibility for the 2019 Annual Bonus, if any, was to consist of, and be calculated based on, three (3) component: profitability, revenue growth, and strategic goals. (See Exhibit L to Jakowsky Decl. at D000318.)

**Response**: Disputed. Defendants' citation does not accurately state the proffered fact.

**Additional Material Facts:** Exhibit L is the compensation committee's report to the board of directors. The report also indicates the committee provides a 2019 incentive plan for the CEO with an annual incentive based on the criteria including profitability, operating revenue growth and board directed strategic goals. The committee also recommend an additional incentive be created for 2019 in lieu of the LTIP.

Further, the Stuart Dean board has ███████████████████████admitting they use the Compensation Committee 'discretion' that they always maintain in violation of the Employment Agreement. However, the Annual Bonus of the Employment Agreement affords the board no discretion and is based on Plaintiff hitting objective metrics. Stuart Dean, unilaterally, and contrary to the Plaintiff's Employment Agreement, decided they could provide Plaintiff a ████ ███████████ in lieu of an LTIP without a signed agreement modifying the Employment Agreement.

Plaintiff's Employee Agreement section 14b states that ██████████████████ ██████████████████████████████████████████ (Warren Decl., ¶59, **Pl. Depo.** 173:16-24, 191:16-192:6, 193:13-194:10, 72:9-23; Warren Decl., ¶16, D000566-D000587 at D000566 8/7/18 Email Halstead to Day; Warren Decl., ¶17, D000004-D000005 at D000005; Warren Decl., ¶18, D000079-D000080 at D000080 5/17/19 Comp Cmte Memo; Warren Decl., ¶7, D000018 to D00032 at D00029 Hallett EA.)

**Reply**: Defendants' Paragraph No. 110 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 110.  Moreover, the additional facts cited by Plaintiff either are not relevant to, or do not dispute, the material facts asserted in Paragraph No. 110. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however the May 17, 2019 Compensation Committee Report specifically states: ███████████████████

████████████████████████████████████████████████

████████████████████████████ (See Exhibit L to Jakowsky Decl. at D000318.) As such, the Court should deem Defendants' Paragraph No. 110 admitted for purposes of this motion.

111.    Pursuant to that plan, █████████████████████████████████

██████████████████████ (See Exhibit L to Jakowsky Decl. at D000318.)

**Reply**:  Plaintiff did not respond to Defendants' Paragraph No. 111 and, therefore, Defendants' Paragraph No. 111 should be deemed admitted for purposes of this motion.  See Local Rules 56.1(c).

112.    On May 17, 2019, the Board voted to approve the 2019 Incentive Compensation Plan. (See Exhibit M to Jakowsky Decl. at D001136.)

**Response**: Disputed. Defendants' citation does not accurately state the proffered fact.

**Additional Material Facts:** Defendants' cited exhibit is one page of board of director minutes. The board minutes provides Board approval of a 2019 incentive plan for Plaintiff. The board minutes also approve for Plaintiff an additional incentive be created for 2019 in lieu of the LTIP for Plaintiff.

Plaintiff's Employee Agreement does not permit modification of the Plaintiff's Employment Agreement. Section 14b states that ███████████████████

██████████████████████████████████████ (Warren Decl., ¶7,

D000018 to D00032 at D00029 Hallett EA; Warren Decl., ¶21, D001132-D001139 at D001135-D001136 9/17/19 BOD Minutes.)

    **Reply**: Defendants' Paragraph No. 112 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 112. Moreover, the additional facts cited by Plaintiff either are not relevant to, or do not dispute, the material facts asserted in Paragraph No. 112. In fact, Plaintiff's additional facts confirm Defendants' initial statement of fact in Paragraph No. 112; specifically noting ███████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████ As such, the Court should deem Defendants' Paragraph No. 112 admitted for purposes of this motion.

   113. Plaintiff received a copy of that plan. (See Exhibit L to Jakowsky Decl. at D000317-D000320; Exhibit M to Jakowsky Decl. at D001135-D001136.)

   **Response**: Disputed. Defendants' citation does not accurately state the proffered fact.

   **Additional Material Facts:** The board minutes provides Board approval of a 2019 incentive plan for Plaintiff. The board minutes also approve for Plaintiff an additional incentive be created for 2019 in lieu of the LTIP for Plaintiff.

   Plaintiff's Employee Agreement does not permit modification of the Plaintiff's Employment Agreement. Section 14b states that ████████████████████████████

████████████████████████████████████████ (Warren Decl., ¶7, D000018 to D00032 at D00029 Hallett EA; Warren Decl., ¶21, D001132-D001139 at D001135-D001136 9/17/19 BOD Minutes.)

**Reply**: Defendants' Paragraph No. 113 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 113.  Moreover, the additional facts cited by Plaintiff either are not relevant to, or do not dispute, the material facts asserted in Paragraph No. 113.  Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however the May 16, 2019 email enclosing the Compensation Committee Report specifically includes Plaintiff as a recipient. (See Exhibit L to Jakowsky Decl. at D000317-D000320.) Moreover, the Board Minutes for May 17, 2019 specifically state: ██████████████████████

██████████████████████████████████████████

██████████████████████████ (See Exhibit M to Jakowsky Decl. at D001135-D001136.)  As such, the Court should deem Defendants' Paragraph No. 113 admitted for purposes of this motion.

114.    The plan clearly articulated the net revenue, net income and strategic objectives. (See Exhibit L to Jakowsky Decl. at D000318; Exhibit M to Jakowsky Decl. at D001135.)

**Response**: Disputed. Defendant's evidence does not support the proffered fact.

The board minutes provides Board approval of a 2019 incentive plan for Plaintiff.  The board minutes also approve for Plaintiff an additional incentive be created for 2019 in lieu of the LTIP for Plaintiff.

Plaintiff's Employee Agreement does not permit modification of the Plaintiff's Employment Agreement.  Section 14b states that ███████████████████████

██████████████████████████████████ (Warren Decl., ¶7, D000018 to D00032 at D00029 Hallett EA; Warren Decl., ¶21, D001132-D001139 at D001135-D001136 9/17/19 BOD Minutes.)

70

**Reply**: Defendants' Paragraph No. 114 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 114. Moreover, the additional facts cited by Plaintiff either are not relevant to, or do not dispute, the material facts asserted in Paragraph No. 114; namely that the 2019 incentive plan clearly articulated the net revenue, net income and strategic objectives. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however the May 17, 2019 Compensation Committee Report specifically states: █████████████████

███████████████████████████████████████████████████████████████████

█████████████████████████████. (See Exhibit L to Jakowsky Decl. at D000318.) As such, the Court should deem Defendants' Paragraph No. 114 admitted for purposes of this motion.

115.    On February 29, 2020, Plaintiff sent an email to the Compensation Committee attaching his self-assessment on the 2019 goals. (See Exhibit N to Jakowsky Decl. at D000264-D000266; Halstead Dep. 189:3-7.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Mr. Halstead testified as follows:

Q. ███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████ A. ██████████████████████

Further, the Stuart Dean board has ███████████████████████admitting they use the Compensation Committee 'discretion' that they always maintain in violation of the Employment Agreement. However, the Annual Bonus of the Employment Agreement affords the board no

discretion and is based on Plaintiff hitting objective metrics. (Warren Decl., ¶60, Halstead Depo. 189:2-7; Warren Decl., ¶16, D000566-D000587 at D000566 8/7/18 Email Halstead to Day.)

**Reply**: Defendants' Paragraph No. 115 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 115. Moreover, the additional facts cited by Plaintiff either are not relevant to, or do not dispute, the material facts asserted in Paragraph No. 115; namely that Plaintiff sent an email to the Compensation Committee attaching his self-assessment on the 2019 goals on February 29, 2020. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however, Plaintiff cites directly to the same deposition testimony of Mr. Halstead cited by Defendants in which Mr. Halstead agrees that he received the February 29, 2020 self-assessment email from Plaintiff. (189:3-7.) Plaintiff further cites directly to the February 29, 2020 self-assessment email, which shows Plaintiff as the sender and the members of the Compensation Committee as the recipients. (See Exhibit N to Jakowsky Decl. at D000263.) As such, the Court should deem Defendants' Paragraph No. 115 admitted for purposes of this motion.

116.    Pursuant to this self-assessment, Plaintiff did not achieve his net income target for 2019. (See Exhibit N to Jakowsky Decl. at D000264; Pl. Dep. 176:3-177:5, 182:20-25; Halstead Dep. 189:24-190:1.)

**Response**: Disputed.

**Additional Material Facts:** Plaintiff testified ███████████████ in 2019 but the Compensation Committee moved Plaintiff stated goals. The changes to the goals by the Compensation Committee were different from Plaintiff's Employment Agreement and the Compensation Committee never told the Plaintiff they were changing the targets.

Further, the Stuart Dean board has ████████████████████ admitting they use the Compensation Committee 'discretion' that they always maintain in violation of the Employment Agreement. However, the Annual Bonus of the Employment Agreement affords the board no discretion and is based on Plaintiff hitting objective metrics. (Warren Decl., ¶59, **Pl. Depo.** 184:16-186:1; Warren Decl., ¶16, D000566-D000587 at D000566 8/7/18 Email Halstead to Day.)

        **Reply**: Defendants' Paragraph No. 116 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 116. Moreover, the additional facts cited by Plaintiff either are not relevant to, or do not dispute, the material facts asserted in Paragraph No. 116; namely that Plaintiff did not achieve his net income target for 2019. At his deposition, Plaintiff specifically testified: ████ ████████████████ (Pl. Dep. 177:4-5.) Plaintiff attempts to create an issue of fact by claiming he ████████████ however, coming close to a target does not dispute that the target was not achieved. In addition, in response to Defendants' Paragraph No. 117, Plaintiff admits he did not achieve his net income target. As such, the Court should deem Defendants' Paragraph No. 116 admitted for purposes of this motion.

117.    Plaintiff admits he did not meet the net income target as well because he forgot that abnormal non-reoccurring income or expense items are to be removed from the calculation. (Pl. Dep. 176:3-177:5.)

**Response**: Undisputed.

118.    Specifically, when asked about meeting his net income target, Plaintiff said: ████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ (Pl. Dep. 176:18-177:5.)

**Response**: Undisputed.

119.    In addition, Plaintiff admittedly did not reach the revenue threshold for 2019. (See Exhibit N to Jakowsky Decl. at D000264; Pl. Dep. 176:18-20, 186:2-18.)

**Response**: Undisputed.

120.    Specifically, Plaintiff stated: ████████████████████████████

████████████████████ (See Exhibit N to Jakowsky Decl. at D000264.)

**Response**: Undisputed.

121.    The bonuses, if any, needed ████████████████████████████

████████████████████ (See Exhibit GGG to Jakowsky Decl. at D000625.)

**Response**: Disputed. Defendants' citation is to a February 27, 2020 email and is communication by Scott Halsted to Plaintiff and is one sentence of a 2 page email. There is no agreement by Plaintiff (or anyone) that this fact is true. (Warren Decl., ¶22, D000624-D000625, 2/27/20 Email Halstead to Hallett).

**Reply**: Defendants' Paragraph No. 121 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 121. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 121; namely that bonus payouts for 2019 needed ████████████████████████████ (See Exhibit GGG to Jakowsky Decl. at D000625.) Plaintiff attempts to create an issue of fact by disputing that Plaintiff agreed with that deadline. This was not Defendants' initial statement of

74

fact. As such, the Court should deem Defendants' Paragraph No. 121 admitted for purposes of this motion.

122.    Plaintiff's employment with the Company ended on March 8, 2020. (See Exhibit G to Jakowsky Decl. at ¶ 50; Exhibit CCC to Jakowsky Decl. at D000964; Exhibit BBB to Jakowsky Decl. at D000485; Shea Dep. 207:24-208:2, 214:7-23, 225:4-16.)

**Response**: Disputed. Defendants' citation do not support the proffered fact.

This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; See Brown v. City of New York, 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of its contents in a 56.1 Statement."); Edelhertz v. City of Middletown, 943 F. Supp. 2d 388, 390 n.2 (S.D.N.Y. 2012); see also Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement). Further Exhibit CCC does not have bates number D000964 and is cited incorrectly.

Defendants' other citations reflect a wavering by the Board of Directors as to whether Plaintiff's termination was without cause or without cause and a motion made by the Board to terminate Plaintiff. as a member of the board of directors (not his employment).

Further, the Stuart Dean board has ███████████████████████ admitting they use the Compensation Committee 'discretion' that they always maintain in violation of the Employment Agreement. However, the Annual Bonus of the Employment Agreement affords the board no discretion and is based on Plaintiff hitting objective metrics. (Warren Decl., ¶16 D000566-D000587 at D000566 8/7/18 Email Halstead to Day; Warren Decl., ¶47 D000236-D000238.)

**Reply**: Defendants' Paragraph No. 122 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 122. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 122. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 122 admitted for purposes of this motion.

## V.   DEFENDANTS' DISCUSSIONS WITH PLAINTIFF CONCERNING AN LTIP

123.   Pursuant to Section 7 of Plaintiff's Employment Agreement, Plaintiff would be eligible to participate in an LTIP for the CEO and senior executives. (Pl. Dep. 215:5-13.)

**Response**: Undisputed.

124.   Specifically, Plaintiff believed the LTIP ███████████████████ ████████████████████████████████████. (Pl. Dep. 215:10-13.)

**Response**: Undisputed.

125.   Under the Employment Agreement, the LTIP, if any, had to be mutually agreed upon by the Board and the CEO. (See Exhibit J to Jakowsky Decl. at D000019; Pl. Dep. 88:13-23, 92:13-16.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Plaintiff testified: "Q. ██████████████████ ████████████████████████ A. ███. Q. ██████████████████ ███ A. T██████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████

76

The board minutes provides Board approval of a 2019 incentive plan for Plaintiff. The board minutes also approve for Plaintiff an additional incentive be created for 2019 in lieu of the LTIP for Plaintiff.

Plaintiff's Employee Agreement does not permit modification of the Plaintiff's Employment Agreement. Section 14b states that ██████████████████████████ ███████████████████████████████████████ (Warren Decl., ¶7 D000018 to D00032 at D00029 Hallett EA; Warren Decl., ¶21 D001132-D001139 at D001135-D001136 9/17/19 BOD Minutes; Warren Decl., ¶59 **Pl. Depo.** 88:13-23, 92:7-16.)

　　　　**Reply**: Defendants' Paragraph No. 125 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 125.  Moreover, the additional facts cited by Plaintiff are either not relevant to, or do not dispute, the material facts asserted in Paragraph No. 125; namely that under the terms of Plaintiff's Employment Agreement, the LTIP, if any, had to be mutually agreed upon by the Board and the CEO. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however Plaintiff's Employment Agreement specifically states: ████████ ███████████████████████████████████████████ ██████████████████████████████████ (See Exhibit J to Jakowsky Decl. at D000019.) As such, the Court should deem Defendants' Paragraph No. 125 admitted for purposes of this motion.

　　　　126.　　To put that LTIP in place, the Compensation Committee ███████████ ███████████████████████████████████████ █████████████████(Halstead Dep. 100:21-25.)

**Response**: Disputed.

**Additional Material Facts:** The Compensation Committee required Plaintiff provide information in order for an LTIP to be created. The Stuart Dean believes it had discretion to put a plan together [LTIP] and can outline the way that the plan is put together. The Board asked Plaintiff for input. Plaintiff's Employment Agreement does not require he provide data in order to receive an LTIP.

Plaintiff's Employee Agreement does not permit modification of the Plaintiff's Employment Agreement. Section 14b states that ████████████████████ ████████████████████████████████████████ No LTIP was ever put in place at the time Hallett left employment. (Warren Decl., ¶57 Halstead Depo. 104:14-17; 166:8-167:20; Warren Decl., ¶7 D000018 to D00032 at D00029 Hallett EA.)

**Reply:** Defendants' Paragraph No. 126 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 126. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 126; namely that the Compensation Committee ████████████████████████████████████████ ████████████████████████████████████. (Halstead Dep. 100:21-25.) Plaintiff attempts to create an issue of fact by stating the Board was not permitted, under the terms of the employment agreement, to request his participation; however, this statement is simply unsupported by any supporting factual citation. In reality, Plaintiff readily admits that the Board had no ability under the terms of his employment agreement to unilaterally impose and LTIP. (Pl. Dep. 91:25-92:18.). As such, the Court should deem Defendants' Paragraph No. 126 admitted for purposes of this motion.

127.    Defendants began to discuss the creation of an LTIP at the May 18, 2018 Board meeting. (See Exhibit O to Jakowsky Decl. at D001115.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Exhibit O, states: ███████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

(Warren Decl., ¶23 D001112-D001117 at D001115 5/18/18 BOD Minutes.)

**Reply**: Defendants' Paragraph No. 126 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 126. Moreover, the additional facts cited by Plaintiff do not dispute the material facts asserted in Paragraph No. 126; namely that Defendants began to discuss the creation of an LTIP at the May 18, 2018 Board meeting. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however Plaintiff then quotes directly from the May 18, 2018 Board Minutes discussing the potential for an LTIP. (See Exhibit O to Jakowsky Decl. at D001115.) As such, the Court should deem Defendants' Paragraph No. 126 admitted for purposes of this motion.

128.    Specifically, Mr. Shea reported that Plaintiff had ████████████████████ ███████████████████████████████ and that ██████████████████████ ███████████████████████ (See Exhibit O to Jakowsky Decl. at D001115; Halstead Dep. 120:20-121:7.)

**Response**: Undisputed.

129.    During the May Board meeting, Mr. Halstead became head of the Compensation Committee. (Halstead Dep. 121:21-122:1.)

**Response**: Undisputed.

130.    At that time, Mr. Halstead also became aware that the Company was working with Plaintiff to discuss the adoption of an LTIP for which Plaintiff would be eligible to participate. (Halstead Dep. 122:14-18.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Mr. Halstead testified: ███████████████████ ███████████████████████████████████████████████████████ He also admitted no LTIP was in place at the time Plaintiff's employment ended. (Warren Decl., ¶57 Halstead Depo. 122:16-20; 104:14-17.)

**Reply**: Defendants' Paragraph No. 130 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 130. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 130; namely that when Mr. Halstead became Chair of the Compensation Committee he became aware that the Company was working with Plaintiff to potentially create an LTIP. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however, Plaintiff then quotes directly from Mr. Halstead's deposition testimony which states: ███████████████████ ████████████████████████████████████████ (Halstead Dep. 122:16-18.) As such, the Court should deem Defendants' Paragraph No. 130 admitted for purposes of this motion.

131.    By July 2018, the Compensation Committee was already working on the initial stages of the process to begin the creation of the LTIP. (Halstead Dep. 123:13-15.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Mr. Halstead testified: "Q. ████████████████

████████████████████████████████████ A. ████████████████████

████████ Mr. Halsted also admitted no LTIP was in place at the time Plaintiff's employment

ended. (Warren Decl., ¶57 Halstead Depo. 123:13-20; 104:14-17.)

       **Reply**: Defendants' Paragraph No. 131 should be deemed admitted for purposes of

this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 131. Moreover, the additional facts cited by Plaintiff are either not relevant to, or

do not dispute, the material facts asserted in Paragraph No. 131; namely that by July 2018, the

Compensation Committee was already evaluating the initial stages of the process to begin the

creation of a potential LTIP. Plaintiff's counter-statement falsely contends Defendants' citation

does not support the proffered fact, however, Plaintiff then quotes directly from Mr. Halstead's

deposition testimony which states: "Q. ████████████████████████████

████████████████████ A. ████████████████████████ (Halstead

Dep. 123:13-15.) As such, the Court should deem Defendants' Paragraph No. 131 admitted for

purposes of this motion.

       132.   On July 18, 2018, Mr. Halstead sent an email to Mr. Shea with an update on the

LTIP, specifically noting Mr. Halstead had contacted John Sinkular of Pay Governance and that

Plaintiff and the Company's CFO Robert Cook were pulling together information to begin to

evaluate the framework for an LTIP. (See Exhibit P to Jakowsky Decl. at D000626; Halstead Dep.

123:3-7.)

       **Response**: Disputed.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. (Warren Decl., ¶62 Shea Depo. 65:22-69:8; Warren Decl., ¶24 D000626-D000632 7/18/18 Email Halstead to Shea.)

**Reply**: Defendants' Paragraph No. 132 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 132. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 132; namely that on July 18, 2018, Mr. Halstead sent an email to Mr. Shea noting Mr. Halstead had contacted John Sinkular of Pay Governance and that Plaintiff and the Company's CFO Robert Cook were pulling together information to begin to evaluate the framework for an LTIP. Plaintiff attempts to create an issue of fact by disputing whether PayGovernance was ever engaged by Defendants with respect to the matters discussed in this statement of fact. This was not Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 132 admitted for purposes of this motion.

133.    Specifically, Mr. Halstead explained to Mr. Shea: ████████████████ ████████████████████████████████████████████████ (See Exhibit P to Jakowsky Decl. at D000626.)

**Response**: Disputed.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement. (Warren Decl., ¶62 Shea Depo. 65:22-69:8; Warren Decl., ¶60 Halstead Depo. 152:13-153:20.)

**Reply**: Defendants' Paragraph No. 133 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 133. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not

dispute, the material facts asserted in Paragraph No. 133. Defendants' Paragraph No. 133 is a direct

quotation from an email sent by Mr. Halstead to Mr. Shea concerning the status of the LTIP

discussions. Plaintiff attempts to create an issue of fact by disputing whether PayGovernance was

ever engaged by Defendants with respect to the matters discussed in this statement of fact. This

was not Defendants' initial statement of fact.  As such, the Court should deem Defendants'

Paragraph No. 133 admitted for purposes of this motion.

134.    On August 9, 2018, Mr. Halstead sent an email to the Board containing the

Compensation Committee's Report for the August 10, 2018 Board Meeting. (See Exhibit Q to

Jakowsky Decl. at D000776-D000778.)

**Response**: Undisputed.

135.    The Compensation Committee Report provided an update on the progress of the

LTIP, specifically stating: ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████ (See Exhibit Q to Jakowsky Decl. at D000776-

D000778; Exhibit HHH to Jakowsky Decl. at D001123; Halstead Dep. 128:15-129:8, 129:18-

130:2.)

**Response**: Undisputed.

136.    On October 31, 2018, Mr. Halstead sent an email to Mr. Cook about the anticipated

date for finalizing the LTIP for CEO and Management Team. (See Exhibit R to Jakowsky Decl. at

D000596; Halstead Dep. 135:23-136:2.)

**Response**: Undisputed.

137.    Mr. Halstead further indicated the plan to finalize the LTIP at the March 2019 Board meeting. (See Exhibit R to Jakowsky Decl. at D000596; Halstead Dep. 135:23-136:2.)

**Response**: Undisputed.

138.    Specifically, Mr. Halstead explained: ███████████████████████

████████████████████████████████████████████████████████████████

███ (See Exhibit R to Jakowsky Decl. at D000596.)

**Response**: Undisputed.

139.    Mr. Halstead sent the email because he was attempting to complete the creation of the LTIP but required outstanding information from the management team. (Halstead Dep. 136:13-18.)

**Response**: Disputed. Defendants' citation does not accurately reflect the facts.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP.

Defendants admit that with prior CEOs, ██████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████ (Warren Decl., ¶62 Shea Depo. 64:11-20, 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018 to D00032 at D00029 Hallett EA.)

**Reply**: Defendants' Paragraph No. 139 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 139.  Moreover, the additional facts cited by Plaintiff are either not relevant to, or do not dispute, the material facts asserted in Paragraph No. 139; namely that Mr. Halstead sent the email because he was attempting to complete the creation of the LTIP but required outstanding information from the management team.  Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however the deposition testimony cited directly states: ████████████████████████████

████████████████████████████████████████

(Halstead Dep. 136:13-18.) Notably, Plaintiff does not dispute this direct quote in his Response to Defendants' Paragraph No. 140.  As such, the Court should deem Defendants' Paragraph No. 139 admitted for purposes of this motion.

140.    Mr. Halstead explained: ████████████████████████

████████████████████████████████████████

████████████ (Halstead Dep. 136:15-18.)

**Response**: Undisputed.

141.    The management team consisted of Plaintiff and his subordinates. (Pl. Dep. 199:14-19.)

**Response**: Disputed. Defendants' citation does not support the proffered fact:

**Additional Material Facts:** Plaintiff's deposition testimony states: "Q. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ A. ████████████████

████████████████████████████████ (Warren Decl., ¶59 **Pl.**

**Depo.** 199:9-19.)

> **Reply**: Defendants' Paragraph No. 141 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 141. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 141; namely that the management team was comprised of Plaintiff and his direct reports. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however Plaintiff then directly quotes Plaintiff's deposition testimony in which he states the management team: ████████████ ████████████████████ (Pl. Dep. 199:17-19.) Moreover, in response to Defendants' Paragraph No. 152, Plaintiff readily admits this same fact. As such, the Court should deem Defendants' Paragraph No. 141 admitted for purposes of this motion.

142.    As of that date, Plaintiff had not submitted a strategic plan and financial projections. (Halstead Dep. 137:9-11; Pl. Dep. 200:25-201:9.)

**Response**: Disputed.

Additional Material Fact: Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that

Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018 to D00032 at D00029 Hallett EA.)

> **Reply**: Defendants' Paragraph No. 142 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 142. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 142; namely that by March 8, 2019 Plaintiff had not submitted a strategic plan or financial projections. At his deposition, Plaintiff specifically testified: ██████████████████████████████████████████████ (Pl. Dep. 200:25-201:9.) Plaintiff attempts to create an issue of fact by disputing whether an LTIP was ultimately ever created for Plaintiff by PayGovernance, however, that was not Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 142 admitted for purposes of this motion.

143.   On January 16, 2019, Mr. Halstead sent an email to Plaintiff stating that they were to discuss the ██████████████████████████████ (See Exhibit DDD to Jakowsky Decl. at D000300.)

**Response**: Undisputed.

144.    Mr. Halstead advised Plaintiff that he ████████████ ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ (See Exhibit DDD to Jakowsky

Decl. at D000300.)

**Response**: Undisputed.

145.    On February 28, 2019, Mr. Halstead sent an email to the Compensation Committee,

copying Plaintiff, outlining topics of discussion for a Compensation Committee call scheduled for

the next day. (See Exhibit S to Jakowsky Decl. at D000412.)

**Response**: Undisputed.

146.    Amongst the topics of discussion was the status of the LTIP. Specifically, Mr.

Halstead explained: ████████████████████████████████████████████████

████████████████████████████ (See Exhibit S to Jakowsky Decl. at D000412.)

**Response**: Disputed.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by

Pay Governance's John Sinkular. He also admitted that there was never a written agreement that

Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart

Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not

required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment

Agreement without both parties agreeing to the change and signing the written agreement. There

was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive

a bonus in lieu of an LTIP. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren

Decl., ¶59 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018 to D00032 at D00029 Hallett EA.)

   **Reply**: Defendants' Paragraph No. 146 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 146.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 146; namely that in a February 28, 2019 email from Mr. Halstead to the Compensation Committee, Mr. Halstead stated ████████████

███████████████████████████████████████████████

████ (See Exhibit S to Jakowsky Decl. at D000412.)   As such, the Court should deem Defendants' Paragraph No. 146 admitted for purposes of this motion.

  147. Plaintiff was copied on this email and received it. (See Exhibit S to Jakowsky Decl. at D000412; Pl. Dep. 196:7-14.)

  **Response**: Disputed. Defendants' citation does not support the proffered fact.

  **Additional Material Facts:** Plaintiff's Deposition Testimony states: "Q. ████████████

███████████████████████████████████████████████

███████████████████████████████████████ A. ████████████

████████████ (Warren Decl., ¶59 **Pl. Depo.** 196:7-14.)

   **Reply**: Defendants' Paragraph No. 147 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 147.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 147; namely that Plaintiff received the

February 28, 2019 email from Mr. Halstead. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however Plaintiff then quotes directly from Plaintiff's deposition testimony admitting to receiving the email. (Pl. Dep. 196:7-14.) As such, the Court should deem Defendants' Paragraph No. 147 admitted for purposes of this motion.

148.    Plaintiff did not respond to that email. (See Exhibit S to Jakowsky Decl. at D000412.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Exhibit S shows Plaintiff started the conversation and email chain and was copied on the Halsted email. It does not show that he did not respond. (Warren Decl., ¶40 D000412-D000413 2/285/19 Email Halstead to Day and Degan.)

**Reply**: Defendants' Paragraph No. 148 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 148. In fact, Plaintiff does not dispute the material facts asserted in Paragraph No. 148; namely that he did not respond to Mr. Halstead's email. As such, the Court should deem Defendants' Paragraph No. 148 admitted for purposes of this motion.

149.    On March 7, 2019, Mr. Halstead sent an email to Plaintiff and the Compensation Committee enclosing the Compensation Committee Report for the Board meeting scheduled for March 8, 2019. (See Exhibit T to Jakowsky Decl. at D000334-D000335.)

**Response**: Undisputed.

150.    The Committee Report provided an update on the LTIP, specifically stating:

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████

████████████████ (See Exhibit T to Jakowsky Decl. at D000335.)

**Response**: Disputed.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018 to D00032 at D00029 Hallett EA.)

**Reply**: Defendants' Paragraph No. 150 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 150. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 150; namely that the Committee Report provided an update on the LTIP. Plaintiff does not dispute the citation and quote from the Committee Report. Instead, Plaintiff attempts to create an issue of fact by disputing whether an LTIP was ever created by PayGovernance for Plaintiff, however this was not Defendants' initial

statement of fact. As such, the Court should deem Defendants' Paragraph No. 150 admitted for purposes of this motion.

151.    Plaintiff received a copy of this Report. (See Exhibit T to Jakowsky Decl. at D000334.)

**Response**: Disputed

**Additional Material Facts:** Exhibit T is an email dated March 7, 2019 from Scott Halstead to Bruce Hallett and Scott Day along with a Memorandum. It does not reflect, acknowledge or confirm Plaintiff received a copy of this Report. (Warren Decl., ¶25 D000334-D000339 3/7/19 Email Halstead to Hallett.)

**Reply**: Defendants' Paragraph No. 151 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 151. Moreover, the additional facts cited by Plaintiff do not dispute the material facts asserted in Paragraph No. 151; namely that Plaintiff received a copy of the March 8, 2019 Compensation Committee Report. Notably, Plaintiff's counter-statement cites to the same document cited by Defendants in support of Paragraph No. 151 – an email from Mr. Halstead to Plaintiff enclosing the March 8, 2019 Compensation Committee Report. (See Exhibit T to Jakowsky Decl. at D000334.) As such, the Court should deem Defendants' Paragraph No. 151 admitted for purposes of this motion.

152.    ███████████    referred to Plaintiff, Mr. Cook, and Colin Turcotte. (Pl. Dep. 199:14-19.)

**Response**: Undisputed.

153.    At the time, management had not yet provided the long-term financial projections referenced in the Report. (Pl. Dep. 200:25-201:9.)

**Response**: Disputed.

**Additional Material Facts:** Plaintiff's Deposition Testimony states: ██████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████

Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that Plaintiff needed to provide financial projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶25 D000334-D000339 3/7/19 Email Halstead to Hallett.)

**Reply**: Defendants' Paragraph No. 153 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 153. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 153; namely that by March 8, 2019 Plaintiff had not submitted a strategic plan or financial projections at this juncture. As quoted in Plaintiff's

counter-statement,  Plaintiff specifically testified:  ████████████████████

███████████████████████████ (Pl. Dep. 200:25-201:9.) Plaintiff attempts to create an

issue of fact by disputing whether an LTIP was ultimately ever created by PayGovernance for

Plaintiff, however that was not Defendants' initial statement of fact. Notably, Plaintiff does not

dispute this exact quotation in response to Paragraph No. 154.  As such, the Court should deem

Defendants' Paragraph No. 153 admitted for purposes of this motion.

154.    Specifically, when asked whether, at that point in time, management was in a

position to prepare its long term plan, including financial projections, Plaintiff responded: ████

██████████████████████████████████████████ (Pl. Dep.

200:25-201:9.)

**Response**: Undisputed.

155.    Plaintiff understood the long-term plan was necessary to further the potential

preparation of an LTIP. (Pl. Dep. 208:12-17.)

**Response**: Disputed.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by

Pay Governance's John Sinkular. He also admitted that there was never a written agreement that

Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart

Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not

required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment

Agreement without both parties agreeing to the change and signing the written agreement. There

was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive

a bonus in lieu of an LTIP.

Further, Plaintiff did not say he ███████████████████████████████████

███████████████████████████

Stuart Dean, unilaterally, and contrary to the Plaintiff's Employment Agreement, decided they could provide Plaintiff a ███████████████ in lieu of an LTIP without a signed agreement modifying the Employment Agreement.

Plaintiff's Employee Agreement section 14b states that ████████████████████████

████████████████████████████████████████████████████

Further, the Stuart Dean board has ████████████████████████ admitting they use the Compensation Committee 'discretion' that they always maintain in violation of the Employment Agreement. However, the Annual Bonus of the Employment Agreement affords the board no discretion and is based on Plaintiff hitting objective metrics. (Warren Decl., ¶59 **Pl. Depo.** 76:8-25, 88:17-89:21, 173:16-24, 208:12-17; Warren Decl., ¶16 D000566-D000587 at D000566; Warren Decl., ¶17 D000004-D000005; Warren Decl., ¶18 D000079-D000080; Warren Decl., ¶7 D000018 to D00032 at D00029; Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20.)

**Reply**: Defendants' Paragraph No. 155 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 155. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 155; namely that Plaintiff understood the long-term plan was necessary to further the potential preparation of any potential LTIP. In fact, at his deposition, when Plaintiff was asked ████████████████████████████████████

████████████████████████ Plaintiff specifically testified: ███████████ (Pl.

Dep. 208:12-15.)  As such, the Court should deem Defendants' Paragraph No. 155 admitted for purposes of this motion.

156.    On May 15, 2019, Mr. Halstead sent an email to Plaintiff and Mr. Shea enclosing the Compensation Committee Report for the May 17, 2019 Board Meeting. (See Exhibit U to Jakowsky Decl. at D000286-D000288; Pl. Dep. 188:12-17.)

**Response**: Undisputed.

157.    In the Report, the Compensation Committee unanimously recommended to the Board that for 2019, in lieu of an LTIP, a one-time incentive payment should be created for Plaintiff. (See Exhibit V to Jakowsky Decl. at D000565; Pl. Dep. 188:21-189:5, 189:19-24.)

**Response**: Disputed. Defendants' citation to Plaintiff's deposition testimony does not support the proffered fact.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP. Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018 to D000032 at D000029 Hallett EA.

**Reply**: Defendants' Paragraph No. 157 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 157. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 157; namely that at the May 17, 2019 Board Meeting the Compensation Committee unanimously recommended to the Board that for 2019, in lieu of an LTIP, a one-time incentive payment should be created for Plaintiff. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however ignores the fact that Plaintiff's deposition testimony cited by Defendants confirms the Board Minutes for the May 17, 2019 Board Meeting contained the aforementioned recommendation by the Compensation Committee. (Pl. Dep. 188:21-189:5, 189:19-24.) As such, the Court should deem Defendants' Paragraph No. 157 admitted for purposes of this motion.

158.   The plan also stated that the effort to discuss and design an LTIP ██████████

██████████████████████████████ (See Exhibit U to Jakowsky Decl. at D000287.)

**Response**: Undisputed.

159.   Plaintiff responded to Mr. Halstead's email stating: ██████████████

(See Exhibit W to Jakowsky Decl. at D000403; Pl. Dep. 216:19-217:1.)

**Response**: Disputed. Defendants' citation does not support the cited fact.

**Additional Material Facts:** Plaintiff's cited Deposition testimony states: ██████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████

Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018 to D000032 at D000029 Hallett EA.)

> **Reply**: Defendants' Paragraph No. 159 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rule 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 159. While Defendants concede that a typographical error in Paragraph 159 of their 56.1 Statement inadvertently cited to Exhibit W to Jakowsky Decl. rather than Exhibit V, Exhibit V contains Plaintiff's statement: ██████████████ (See Exhibit V to Jakowsky Decl. at D000565.) Plaintiff does not dispute the accuracy of this statement. As such, the Court should deem Defendants' Paragraph No. 159 admitted for purposes of this motion.

160.    On June 6, 2019, Plaintiff sent an email Mr. Halstead and Mr. Shea which attached a copy of Mr. Parrish's LTIP. (See Exhibit U to Jakowsky Decl. at D000286-D000288; Pl. Dep. 190:1-19.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Hallett's Deposition testimony states: █████████

██████████████ Q. ███████████████████████████

████████████████████████████████████████

███████████████████████████ A.

████████████████████ Q. █████ A. ████████

████████████████████ MS. WARREN: ███████

██. A. ████████████████ Q. ████████████

███████ A. ████████████████ **Pl. Depo.** 189:25-190:19.

     **Reply**: Defendants' Paragraph No. 160 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rule 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 160. While Defendants concede that a typographical error in Paragraph 160 of their 56.1 Statement inadvertently cited to Exhibit U to Jakowsky Decl. rather than Exhibit W, Exhibit W establishes that on June 6, 2019, Plaintiff sent an email Mr. Halstead and Mr. Shea which attached a copy of Mr. Parrish's LTIP. (See Exhibit U to Jakowsky Decl. at D000403-D000411.) Plaintiff does not dispute the accuracy of this fact. Plaintiff even cites to the pertinent citations from Plaintiff's deposition in response to Defendants' Paragraph No. 159 (████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████ As such, the Court should deem Defendants' Paragraph No. 160 admitted for purposes of this motion.

161.    Plaintiff sent the email so Mr. Halstead and Mr. Shea could review the terms of the document to prepare the structure of the LTIP referenced in his Employment Agreement. (Pl. Dep. 217:2-7.)

**Response**: Disputed.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018 to D000032 at D000029 Hallett EA.)

**Reply**: Defendants' Paragraph No. 161 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 161. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 161; namely the reason why Plaintiff sent the Parrish LTIP to Mr. Shea and Mr. Halstead. When asked ███████████████████████

████████████████████████████████████████████████

████████████████████████████████  Plaintiff clearly responded: ███████████

███████████████████████████ (Pl. Dep. 217:2-7.)  As such, the Court should deem Defendants' Paragraph No. 161 admitted for purposes of this motion.

162.    The same day, Mr. Shea replied to Plaintiff's email by attaching the Compensation Committee's discussions regarding an LTIP from 2017. (See Exhibit X to Jakowsky Decl. at D000650-D000663.)

**Response**: Undisputed.

163.    Those discussions concern a potential LTIP for Jim Degan, the prior CEO. (See Exhibit X to Jakowsky Decl. at D000651.)

**Response**: Undisputed.

164.    Approximately two (2) weeks later, on June 18, 2019, Mr. Halstead received an email from Mr. Sinkular attaching an Engagement Proposal to ███████████████████

███████████████████████████████████████████████████████████

██████████ (See Exhibit Y to Jakowsky Decl. at D000685.)

**Response**: Disputed.

**Additional Material Facts:** Mr. Halstead was unclear whether Mr. Sinkular provided a proposal in 2019 or 2018. (Warren Decl., ¶60 Halstead Depo. 132:8-135:18.)

**Reply**: Defendants' Paragraph No. 164 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 164; namely that Mr. Halstead received an email from Mr. Sinkular on June 18, 2019 attaching an Engagement Proposal. The document speaks for itself. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 164.  As such, the Court should deem Defendants' Paragraph No. 164 admitted for purposes of this motion.

165.    Mr. Halstead forwarded that email to Mr. Shea on June 19, 2019, seeking Mr. Shea's input on the process for working with Plaintiff and the Compensation Committee to reach agreement on the scope of the engagement with Pay Governance. (See Exhibit Z to Jakowsky Decl. at D000683-D000684.)

**Response**: Disputed.

**Additional Material Facts:** Defendants citation is to a document. There is no indication or testimony as to what Mr. Halstead was seeking input. (Warren Decl., ¶41 D000683-D000684 at D000683 6/21/19 Email Shea to Halstead.)

**Reply**: Defendants' Paragraph No. 165 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 165. Moreover, the additional facts cited by Plaintiff do not dispute the material facts asserted in Paragraph No. 165. Plaintiff's counter-statement contends the document cited by Defendants contains no indication or testimony that Mr. Halstead was seeking input from Mr. Shea, however the email sent by Mr. Halstead to Mr. Shea on June 19, 2019 at 1:11pm clearly states: ███████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████ (See Exhibit Z to Jakowsky Decl. at D000683.) As such, the Court should deem Defendants' Paragraph No. 165 admitted for purposes of this motion.

166.    Following Mr. Shea's input, Mr. Halstead contacted Mr. Sinkular to schedule a telephone call to further discuss the proposal. (See Exhibit AA to Jakowsky Decl. at D000681-D000682.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Defendants cited an exhibit which does not reflect Mr. Shea's input. (Warren Decl., ¶42 D000681-D000682 8/1/19 Email Halstead to Sinkular.)

**Reply**: Defendants' Paragraph No. 166 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 166. Moreover, the additional facts cited by Plaintiff do not dispute the material facts asserted in Paragraph No. 166; namely that Mr. Halstead contacted Mr. Sinkular to schedule a telephone call to further discuss the proposal. As such, the Court should deem Defendants' Paragraph No. 166 admitted for purposes of this motion.

167.   On August 6, 2019, Mr. Halstead sent an email to the Compensation Committee with an update on his discussion with Mr. Sinkular. Mr. Halstead explained the Committee would need an updated strategic plan from management with a three (3) and preferably five (5) year outlook. Mr. Halstead expressed his understanding that the Committee did not yet have this plan from Plaintiff. (See Exhibit BB to Jakowsky Decl. at D000364.)

**Response**: Disputed.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive

a bonus in lieu of an LTIP. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018 to D000032 at D000029 Hallett EA.)

> **Reply**: Defendants' Paragraph No. 167 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 167. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 167; namely that on August 6, 2019, Mr. Halstead sent an email to the Compensation Committee with an update on his discussion with Mr. Sinkular. Plaintiff attempts to create an issue of fact by disputing whether an LTIP was ever created by PayGovernance for Plaintiff. This was not Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 167 admitted for purposes of this motion.

168.   On August 14, 2019, Mr. Halstead sent an email to Plaintiff and the Board enclosing the Compensation Committee's Report for the August 16, 2019 Board Meeting, the Engagement Proposal from Pay Governance, and a copy of Mr. Parrish's LTIP. (See Exhibit III to Jakowsky Decl. at D000301; Pl. Dep. 190:1-19.)

> **Response**: Disputed. Defendants' citation does not support the proffered fact.

> **Additional Material Facts:** Plaintiff's Deposition Testimony states: ███████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

████████████████████████ (Warren Decl., ¶59 **Pl. Depo.** 189:25-190:19.)

    <u>Reply</u>: Defendants' Paragraph No. 168 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rule 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 168. While Defendants concede that a typographical error in Paragraph 168 of their 56.1 Statement inadvertently cited to Exhibit III to Jakowsky Decl. rather than Exhibit CC, Exhibit CC supports the facts asserted in Paragraph No. 168; namely that on August 14, 2019, Mr. Halstead sent an email to Plaintiff and the Board enclosing the Compensation Committee's Report for the August 16, 2019 Board Meeting, the Engagement Proposal from Pay Governance, and a copy of Mr. Parrish's LTIP. (<u>See</u> Exhibit CC to Jakowsky Decl. at D000301.) Plaintiff's counter-statement does not dispute that such an email was sent. As such, the Court should deem Defendants' Paragraph No. 168 admitted for purposes of this motion.

  169. Again, Mr. Parrish's Amended LTIP only provided for payout of an LTIP in the event of retirement, death, disability, sale or an IPO. (<u>See</u> Exhibit III to Jakowsky Decl. at D000314.)

  <u>Response</u>: Disputed. Defendants' citation does not support the proffered fact.

  <u>Additional Material Facts:</u> Defendants cited the wrong exhibit as exhibit III does not support the fact. It is the Answer to the Complaint. (Warren Decl., ¶27 D000301-D000315 8/14/19 Email Halstead to BOD.)

    <u>Reply</u>: Defendants' Paragraph No. 169 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rule 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 169. While Defendants concede that a typographical error in Paragraph 169 of their

56.1 Statement inadvertently cited to Exhibit III to Jakowsky Decl. rather than Exhibit CC, Exhibit CC supports the facts asserted in Paragraph No. 169; namely that Mr. Parrish's Amended LTIP only provided for payout of an LTIP in the event of retirement, death, disability, sale or an IPO. (See Exhibit CC to Jakowsky Decl. at D000314.) Plaintiff's counter-statement does not dispute this fact. In fact, Plaintiff readily admitted as such at his deposition. Specifically, when Plaintiff was asked: ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

he responded: ████████████████████████████████ (Pl. Dep. 152:2-15.) As such, the Court should deem Defendants' Paragraph No. 169 admitted for purposes of this motion.

170.    The Report, which Plaintiff received, outlined the Committee's progress on the LTIP, including the proposal that was received from John Sinkular at Pay Governance. (See Exhibit III to Jakowsky Decl. at D000302.)

**Response**: Disputed. Defendants' citation does not support the proffered fact. Defendants cited the wrong exhibit as exhibit III does not support the fact. It is the Answer to the Complaint.

**Reply**: Defendants' Paragraph No. 170 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rule 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 170. While Defendants concede that a typographical error in Paragraph 170 of their 56.1 Statement inadvertently cited to Exhibit III to Jakowsky Decl. rather than Exhibit CC, Exhibit CC supports the facts asserted in Paragraph No. 170, specifically that the Report outlined

████████████████████████████████████████████████████████████████████████

████████████████████████████  (See Exhibit CC to Jakowsky Decl. at D000302.)  Plaintiff's counter-

statement does not dispute this fact. As such, the Court should deem Defendants' Paragraph No. 170 admitted for purposes of this motion.

171.    Pursuant to follow-up communications with Mr. Sinkular, two (2) additional items were requested to complete the LTIP recommendation: (1) a management plan with at least three (3) but preferably a five (5) year outlook; and (2) a statement of the Shareholders' objectives. (See Exhibit III to Jakowsky Decl. at D000303; Pl. Dep. 203:5-16.)

**Response**: Disputed. Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018 to D000032 at D000029 Hallett EA.)

**Reply**: Defendants' Paragraph No. 171 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rule 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 171. While Defendants concede that a typographical error in Paragraph 171 of their 56.1 Statement inadvertently cited to Exhibit III to Jakowsky Decl. rather than Exhibit CC, Exhibit CC supports the facts asserted in Paragraph No. 171; namely that ███████████████



. (See Exhibit CC to

Jakowsky Decl. at D000303.) The additional facts cited by Plaintiff are not relevant to, and do not

dispute, these material facts asserted in Paragraph No. 171. As such, the Court should deem

Defendants' Paragraph No. 171 admitted for purposes of this motion.

172.   Specifically, the Report states:

(See Exhibit III to Jakowsky Decl. at D000303.)

**Response**: Disputed. Defendants' citation does not support the proffered fact. Defendants

cited the wrong exhibit as exhibit III does not support the fact. It is the Answer to the Complaint.

**Reply**: Defendants' Paragraph No. 172 should be deemed admitted for purposes of

this motion due to Plaintiff's failure to comply with Local Rule 56.1(c) and 56.1(d). Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 172. While Defendants concede that a typographical error in Paragraph 171 of their

56.1 Statement inadvertently cited to Exhibit III to Jakowsky Decl. rather than Exhibit CC, Exhibit

CC contains the direct quotation included in Defendants' Paragraph No. 172. (See Exhibit CC to

Jakowsky Decl. at D000303.) Plaintiff's counter-statement does not dispute this fact. As such, the

Court should deem Defendants' Paragraph No. 172 admitted for purposes of this motion.

173.   On November 1, 2019, Plaintiff emailed Mr. Shea regarding items of discussion for

the upcoming Board meeting. Specifically, Plaintiff wanted to discuss the LTIP as he had not heard

108

directly from Mr. Sinkular. Plaintiff also wanted to discuss his succession from the CEO position.
(See Exhibit DD to Jakowsky Decl. at D000718.)

**Response**: Undisputed.

174.    Mr. Shea responded to Plaintiff's email noting the continued need for a strategic
plan to create the LTIP and requesting to speak later than day regarding Plaintiff's succession.
(See Exhibit DD to Jakowsky Decl. at D000718; Pl. Dep. 206:4-24, 207:22-23.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Plaintiff's Deposition testimony states:



Plaintiff's Deposition testimony also states:

(Warren Decl., ¶59 **Pl. Depo.** 206:4-24, 207:22-24.)

**Reply**: Defendants' Paragraph No. 174 should be deemed admitted for purposes of
this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 174. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not

dispute, the material facts asserted in Paragraph No. 174. Plaintiff's counter-statement falsely

contends Defendants' citation does not support the proffered fact, however the November 1, 2019

email from Mr. Shea to Plaintiff specifically states: ███████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████ (See Exhibit DD to Jakowsky Decl. at D000718.) Moreover, Plaintiff's counterstatement

directly quotes Plaintiff's deposition testimony agreeing that the November 1, 2019 email asked

Plaintiff to provide a three-year plan for the purpose of furthering discussions regarding his LTIP.

(Pl. Dep. 206:4-24, 207:22-23.) As such, the Court should deem Defendants' Paragraph No. 174

admitted for purposes of this motion.

     175.    Specifically, Mr. Shea advised Plaintiff in an email that ██████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ (See Exhibit DD to Jakowsky Decl.

at D000718.)

    **Response**: Disputed.

    **Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by

Pay Governance's John Sinkular. He also admitted that there was never a written agreement that

Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart

Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018-D000032 at D000029 Hallett EA.)

**Reply**: Defendants' Paragraph No. 175 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 175. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 175; namely that the November 1, 2019 email from Mr. Shea to Plaintiff stated: ██████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████ (See Exhibit DD to Jakowsky Decl. at D000718.) As such, the Court should deem Defendants' Paragraph No. 175 admitted for purposes of this motion.

176.    On November 3, 2019, Mr. Shea sent a follow-up email to Plaintiff further explaining the reason for the strategic plan. Mr. Shea also expressed his confusion at Plaintiff's desire to discuss his successor as his Employment Agreement did not contain a firm end date. Mr. Shea explained that if Plaintiff wished to terminate his contract with three (3) years, then that information should be shared with Mr. Sinkular for purposes of preparing the LTIP. (See Exhibit EE to Jakowsky Decl. at D000392.)

**Response**: Disputed.

**Additional Material Facts:** Plaintiff's Employment Agreement provides if he is going to resign, he provide 90 days written notice. There is no evidence Plaintiff provided that notice. (Warren Decl., ¶7 D000018-D000032 at D000020 Hallett EA.)

        **Reply**: Defendants' Paragraph No. 176 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 176. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 176; namely that Mr. Shea sent a follow-up email to Plaintiff further explaining the reason for the strategic plan and expressing his confusion over Plaintiff's desire to discuss his successor. As such, the Court should deem Defendants' Paragraph No. 176 admitted for purposes of this motion.

    177.    Specifically, Mr. Shea advised Plaintiff that he hoped this ███████████ ████████████████████████████████████████████████████████████████

(See Exhibit EE to Jakowsky Decl. at D000392.)

**Response**: Disputed.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

    Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

    Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There

was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018-D000032 at D000029 Hallett EA.

**Reply**: Defendants' Paragraph No. 177 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 177. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 177. Plaintiff attempts to create an issue of fact by disputing whether an LTIP was ever created by PayGovernance for Plaintiff and whether Plaintiff was required to provide additional information for the LTIP. Neither of these were Defendants' initial statement of fact. Defendants' Paragraph 177 simply contains a direct quotation from Mr. Shea's email to Plaintiff. Plaintiff's counter-statement does not dispute the accuracy of this quotation. As such, the Court should deem Defendants' Paragraph No. 177 admitted for purposes of this motion.

178.     On November 9, 2019, Mr. Shea forwarded the November 3rd email to Mr. Halstead. (See Exhibit EE to Jakowsky Decl. at D000392.)

**Response**: Undisputed.

179.     On November 10, 2019, Mr. Halstead emailed Mr. Sinkular with an update on the Company's progress, noting that the Board had yet to receive a strategic plan from Plaintiff. (See Exhibit FF to Jakowsky Decl. at D000680.)

**Response**: Disputed.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that

Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018-D000032 at D000029 Hallett EA.)

**Reply**: Defendants' Paragraph No. 179 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 179. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 179; namely that Mr. Halstead emailed Mr. Sinkular on November 10, 2019 with an update on the Company's progress, noting that the Board had yet to receive a strategic plan from Plaintiff. Defendant's Paragraph No. 180 contains the direct quote from the instant email. As such, the Court should deem Defendants' Paragraph No. 179 admitted for purposes of this motion.

180.   Specifically, Mr. Halstead explained: ███████████████████████
██████████████████████████████████████████ (See Exhibit FF to Jakowsky Decl. at D000680.)

**Response**: Disputed.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018-D000032 at D000029 Hallett EA.)

**Reply**: Defendants' Paragraph No. 180 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 180. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 180 Plaintiff attempts to create an issue of fact by disputing whether an LTIP was ever created by PayGovernance for Plaintiff and whether Plaintiff was required to provide additional information for any potential LTIP. Neither of these were Defendants' initial statement of fact. Defendants' Paragraph 180 simply contains a direct quotation from Mr. Halstead's email to Mr. Sinkular. Plaintiff's counter-statement does not dispute the accuracy of this quotation. As such, the Court should deem Defendants' Paragraph No. 180 admitted for purposes of this motion.

181.    Mr. Sinkular responded on November 11, 2019, explaining that he typically speaks

████████████████████████████████████████████████████████████

██████████████ (See Exhibit FF to Jakowsky Decl. at D000679.)

**Response**: Undisputed.

182.    On November 22, 2019, Plaintiff contends that a Strategic Plan was presented to

the Board. (See Exhibit GG to Jakowsky Decl. at BH000053-BH000056; Pl. Dep. 208:6-11; Pl.

Dep. 210:5-18, 212:7-11.)

**Response**: Undisputed.

183.    The Strategic Plan did not contain any information regarding any potential sale of

the Company or the potential ramifications in the event of a sale in any of the successive three (3)

years. (Pl. Dep. 214:24-215:3.)

**Response**: Undisputed.

184.    Plaintiff, however, intended to be compensated under an LTIP for a sale of the

business. (Pl. Dep. 213:22-24.)

**Response**: Disputed. Does not reflect the actual testimony.

**Additional Material Facts:** Plaintiff's testimony provides: ██████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████ (Warren Decl., ¶59 **Pl. Depo.** 213:13-214:6.)

**Reply**: Defendants' Paragraph No. 184 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rule 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 184.  While Defendants concede that a typographical error in Paragraph 184 of their 56.1 Statement inadvertently cited to page 213 of Plaintiff's deposition transcript, rather than page 214, page 214 of Plaintiff's deposition at lines 214:18-23 reads: ████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

(See Pl. Dep. 214:18-23).  Plaintiff's counter-statement does not dispute the accuracy of this testimony.  As such, the Court should deem Defendants' Paragraph No. 184 admitted for purposes of this motion.

185.     On or about November 1, 2019, Plaintiff advised Mr. Shea that he intended to leave his position as CEO on or about March 2021. (See Exhibit DD to Jakowsky Decl. at D000718.)

**Response**: Disputed.  Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Defendants' citation states the following;

███████████████████████████████████████████████████████

██████████████████

Further, Plaintiff's Employment Agreement requires that in order for him to terminate the Employment Agreement, provide at least ninety (90) days advance written notice of any resignation of Executive's employment.  Plaintiff never provided any such written notice of resignation. (Warren Decl., ¶29 D000718-D000720 11/1/19 Email Shea to Hallett; Warren Decl., ¶7 D000018-D000032 at D000020 Hallett Employment Agreement at Par. 10.)

117

**Reply**: Defendants' Paragraph No. 185 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 185. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 185; namely that Plaintiff advised Mr. Shea that he intended to step down from his position as CEO. Plaintiff attempts to create an issue of fact by disputing whether he provided written notice of his resignation pursuant to his Employment Agreement. This was not Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 185 admitted for purposes of this motion.

186.    This varied the Company's understanding of its relationship with Plaintiff as the Employment Agreement did not have a defined end point. (See Exhibit EE to Jakowsky Decl. at D000392.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Defendants' citation states:

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████

Further, Plaintiff's Employment Agreement requires that in order for him to terminate the Employment Agreement, provide at least ninety (90) days advance written notice of any resignation of Executive's employment. Plaintiff never provided any such written notice of resignation. (Warren Decl., ¶29 D000718-D000720 11/1/19 Email Shea to Hallett; Warren Decl., ¶7 D000018-D000032 at D000020 Hallett Employment Agreement at Par. 10.)

**Reply**: Defendants' Paragraph No. 186 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 186. Moreover, the additional facts cited by Plaintiff are either not relevant to, or do not dispute, the material facts asserted in Paragraph No. 186; namely that Plaintiff's Employment Agreement did not contain specific ending date. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however Plaintiff then quotes the exact language within the November 1, 2019 email that supports this fact. (See Exhibit EE to Jakowsky Decl. at D000392.) Plaintiff attempts to create an issue of fact by disputing whether he provided written notice of his resignation pursuant to his Employment Agreement. This was not Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 186 admitted for purposes of this motion.

187.    On December 3, 2019, Mr. Shea sent an email to the Executive Board regarding Plaintiff's decision to leave the company by March 2021 and outlining the CEO succession plan to be undertaken. (See Exhibit HH to Jakowsky Decl. at D000271-D000272.)

**Response**: Disputed. Mr. Shea sent the email to the entire board. Further, Plaintiff's Employment Agreement requires that in order for him to terminate the Employment Agreement, provide at least ninety (90) days advance written notice of any resignation of Executive's employment. Plaintiff never provided any such written notice of resignation. (Warren Decl., ¶29 D000718-D000720 11/1/19 Email Shea to Hallett; Warren Decl., ¶7 D000018-D000032 at D000020 Hallett Employment Agreement at Par. 10; Warren Decl., ¶31 D000271-D000283 at D000271-D000272 12/3/19 Email Shea to BOD.)

**Reply**: Defendants' Paragraph No. 187 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 187.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 187; namely that Mr. Shea sent an email to the Board regarding Plaintiff's decision to leave the company and outlining the CEO succession plan to be undertaken.  Plaintiff attempts to create an issue of fact by disputing whether Mr. Shea sent the email to the entire board, however Plaintiff then cites to the December 3, 2019 email which clearly shows only the Executive Board as the email recipients. (See Exhibit HH to Jakowsky Decl. at D000271.)  In any event, whether Mr. Shea sent the email to the Executive Board or the entire Board is immaterial to Defendants' initial statement of fact.  As such, the Court should deem Defendants' Paragraph No. 187 admitted for purposes of this motion.

188.    Pursuant to a discussion at the November 22, 2019 Board Meeting, Mr. Shea did not include Plaintiff on the email so he could concentrate on urgent company matters. (See Exhibit HH to Jakowsky Decl. at D000271.)

**Response**: Undisputed.

189.    On March 2, 2020, Plaintiff sent an email to Mr. Halstead, Mr. Shea, Mr. Degan, and Mr. Day in which he asks: ███████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████ (See Exhibit II to Jakowsky Decl. at D000517.)

**Response**: Undisputed.

190.    Mr. Halstead responded to Plaintiff's email explaining that the Compensation Committee would not be presenting an LTIP at the March Board meeting.  Mr. Halstead explained that while an LTIP would have a three (3) to five (5) year outlook, Plaintiff had announced his

intention to step down from the CEO position by March 2021. (See Exhibit JJ to Jakowsky Decl. at D000647.)

**Response**: Disputed. Plaintiff never announced his intention to step down from the CEO position by March 2021.

**Additional Material Facts:** Plaintiff's Employment Agreement requires that in order for him to terminate the Employment Agreement, provide at least ninety (90) days advance written notice of any resignation of Executive's employment. Plaintiff never provided any such written notice of resignation.D000718-D000720 11/1/19 Email Shea to Hallett; (Warren Decl., ¶7 D000018-D000032 at D000020 Hallett Employment Agreement at Par. 10.)

**Reply**: Defendants' Paragraph No. 190 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 190. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 190; namely that Mr. Halstead responded to Plaintiff's email explaining that the Compensation Committee would not be presenting an LTIP at the March Board meeting. Plaintiff attempts to create an issue of fact by disputing whether he provided written notice of his resignation pursuant to his Employment Agreement. This was not Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 190 admitted for purposes of this motion.

191.    Specifically, Mr. Halstead explained: ███████████████

████████████████████████████████████████

███████████████    (See Exhibit JJ to Jakowsky Decl. at D000647.)

**Response**: Disputed.

**Additional Material Facts:** Plaintiff's Employment Agreement requires that in order for him to terminate the Employment Agreement, provide at least ninety (90) days advance written notice of any resignation of Executive's employment. Plaintiff never provided any such written notice of resignation. (Warren Decl., ¶29 D000718-D000720 11/1/19 Email Shea to Hallett; Warren Decl., ¶7 D000018-D000032 at D000020 Hallett Employment Agreement at Par. 10.)

**Reply**: Defendants' Paragraph No. 191 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 191. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 191; namely that Mr. Halstead responded to Plaintiff's email explaining why there was no reason to create an LTIP for Plaintiff. Plaintiff attempts to create an issue of fact by disputing whether he provided written notice of his resignation pursuant to his Employment Agreement. This was not Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 191 admitted for purposes of this motion.

192.   In that same communication, Mr. Halstead also stated that



(See Exhibit JJ to Jakowsky Decl. at D000647.)

**Response**: Disputed.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018-D000032 at D000029 Hallett EA.)

**Reply**: Defendants' Paragraph No. 192 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 192. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 192; namely that Mr. Halstead explained no long-term plan had been developed by management. Plaintiff attempts to create an issue of fact by disputing whether an LTIP was ever created by PayGovernance for Plaintiff or whether Plaintiff was required to provide information for any potential LTIP. This was not Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 192 admitted for purposes of this motion.

193.    Due to the failure of Plaintiff to provide the long-term plan, Mr. Halstead further explained the Compensation Committee was prepared to propose an ▮▮▮▮▮▮▮ incentive similar to the plan proposed for 2019, which Plaintiff supported, and that the Committee was open to expanding that incentive plan to cover other members of Plaintiff's team. (See Exhibit JJ to Jakowsky Decl. at D000647.)

**Response**: Disputed.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP.

Tim Shea also admitted that providing Plaintiff an LTIP two years into Plaintiff's Employment is pointless, because Plaintiff will be leaving in a year. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018-D000032 at D000029 Hallett EA; Warren Decl., ¶15 D000643-D000645 Email.)

**Reply**: Defendants' Paragraph No. 193 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 193. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 193 namely that the Compensation Committee was prepared to propose an ███████████ incentive similar to the plan proposed for 2019, which Plaintiff supported, and that the Committee was open to expanding that incentive plan to cover other members of Plaintiff's team. Plaintiff attempts to create an issue of fact by disputing whether an LTIP was ever created by PayGovernance or whether Plaintiff was required to provide

information for any potential LTIP. This was not Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 193 admitted for purposes of this motion.

194.    Specifically, he stated: █████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████ (See Exhibit JJ to Jakowsky Decl. at D000647.)

**Response**: Disputed.

**Additional Material Facts:** Mr. Shea admitted no LTIP was ever created for Plaintiff by Pay Governance's John Sinkular. He also admitted that there was never a written agreement that Plaintiff needed to provide projections in order to get the LTIP and no written agreement Stuart Dean could provide a bonus in lieu of an LTIP.

Mr. Halstead admitted that asking for information from Plaintiff for the LTIP was not required by Plaintiff's Employment Agreement.

Plaintiff's Employment Agreement does not provide for changes to the Employment Agreement without both parties agreeing to the change and signing the written agreement. There was no written agreement to require Plaintiff to provide information to obtain an LTIP or to receive a bonus in lieu of an LTIP. (Warren Decl., ¶62 Shea Depo. 65:22-69:8, 106:12-107:7; Warren Decl., ¶60 Halstead Depo. 152:13-153:20; Warren Decl., ¶7 D000018-D000032 at D000029 Hallett EA.)

**Reply**: Defendants' Paragraph No. 194 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 194. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not

dispute, the material facts asserted in Paragraph No. 194; namely that Mr. Halstead's email stated the Compensation Committee was prepared to propose an ███████████ncentive similar to the plan proposed for 2019, which Plaintiff supported, and that the Committee was open to expanding that incentive plan to cover other members of Plaintiff's team. Defendants' cite to the exact language from the email. Plaintiff attempts to create an issue of fact by disputing whether an LTIP was ever created by PayGovernance for Plaintiff or whether Plaintiff was required to provide information for any potential LTIP. This was not Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 194 admitted for purposes of this motion.

195.    On March 4, 2020 Plaintiff responded to Mr. Halstead's email. Plaintiff expressed his belief that Defendants breached Plaintiff's Employment Agreement by not providing an LTIP. (See Exhibit JJ to Jakowsky Decl. at D000646.)

**Response**: Undisputed.

196.    Plaintiff also expressed his belief that an LTIP would include a change in control provision and, relying on the Mr. Parrish LTIP framework, stated, ████████████████████ ████████████████████ (See Exhibit JJ to Jakowsky Decl. at D000647.)

**Response**: Undisputed.

197.    Plaintiff also stated: ███████████████████████████

████████████████████████████████████

███████████████████ (See Exhibit JJ to Jakowsky Decl. at D000647.)

**Response**: Undisputed.

198.    The value of the operating company was not increased by Plaintiff in the three years since Plaintiff's hire. (Shea Dep. 184:10-11.)

**Response**: Disputed. Defendants' citation does not support the proffered fact as it lacks a timeframe.

**Reply**: Defendants' Paragraph No. 198 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 198; namely that the value of the operating company was not increased while Plaintiff was CEO.  In fact, Plaintiff fails to present any evidence that disputes Defendants' initial statement of fact.  Instead, Plaintiff attempts to create an issue of fact by noting that Defendants' citation lacks a timeframe.  Plaintiff, however, does not contend that he increased the value of the Company.  As such, the Court should deem Defendants' Paragraph No. 198 admitted for purposes of this motion.

199.    The Company has not been sold and any sale related discussions have ceased. (Shea Dep. 177:22-178:1, 184:10-11.)

**Response**: Disputed. Defendants' citation does not support the proffered fact as it does not say that sale related discussions have ceased.

**Reply**: Defendants' Paragraph No. 199 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 199.  Moreover, the additional facts cited by Plaintiff do not dispute the material facts asserted in Paragraph No. 199. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however when asked about the sale discussions with Pritchard Industries and whether ██████████████████ Mr. Shea specifically testified: ██████████████████  As such, the Court should deem Defendants' Paragraph No. 199 admitted for purposes of this motion.

## VI.   PLAINTIFF CHALLENGES THE BOARD AUTHORITY ON MULTIPLE OCCASSIONS

200.    In the summer of 2018, Stuart Dean was contemplating a potential partial sale of certain office locations to Mid America Metals ("MAM".) (Pl. Dep. 154:24-155:16.)

**Response**: Undisputed.

201.    MAM ███████████████████████████████████ (Pl. Dep. 154:15-18.)

**Response**: Undisputed.

202.    ███████████████████████████████ (Pl. Dep. 154:6-7.)

**Response**: Undisputed.

203.    In June of 2018, MAM ███████████████████ (Pl. Dep. 154:20-22.)

**Response**: Undisputed.

204.    Upon hearing about the sale, Plaintiff asked Brian Snow, a member of the ownership family of Defendant Stuart Dean, █████████████████████ ██████████████ (Pl. Dep. 155:10-16.)

**Response**: Undisputed.

205.    In or about August or September 2018, Plaintiff began the process of seeking to develop a Joint Operating Agreement with MAM. (Pl. Dep. 154:16-18, 157:2-4.)

**Response**: Undisputed.

206.    Plaintiff had ██████████ with MAM. (Pl. Dep. 156:24-25.)

**Response**: Undisputed.

207.    In September 2018, Plaintiff also met in person with MAM in Denver, Colorado. (Pl. Dep. 157:1-4, 162:11-12.)

**Response**: Undisputed.

208.    Around this time, Plaintiff informed the Board about the potential for a joint operating agreement with a Company based in the Southeast. (Pl. Dep. 159:15-17.)

**Response**: Undisputed.

209.    Between the September meeting and a subsequent meeting in December 2018 in St. Louis, Missouri, the parties entered into a Non-Disclosure Agreement ("NDA".) (Pl. Dep. 162:9-14.)

**Response**: Undisputed.

210.    Pursuant to that Agreement, Stuart Dean would be prohibited from sharing information regarding the ████████ (Pl. Dep. 164:15-23.)

**Response**: Undisputed.

211.    Specifically, when asked about this prohibition, Plaintiff explained: ████████
████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████(Pl. Dep. 164:15-23.)

**Response**: Undisputed.

212.    On March 26, 2019, Plaintiff forwarded to Mr. Shea an email from MAM's President Brandon Donat. (See Exhibit KK to Jakowsky Decl. at BH000195.)

**Response**: Undisputed.

213.    Through the email, Mr. Donat sought to schedule a follow-up meeting ████████
████████████████████████████████ (See Exhibit KK to Jakowsky Decl. at BH000195.)

**Response**: Undisputed.

214.    In his email to Mr. Shea, Plaintiff stated: ████████████████ (See Exhibit KK to Jakowsky Decl. at BH000195.)

129

**Response**: Undisputed.

215.    Mr. Shea responded on March 28, 2019, saying: ███████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ (See Exhibit KK to Jakowsky

Decl. at BH000195.)

**Response**: Undisputed.

216.    On June 26, 2019, Mr. Shea sent an email to the Stuart Dean Board with an update

on the MAM discussions. (See Exhibit LL to Jakowsky Decl. at D000535.)

**Response**: Undisputed.

217.    Specifically, Mr. Shea explained: ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ (See Exhibit LL to Jakowsky

Decl. at D000535.)

**Response**: Undisputed.

218.    Pursuant to Mr. Shea's email, at the August 16, 2019 Board Meeting, the Board

Members discussed the MAM proposal. (See Exhibit MM to Jakowsky Decl. at D001140.)

**Response**: Undisputed.

219.    The Board voted to ██████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ (See Exhibit MM to

Jakowsky Decl. at D001141.)

**Response**: Undisputed.

220.    The Board also formed a ████████████████████████████████

comprised of Defendants Adriene Bailey, Thomas Brown, Chris Degan, and Kristen Schorp. (See

Exhibit MM to Jakowsky Decl. at D001141.)

**Response**: Undisputed.

221.    On August 26, 2019, Mr. Shea advised Plaintiff that he needed to engage an M&A

attorney, specifically stating ████████████████████████ (See Exhibit NN to

Jakowsky Decl. at D000605.)

**Response**: Undisputed.

222.    In November 2019, together with the MAM Special Ad Hoc Committee and Mr.

Shea, Plaintiff and Mr. Cook prepared a PowerPoint presentation containing pertinent financial

considerations regarding the MAM deal. (See Exhibit OO to Jakowsky Decl. at D000151-

D000202.)

**Response**: Undisputed.

223.    While reviewing the draft PowerPoint, Mr. Shea noticed a significant loss in the

Company's Key Accounts. (See Exhibit OO to Jakowsky Decl. at D000167.)

**Response**: Undisputed.

224.    Specifically, Mr. Shea identified the fact that the losses in Key Accounts were worth three (3) to four (4) times the value the Company expected to receive from the MAM deal. (See Exhibit OO to Jakowsky Decl. at D000167.)

**Response**: Undisputed.

225.    On November 12, 2019, Mr. Shea called Plaintiff to discuss this concern. Specifically, Mr. Shea ███████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████ (See Exhibit OO to Jakowsky Decl. at D000152.)

**Response**: Undisputed.

226.    Plaintiff responded by saying ██████████████████████████ ███████████████████ (See Exhibit OO to Jakowsky Decl. at D000152.)

**Response**: Undisputed.

227.    Mr. Shea explained ███████████████████████████ ███████████████████████████████████████████ (See Exhibit OO to Jakowsky Decl. at D000152.)

**Response**: Undisputed.

228.    Later that day, Mr. Shea emailed Plaintiff following up on his concern, stating: ████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████████████████ (See Exhibit OO to Jakowsky Decl. at D000152.)

**Response**: Undisputed.

229.    During the November 22, 2019 Board Meeting, █████████████████ ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████ (See Exhibit

GG to Jakowsky Decl. at BH000053.)

**Response**: Undisputed.

230.    When asked about his entry in the Board Minutes, Mr. Shea explained: ███████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

(Shea Dep. 129:13-18.)

**Response**: Undisputed.

231.    On December 2, 2019, Defendant Cathleen Degan-Nikas sent an email to the Board

further underscoring the concern about withholding the deal's sale price from the shareholders.

(See Exhibit PP to Jakowsky Decl. at BH000241.)

**Response**: Undisputed.

232.    Specifically, she said: ██████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████ (See Exhibit PP to Jakowsky Decl. at BH000241.)

**Response**: Undisputed.

233.    On December 3, 2019, Defendant Chris Degan responded, stating in part: ███

████████████████████████████████████████████████████████

██ ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████ (See Exhibit PP to Jakowsky Decl. at BH000240.)

**Response**: Undisputed.

234.    On December 5, 2019, Defendant Margaret (Peggy) Cullen responded, stating:

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ (See Exhibit PP to Jakowsky Decl.
at BH000241.)

**Response**: Undisputed.

235.    On December 6, 2019, Mr. Shea sent a follow-up email to Plaintiff to discuss the
Board's concerns. (See Exhibit QQ to Jakowsky Decl. at D000379.)

**Response**: Undisputed.

236.    Specifically, Mr. Shea said: ██████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ (See Exhibit QQ to
Jakowsky Decl. at D000379.)

**Response**: Undisputed.

237.    On December 10, 2019, Mr. Shea sent an email to the Board summarizing his call with Plaintiff. (<u>See</u> Exhibit PP to Jakowsky Decl. at BH000239.)

**Response**: Undisputed.

238.    Specifically, Mr. Shea explained that while Plaintiff was



Plaintiff also highlighted

(<u>See</u> Exhibit PP to Jakowsky Decl. at BH000239.)

**Response**: Undisputed.

239.    Plaintiff, nevertheless,

(<u>See</u> Exhibit XX to Jakowsky Decl. at D000602.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Reply**: Defendants' Paragraph No. 239 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 239; namely that in Mr. Shea's February 20, 2020 email he stated that Plaintiff

(<u>See</u> Exhibit XX to Jakowsky Decl. at D000602.) Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however Paragraph No. 239 is a direct quotation from Mr. Shea's February 20, 2020 email. <u>Id.</u> As such, the Court should deem Defendants' Paragraph No. 239 admitted for purposes of this motion.

## VII.   PLAINTIFF'S UNAUTHORIZED DISCUSSIONS WITH PRITCHARD INDUSTRIES

240.    In or around October 2019, Plaintiff was approached from Tom Lawless, then the Director of Business Development for Defendant Stuart Dean, who explained

███████████████████████████████████████████████████

███████████████████████████████ (Pl. Dep. 219:1-10.)

**Response**: Disputed.

**Additional Material Facts:**

Former Stuart Dean board member told Plaintiff Pritchard was interested in discussing a potential sale. (Warren Decl., ¶59, **Pl. Depo.** 173:16-24, 191:16-192:6, 193:13-194:10, 72:9-23.)

   **Reply**: Defendants' Paragraph No. 240 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 240. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 240; namely that he was told by Director of Business Development Tom Lawless that ███████████████████████████████

███████████████████████████████████████████████████

████████████████ (Pl. Dep. 219:1-10.) As such, the Court should deem Defendants' Paragraph No. 240 admitted for purposes of this motion.

241. In late October or early November 2019, Plaintiff met in person with Mr. Leyden. (Pl. Dep. 220:17-24; Exhibit G to Jakowsky Decl. at ¶ 34.)

**Response**: Disputed.

**Additional Material Facts:** This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); see also Holtz v. Rockefeller & Co., 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration

of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties.").

At the meeting were Tom Lawless, Plaintiff, Jay Leyden and a gentleman named Robin. (Warren Decl., ¶59, **Pl. Depo.** 220:22-221:2.)

      **Reply**: Defendants' Paragraph No. 241 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 241. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 241. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. Defendants were not aware of the additional parties in attendance beyond Plaintiff and Mr. Leyden so they do not dispute them for purposes of this motion only. As such, the Court should deem Defendants' Paragraph No. 241 admitted for purposes of this motion.

242. 

However, (See Exhibit G to Jakowsky Decl. at ¶ 35; Pl. Dep. 229:17-230:6.)

      **Response**: Disputed. Defendants' citation for the proffered fact is incomplete.

This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; See Brown v. City of New York, 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of its contents in a 56.1 Statement."); Edelhertz v. City of Middletown, 943 F. Supp. 2d 388, 390 n.2 (S.D.N.Y. 2012); see also Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement).

**Additional Material Facts:** ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ (Warren Decl., ¶59, **Pl. Depo. Pl. Depo.** 229:17-230:14.)

**Reply**: Defendants' Paragraph No. 242 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 242. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 242. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 242 admitted for purposes of this motion.

243.    Plaintiff was ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ (Pl. Dep. 221:4-10; Exhibit G to Jakowsky Decl. at ¶ 34.)

**Response** Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); see also Holtz v. Rockefeller & Co., 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of

summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties.")

 **Additional Material Facts:** Tom Lawless never provided a specific number in terms of how much they were willing to pay. However, gross margins at Stuart Dean were good and would make the company very attractive based on shareholder surveys. On November 22, 2019, as reported in the board of directors meeting minutes, Chris Degan reported the shareholder survey results noted significant increased interest in selling the company within the next 2 to 5 years.

 There was no written evidence Plaintiff was trying to sell the company to Pritchard prior to his termination. Engaging with a private equity group is not the same as selling the company. Plaintiff told Mr. Shea he was meeting with a private equity company and Mr. Shea shared information with the Board. Plaintiff could not sell the company on his own. (Warren Decl., ¶59, **Pl. Depo.** 221:3-19; Warren Decl., ¶44, D000742-D000765 2019 Shareholder Survey; Warren Decl., ¶45, D000233-D000235 Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at BH000058, Warren Decl., ¶62, Shea Depo. 135:7-138:25, 140:4-146:7)

 **Reply**: Defendants' Paragraph No. 243 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 243. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 243; namely that Plaintiff testified he was

█████████████████████████████████████████████████

█████████████████████████████████████████████████

(Pl. Dep. 221:4-10.) Moreover, the additional facts cited by Plaintiff are argumentative in nature and not supportable facts. In addition, Defendants' citation is further derived from Plaintiff's First

Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 243 admitted for purposes of this motion.

244. Specifically, Plaintiff ███████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████ (Pl. Dep. 229:10-16.)

**Response**: Undisputed.

245. Between October 2019 and March 2020, Plaintiff had four (4) in-person meetings with Mr. Leyden. (Pl. Dep. 222:22-223:12; Exhibit G to Jakowsky Decl. at ¶ 36.)

**Response**: Disputed.

This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; Pacenza v. IBM Corp., No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); see also Holtz v. Rockefeller & Co., 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). Plaintiff testifies that maybe he had three or four meetings with Pritchard. (Warren Decl., ¶59, **Pl. Depo.** 222:16-223:14.)

**Reply**: Defendants' Paragraph No. 245 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 245. Moreover, the additional facts cited by Plaintiff do not dispute the material facts asserted in Paragraph No. 245; namely that Plaintiff met with Mr. Leyden on multiple occasions between October 2019 and March 2020. In addition, Defendants' citation is further derived from Plaintiff's First Amended Complaint. Plaintiff attempts to create an issue of fact

disputing whether Plaintiff had three (3) or four (4) meetings with Pritchard, however the distinction between 3 or 4 meetings is immaterial to Defendants' initial statement of fact. As such, the Court should deem Defendants' Paragraph No. 245 admitted for purposes of this motion.

246.    During these in-person meetings, Plaintiff provided Pritchard with ████████████ of the Company's gross margins. (Pl. Dep. 224:17-24.)

**Response**: Undisputed.

247.    On November 22, 2019 during the Board Meeting, an Executive Session was held. During the Executive Session, the Executive Board agreed upon a direction for the Company to be communicated to Plaintiff. These directions were: ████████████████████ ████████████████████████████ ████████████████████ (See Exhibit RR to Jakowsky Decl. at D001147.)

**Response**: Disputed.

**Additional Material Facts:** On November 22, 2019, as reported in the board of directors meeting minutes, Chris Degan reported the shareholder survey results noted significant increased interest in selling the company within the next 2 to 5 years. Mr. Halstead admitted that one of the CEO's responsibilities is to listen to a potential buyer if approached. Chris Degan admitted there was no directive saying Hallett could not listen to an unsolicited offer. Plaintiff was told that increasing value and targeting a potential, near-term sale was a primary goal when he took the job, and he was aware of shareholder surveys reflecting strong interest in selling at an attractive enough valuation. (Warren Decl., ¶59, **Pl. Depo.** 221:11-19, 226:11-22, BH000197-BH000199, at BH000198; Warren Decl., ¶60, Halstead Depo. 76:11-78:12; Warren Decl., ¶58, Degan Depo. 40:12-24; Warren Decl., ¶44, D000742-D000765 2019 Shareholder Survey; Warren Decl., ¶45, D000233-D000235 Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at BH000058)

**Reply**: Defendants' Paragraph No. 247 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 247.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 247; namely that during the November 22, 2019 Executive Board meeting the Executive Board agreed upon a direction for the Company to be communicated to Plaintiff, including ███████████████████████ (See Exhibit RR to Jakowsky Decl. at D001147.)  Plaintiff does not dispute that such a statement was made at the November 22, 2019 meeting.  As such, the Court should deem Defendants' Paragraph No. 247 admitted for purposes of this motion.

248.    On November 24, 2019, Mr. Shea sent an email Plaintiff and Mr. Cook with two (2) requests for future Board meetings. First, Mr. Shea asked that Plaintiff and Mr. Cook distribute presentations three (3) to four (4) working days before the meetings so the Board would have time to review the materials. Second, Mr. Shea asked them to prepare a slide for each Board meeting identifying any potential acquisition activities. (See Exhibit SS to Jakowsky Decl. at D000362.)

**Response**: Undisputed.

249.    Specifically, Mr. Shea asked: ████████████████████
████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████ (See Exhibit SS to Jakowsky Decl. at D000362.)

**Response**: Undisputed.

250.    Plaintiff responded later the same day, saying: ████████████████
█████ (See Exhibit SS to Jakowsky Decl. at D000362.)

**Response**: Disputed

Additional Material Fact: Plaintiff testified he stood prepared to identify the interested party once he had a serious enough offer to bring to the Board. (Hallett Affirmation at ¶¶5, 6, 8.)

**Reply**: Defendants' Paragraph No. 250 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 250. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 250; namely that Plaintiff responded to Mr. Shea's email by saying: ███████████████████ (See Exhibit SS to Jakowsky Decl. at D000362.) As such, the Court should deem Defendants' Paragraph No. 250 admitted for purposes of this motion.

251.   Plaintiff admits that this was not an appropriate response. (Pl. Dep. 243: 1-25.)

**Response**: Disputed: Defendants' citation does not support the proffered fact:

**Additional Material Facts:** Plaintiff testified: ███████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

Plaintiff also in his judgment as CEO, based on all of his experience, it was necessary to maintain confidentiality in order to obtain enough information for shareholders to evaluate the potential acquisition. He reasonably believed he was doing right by the shareholders who had encouraged him to seek a sale, and in any event, it was not on his own initiative – he was approached by another party who ████████████████████████████████████████ ████████ and simply listened, just as any reasonable CEO and even his predecessors had done. (Warren Decl., ¶59, **Pl. Depo.** 243:1-25., 218:22-219:220, 228:3-20.)

Reply: Defendants' Paragraph No. 251 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 251. In addition, his contention that he was encouraged by shareholders to seek a sale is simply unsupported. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 251; namely that Plaintiff's response to Mr. Shea's email was inappropriate. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however Plaintiff then cites directly to his deposition testimony in which he referred to his email response as ███████████████. (Pl. Dep. 243:25.) Plaintiff further described his email response by saying: ██████████████ █████████████████████████████████████████████ (Pl. Dep. 243:3-5.) As such, the Court should deem Defendants' Paragraph No. 251 admitted for purposes of this motion.

252.     On November 27, 2019, Mr. Shea responded to Plaintiff's email, stating: ████████

██████████████████████████████████████████████████████

████████████████████████████████ (See Exhibit SS to Jakowsky Decl. at D000361.)

**Response**: Undisputed.

253.    At this time, Plaintiff did not disclose the name of Pritchard. (Pl. Dep. 230:7-10.)

**Response**: Disputed.

**Additional Material Facts:** Plaintiff was prepared to divulge the name of the interested company once discussions reached the point of ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ (Warren Decl., ¶59, **Pl. Depo.** 2:23-25; 229:6-230:6; Warren Decl., ¶58, Degan Depo. 26:18-25; 30:4-7; (Warren Decl., ¶62, Shea Depo. 135:7-138:25; 155:23-156:1, 160:25-161:11, 188:15-21.)

**Reply**: Defendants' Paragraph No. 253 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 253. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 253; namely that Plaintiff did not disclose the name of Pritchard. Plaintiff attempts to create an issue of fact by claiming he was prepared to divulge the name of Pritchard at some point of time in the future, this does not dispute Defendants' initial statement of fact. When asked whether ████████████████████

████████████████████████████ Plaintiff responded: ████████████████

(Pl. Dep. 230:7-10.) As such, the Court should deem Defendants' Paragraph No. 253 admitted for purposes of this motion.

254.    On or around December 11, 2019, Plaintiff had lunch with Mr. Leyden. (See Exhibit TT to Jakowsky Decl. at B000250.)

**Response**: Undisputed.

255.    During that lunch, Plaintiff suggested Mr. Leyden should connect with Mr. Snow ███████████████████████████████████████ (See Exhibit TT to Jakowsky Decl. at B000250.)

**Response**: Undisputed.

256.    A Board Meeting was scheduled for December 13, 2019. (See Exhibit RR to Jakowsky Decl. at D001146-D001148.)

**Response**: Undisputed.

257.    At the December 13th meeting, the Board openly discussed the directives identified during the November 22nd Executive Board Session. (See Exhibit RR to Jakowsky Decl. at D001147.)

**Response**: Undisputed.

258.    Specifically, Mr. Shea confirmed the Executive Board's ███████████████ ████████████████████. (See Exhibit RR to Jakowsky Decl. at D001147.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** On November 22, 2019, as reported in the board of directors meeting minutes, Chris Degan reported the shareholder survey results noted significant increased interest in selling the company within the next 2 to 5 years. (Warren Decl., ¶44, D000742-D000765 2019 Shareholder Survey; Warren Decl., ¶45, D000233-D000235 Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at BH000058)

**Reply**: Defendants' Paragraph No. 258 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 258. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not

dispute, the material facts asserted in Paragraph No. 258; namely that the December 13, 2019

Board Meeting minutes reflect that Mr. Shea confirmed the Executive Board's █████████████

███████████████████████. (See Exhibit RR to Jakowsky Decl. at D001147.)  As

such, the Court should deem Defendants' Paragraph No. 258 admitted for purposes of this motion.

259.    Despite these directions, Plaintiff did not disclose the name of Pritchard. (Pl. Dep.

230:7-10.)

**Response**: Undisputed.

260.    When asked if he remembered this discussion, Plaintiff responded: ████████████

███████████████████████████████████████████████ (Pl. Dep. 235:21-

236:5.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** On November 22, 2019, as reported in the board of

directors meeting minutes, Chris Degan reported the shareholder survey results noted

significant increased interest in selling the company within the next 2 to 5 years. (Warren Decl.,

¶44, D000742-D000765 2019 Shareholder Survey; Warren Decl., ¶45, D000233-D000235

Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at BH000058)

**Reply**: Defendants' Paragraph No. 260 should be deemed admitted for purposes of

this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 260.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not

dispute, the material facts asserted in Paragraph No. 260. Plaintiff's counter-statement falsely

contends Defendants' citation does not support the proffered fact, however, at his deposition, when

asked whether he recalled the discussion described in the December 13, 2019 Board Minutes, Plaintiff clearly testified ███████████████████████████████████████ ████████████ (Pl. Dep. 235:21-236:5.) As such, the Court should deem Defendants' Paragraph No. 260 admitted for purposes of this motion.

261.    The Board Minutes specifically state: █████████████████████████

████████████████████████████████████████████████████████████

(See Exhibit RR to Jakowsky Decl. at D001147.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** On November 22, 2019, as reported in the board of directors meeting minutes, Chris Degan reported the shareholder survey results noted significant increased interest in selling the company within the next 2 to 5 years. There is no written evidence that Plaintiff was trying to sell to Pritchard prior to his termination. Engaging with a private equity group is not the same selling the company. Further, Tim Shea, admitted under oath that Plaintiff could not sell the company on his own: ████████████████████████████████

████████████████████████████████████████████████████████████

(Warren Decl., ¶44, D000742-D000765 2019 Shareholder Survey; Warren Decl., ¶45, D000233-D000235 Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at BH000058;Warren Decl., ¶62, Shea Depo. 27:8-19,135:7-138:25, 140:4-146:7.)

**Reply**: Defendants' Paragraph No. 261 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 261. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 261. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however the December 13, 2019

Board Minutes specifically state: ███████████████████████████████████████

██████████████████████████████████████████ (See Exhibit RR to

Jakowsky Decl. at D001147.)   As such, the Court should deem Defendants' Paragraph No. 261

admitted for purposes of this motion.

262.    Following the Board Meeting, ███████████████████████████

███████████████████████████████████████████████████████████

██████████████████ (Shea Dep. 27:23-28:3.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Fact:** Tim Shea testified there is no written evidence that Plaintiff

was trying to sell to Pritchard prior to his termination. Engaging with a private equity group is not

the same selling the company.  In fact Tim Shea told Chris Degan Plaintiff was trying to sell the

company but there is no evidence that Plaintiff was trying to do so. (Warren Decl., ¶62, Shea

Depo. 135:7-138:25, 140:4-146:7; Warren Decl., ¶61, Degan Depo. 26:19-25, 30:4-7.)

**Reply**: Defendants' Paragraph No. 262 should be deemed admitted for purposes

of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff

has failed to cite evidence which would be admissible to specifically deny the accuracy of

Defendants' Paragraph No. 262.  Moreover, the additional facts cited by Plaintiff are not relevant

to, and do not dispute, the material facts asserted in Paragraph No. 262; namely that Plaintiff was

instructed to stop any sales activity, to turn over all information to Mr. Shea relative to any

activity that was going on, and to focus on growing the company.  Plaintiff's counter-statement

falsely contends Defendants' citation does not support the proffered fact, however Mr. Shea

specifically testified that ████████████████████████████████████

███████████████████████████████████████████████████████████

█████████ (Shea Dep. 27:25-28:3.) Plaintiff does not dispute that such an instruction was

provided to him. As such, the Court should deem Defendants' Paragraph No. 262 admitted for purposes of this motion.

263.    Ms. Bailey had to exit the Board Meeting early, so she sent a follow-up email to the Board and Plaintiff soon thereafter. In the email, Ms. Bailey further addressed the potential sale of the company. (See Exhibit RR to Jakowsky Decl. at D001147; Exhibit PP to Jakowsky Decl. at B000237.)

**Response**: Undisputed.

264.    Specifically, she stated: ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ (See Exhibit PP to Jakowsky Decl. at B000237.)

**Response**: Undisputed.

265.    Ms. Bailey further stated: ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████ (See Exhibit PP to Jakowsky Decl. at B000237.)

**Response**: Undisputed.

266.    Ms. Degan-Nikas responded to the email, stating: ███████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████ (See Exhibit PP to Jakowsky Decl. at B000237.)

**Response**: Undisputed.

267.    Plaintiff was copied on all of these emails. (See Exhibit PP to Jakowsky Decl. at B000237.)

**Response**: Undisputed.

268.    Later that day Plaintiff forwarded Ms. Degan-Nikas' email to his management team, Mr. Snow, and outside counsel Robert Housely. (See Exhibit PP to Jakowsky Decl. at B000237.)

**Response**: Undisputed.

269.    Plaintiff disregarded the Board's directives and stated: ██████████████

████████████████████████████████████████████████████████████

███████████████████ (See Exhibit PP to Jakowsky Decl. at B000236.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** On November 22, 2019, as reported in the board of directors meeting minutes, Chris Degan reported the shareholder survey results noted significant increased interest in selling the company within the next 2 to 5 years. There is no written evidence that Plaintiff was trying to sell to Pritchard prior to his termination. Engaging with a private equity group is not the same selling the company. (Warren Decl., ¶44, D000742-D000765 2019 Shareholder Survey; Warren Decl., ¶45, D000233-D000235

Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at BH000058;Warren Decl., ¶62, Shea Depo. 135:7-138:25, 140:4-146:7.)

**Reply**: Defendants' Paragraph No. 269 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 269. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 269. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however in an email sent by Plaintiff on December 13, 2019, he expressly stated: ████████████████████

████████████████████████████████ (See Exhibit PP to Jakowsky Decl. at B000236.) Notably, the email cited by Defendants in support of Paragraph No. 269 was an email produced by Plaintiff. As such, the Court should deem Defendants' Paragraph No. 269 admitted for purposes of this motion.

270.    Collin Turcotte, Stuart Dean COO, responded to Plaintiff's email explaining:

████████████████████████████████████

████████████████████████████ (See Exhibit PP to Jakowsky Decl. at B000236.)

**Response**: Undisputed.

271.    Mr. Snow responded to Plaintiff's email stating: ████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████ (See Exhibit UU to Jakowsky Decl. at B000230.)

**Response**: Undisputed.

272.    Despite the explicit direction from the Board, Plaintiff continued to have sales related discussions with Pritchard and still did not disclose the name of Pritchard to the Board. (See Exhibit TT to Jakowsky Decl. at B000246-B000251; Pl. Dep. 230:7-10.)

**Response**: Disputed.

**Additional Material Facts:** On November 22, 2019, as reported in the board of directors meeting minutes, Chris Degan reported the shareholder survey results noted significant increased interest in selling the company within the next 2 to 5 years. There is no written evidence that Plaintiff was trying to sell to Pritchard prior to his termination. Engaging with a private equity group is not the same selling the company. (Warren Decl., ¶44, D000742-D000765 2019 Shareholder Survey; Warren Decl., ¶45, D000233-D000235 Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at BH000058;Warren Decl., ¶62, Shea Depo. 135:7-138:25, 140:4-146:7.)

**Reply**: Defendants' Paragraph No. 272 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 272. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 272; namely that Plaintiff continued having sale discussions with Pritchard without disclosing the name of the Company to the Board. As such, the Court should deem Defendants' Paragraph No. 272 admitted for purposes of this motion.

273.    On December 14, 2019, Mr. Leyden emailed Mr. Snow explaining: ██████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████ (See Exhibit TT to Jakowsky Decl. at B000248.)

**Response**: Undisputed.

153

274.    Approximately a week later, Plaintiff called Mr. Shea and told him he ███████████ ████████████████████████████████████████████████████████████████████ ████████████████ (Shea Dep. 143:3-12.)

**Response**: Disputed. Defendants' citation is not the complete proffered fact.

**Reply**: Defendants' Paragraph No. 274 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 274. In fact, Plaintiff fails to cite to any evidence disputing the material facts asserted in Defendants' Paragraph No. 274; namely that Plaintiff wanted to sign an NDA so he could share confidential information with somebody interested in buying the Company. Plaintiff's counter-statement falsely contends Defendants' citation is not the complete proffered fact, however Mr. Shea specifically testified: ████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ (Shea Dep. 143:3-12.) As such, the Court should deem Defendants' Paragraph No. 274 admitted for purposes of this motion.

275.    Mr. Shea asked Plaintiff for more specifics, including ███████████████ (Shea Dep. 143:13-14.)

**Response**: Disputed. Defendants' citation is not the complete proffered fact.

**Reply**: Defendants' Paragraph No. 275 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 275. In fact, Plaintiff fails to cite to any evidence disputing the material facts asserted in Defendants' Paragraph No. 275; namely that Mr. Shea asked for details about the

company interested in buying Stuart Dean, including the company's name. Plaintiff's counter-statement falsely contends Defendants' citation is not the complete proffered fact, however Mr. Shea specifically testified: ████████████████████████████████████████ ████████ (Shea Dep. 143:13-14.) As such, the Court should deem Defendants' Paragraph No. 275 admitted for purposes of this motion.

276.   Plaintiff responded that ████████████████████████████████ (Shea Dep. 143:14-15.)

**Response**: Disputed. Defendants' citation is not the complete proffered fact.

**Reply**: Defendants' Paragraph No. 276 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 276. In fact, Plaintiff fails to cite to any evidence disputing the material facts asserted in Defendants' Paragraph No. 276; namely that Plaintiff would not share the requested information with Mr. Shea. Plaintiff's counter-statement falsely contends Defendants' citation is not the complete proffered fact, however Mr. Shea specifically testified: ████████████████████ ████████████████████████ (Shea Dep. 143:14-15.) As such, the Court should deem Defendants' Paragraph No. 276 admitted for purposes of this motion.

277.   Mr. Shea offered to schedule a Board Meeting to discuss the opportunity and to ████████████████████████████████████████████████████████████████ (Shea Dep. 143:19-22.)

**Response**: Disputed. Defendants' citation is not the complete proffered fact.

**Additional Material Facts:** On November 22, 2019, as reported in the board of directors meeting minutes, Chris Degan reported the shareholder survey results noted significant increased interest in selling the company within the next 2 to 5 years. There is no written evidence

that Plaintiff was trying to sell to Pritchard prior to his termination. Engaging with a private equity group is not the same selling the company. (Warren Decl., ¶44, D000742-D000765 2019 Shareholder Survey; Warren Decl., ¶45, D000233-D000235 Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at BH000058;Warren Decl., ¶62, Shea Depo. 135:7-138:25, 140:4-146:7.)

**Reply**: Defendants' Paragraph No. 277 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 277. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 277; namely that Plaintiff offered to schedule a Board Meeting so Plaintiff could share details of the sale opportunity. Plaintiff's counter-statement falsely contends Defendants' citation is not the complete proffered fact, however Mr. Shea specifically testified that he told Plaintiff: █████████████████████████

███████████████████████████████████████████████████

████████████ (Shea Dep. 143:19-22.) As such, the Court should deem Defendants' Paragraph No. 277 admitted for purposes of this motion.

278.   Plaintiff declined the offer. (Shea Dep. 144:1-2.)

**Response**: Disputed. Defendants' citation is not the complete proffered fact.

**Additional Material Facts:** On November 22, 2019, as reported in the board of directors meeting minutes, Chris Degan reported the shareholder survey results noted significant increased interest in selling the company within the next 2 to 5 years. There is no written evidence that Plaintiff was trying to sell to Pritchard prior to his termination. Engaging with a private equity group is not the same selling the company. (Warren Decl., ¶44, D000742-D000765 2019 Shareholder Survey; Warren Decl., ¶45, D000233-D000235 Analysis of Shareholder Survey;

Warren Decl., ¶43, BH000050-BH000059 at BH000058;Warren Decl., ¶62, Shea Depo. 135:7-138:25, 140:4-146:7.)

**Reply**: Defendants' Paragraph No. 278 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 278.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 278; namely that Plaintiff declined Mr. Shea's offer to schedule a Board Meeting.  Plaintiff's counter-statement falsely contends Defendants' citation is not the complete proffered fact, however Mr. Shea specifically testified that he asked Plaintiff: ███████████████████████ (Shea Dep. 144:1-2.) As such, the Court should deem Defendants' Paragraph No. 278 admitted for purposes of this motion.

279.    Nevertheless, on December 20, 2019, Mr. Snow had lunch with Pritchard.  (See Exhibit TT to Jakowsky Decl. at B000247.)

**Response**: Undisputed.

280.    Following the lunch, he emailed Mr. Leyden. He stated: ███████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████ (See Exhibit TT to Jakowsky Decl. at B000247.)

**Response**: Undisputed.

281.    As referenced in Mr. Snow's email, and notwithstanding the Board's clear directives, Plaintiff met with Mr. Leyden in January in San Diego. (Pl. Dep. 223:8-11.)

**Response**: Disputed. Defendants' citation is not the complete proffered fact.

**Additional Material Facts:** On November 22, 2019, as reported in the board of directors meeting minutes, Chris Degan reported the shareholder survey results noted significant increased interest in selling the company within the next 2 to 5 years. There is no written evidence that Plaintiff was trying to sell to Pritchard prior to his termination. Engaging with a private equity group is not the same selling the company. (Warren Decl., ¶44, D000742-D000765 2019 Shareholder Survey; Warren Decl., ¶45, D000233-D000235 Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at BH000058; Warren Decl., ¶62, Shea Depo. 135:7-138:25, 140:4-146:7.)

**Reply**: Defendants' Paragraph No. 281 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 281. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 281; namely that Plaintiff met with Mr. Leyden in January in San Diego. Plaintiff's counter-statement falsely contends Defendants' citation is not the complete proffered fact, however in describing his meetings with Mr. Leyden he specifically testified: █████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████ (Pl. Dep. 223:7-11.) As such, the Court should deem Defendants' Paragraph No. 281 admitted for purposes of this motion.

282.    In March 2020, Plaintiff met with Mr. Leyden once again. (Pl. Dep. 224:9-11.)

**Response**: Disputed. Defendant's citation does not support the proffered fact.

**Reply**: Defendants' Paragraph No. 282 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 282; namely that Plaintiff had another meeting with Mr. Leyden. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however in describing his meetings with Mr. Leyden he specifically testified: ███████████████ ██████████████████████████████████ (Pl. Dep. 224:9-11.) Plaintiff also testified that the final meeting ████████████████████ (Pl. Dep. 223:11-12.) As such, the Court should deem Defendants' Paragraph No. 282 admitted for purposes of this motion.

283.    During that meeting, Pritchard provided Plaintiff with the specific valuation they placed on Stuart Dean. (Pl. Dep. 226:1-7, 227:1-4.)

**Response**: Undisputed.

284.    Specifically, ████████████████ (Pl. Dep. 226:1-7.)

**Response**: Undisputed.

285.    Plaintiff never entered into an NDA with Pritchard. (Pl. Dep. 227:11-14.)

**Response**: Undisputed.

286.    Plaintiff never engaged an M&A attorney for his discussion with Pritchard. (Pl. Dep. 227:15-18.)

**Response**: Undisputed.

287.    Plaintiff never disclosed the name of the potential buyer to the Board. (Pl. Dep. 230:7-10.)

**Response**: Disputed. Defendants' citation is not the complete proffered fact.

**Additional Material Facts:** On November 22, 2019, as reported in the board of directors meeting minutes, Chris Degan reported the shareholder survey results noted significant increased interest in selling the company within the next 2 to 5 years. There is no written evidence that Plaintiff was trying to sell to Pritchard prior to his termination. Engaging with a private equity group is not the same selling the company.

Citation: (Warren Decl., ¶44, D000742-D000765 2019 Shareholder Survey; Warren Decl., ¶45, D000233-D000235 Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at BH000058; Warren Decl., ¶62, Shea Depo. 135:7-138:25, 140:4-146:7.)

**Reply**: Defendants' Paragraph No. 287 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 287. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 287; namely that Plaintiff never disclosed the name of Pritchard. Plaintiff's counter-statement falsely contends Defendants' citation is not the complete proffered fact, however, at his deposition, when Plaintiff was asked whether ███████████ ██████████████████████████████████████████████████████████████████ Plaintiff responded: ████████████ (Pl. Dep. 230:7-10.). As such, the Court should deem Defendants' Paragraph No. 287 admitted for purposes of this motion.

288.    To date, Defendant Stuart Dean has not been sold to Pritchard. (Shea Dep. 177:24-178:1.)

**Response**: Undisputed.

## VII.    PLAINTIFF'S DEPARTURE

289.    On February 5, 2020, Plaintiff sent an email to the Board stating: ███████████ ██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ (See

Exhibit VV to Jakowsky Decl. at D000671.)

    **Response**: Undisputed.

    290.   On February 6, 2020, Mr. Shea responded to Plaintiff's email stating: ██████

████████████████████████████████████████████████

████████████ (See Exhibit VV to Jakowsky Decl. at D000670.)

    **Response**: Undisputed.

    291.   Later on February 6, 2020, Mr. Shea sent an email to Ms. Bailey stating: ██████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████ (See Exhibit VV to Jakowsky Decl. at D000670; Shea Dep. 163:3-8.)

    **Response**: Disputed. Defendant's citation does not support the proffered fact.

    Additional Material Fact: There is no evidence an investigation was conducted or that anything ██████ occurred. (Warren Decl., ¶56, D000670; Warren Decl., ¶62, Shea Depo. 163:3-8.)

        **Reply**: Defendants' Paragraph No. 291 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 291. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 291; namely that Mr. Shea sent an email to Ms. Bailey on February 6, 2020 containing the quoted language. Plaintiff's counter-statement

falsely contends Defendants' citation does not support the proffered fact, however Defendants' Paragraph No. 291 is a direct quotation from the February 6, 2020 email. (See Exhibit VV to Jakowsky Decl. at D000670.) As such, the Court should deem Defendants' Paragraph No. 291 admitted for purposes of this motion.

292.    Ms. Israni's exit interview was held on February 14, 2020, conducted by Board Members Mr. Brown and Ms. Schorp. (See Exhibit XX to Jakowsky Decl. at D000603; Exhibit WW to Jakowsky Decl. at D000135; Shea Dep. 163:9-15.)

**Response**: Undisputed.

293.    During that interview, Ms. Israni shared a number of concerns about Plaintiff, including his failure to comply with New York law in instituting anti-sexual harassment training, his harassing and bullying behavior, and his overall negative treatment of older workers as well as women in the workplace. (See Exhibit WW to Jakowsky Decl. at D000135-D000140; Exhibit XX to Jakowsky Decl. at D000603; Shea Dep. 162:15-18, 163:16-164:1.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Reply**: Defendants' Paragraph No. 293 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 293. In fact, Plaintiff fails to cite to any evidence disputing the material facts asserted in Paragraph No. 291; namely that Ms. Israni shared a number of concerns about Plaintiff during her exit interview. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however the documents cited in support of Defendants' Paragraph No. 293 clearly highlight Ms. Israni's concerns about ███████████████████ ███████████████████ that ██████████████████████ ███████████████████ and Plaintiff stating ██████████████████

██████████████ (See Exhibit WW to Jakowsky Decl. at D000135-137.) As such, the Court should deem Defendants' Paragraph No. 293 admitted for purposes of this motion.

294.    On February 20, 2020, Mr. Shea sent an email to the Board with the details of Ms. Israni's exit interview. (See Exhibit XX to Jakowsky Decl. at D000603-D000604; Shea Dep. 164:23-165:4.)

**Response**: Disputed. Defendants deposition cite is incorrect.

**Additional Material Facts:** This information was documented by the two people who took the statement It was shared with the rest of the Board, and we asked the rest of the Board to do their normal -- every quarter they are supposed to talk to their employee that they're mentoring and see if there was any other issues or any sort of validity to these claims. (Warren Decl., ¶62, Shea Depo. 162:25-165:12.)

**Reply**: Defendants' Paragraph No. 294 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 294. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 294; namely that Mr. Shea sent an email to the Board on February 20, 2020 with details from Ms. Israni's exit interview. Plaintiff's counter-statement falsely contend that Defendants' citation is incorrect. The cited-to deposition testimony from Mr. Shea concerns Ms. Israni's exit interview and states: █████████████████ ██████████████████████████████████████████████ Shea Dep. 164:23-25.) Notably, Defendants' also cite directly to the email sent by Mr. Shea to the Board. (See Exhibit XX to Jakowsky Decl. at D000603-D000604.) As such, the Court should deem Defendants' Paragraph No. 294 admitted for purposes of this motion.

295.    The Board conducted interviews with Stuart Dean employees to determine whether there was any validity to Ms. Israni's allegations. (Shea Dep. 165:23-166:3, 166:22-24.)

**Response**: Disputed. Defendants' deposition cite is incorrect and does not support the proffered fact.

**Reply**: Defendants' Paragraph No. 295 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rule 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 295. While Defendants concede that a typographical error in Paragraph 295 of their 56.1 Statement inadvertently cited to page 165 of Mr. Shea's deposition transcript, rather than page 164, page 164 supports the facts asserted in Paragraph No. 295: ███████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

(Shea Dep. 164:23-165:4.) As such, the Court should deem Defendants' Paragraph No. 295 admitted for purposes of this motion.

296.    These Board interviews corroborated Ms. Israni's allegations. (Shea Dep. 163:16-165:9.)

**Response**: Disputed. Defendants' deposition cite is incorrect and does not support the proffered fact.

**Reply**: Defendants' Paragraph No. 296 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 296; namely that the Board corroborated Ms. Israni's concerns. Plaintiff's counter-statement falsely contends that Defendants' citation is incorrect. The cited-to deposition testimony

164

supports the proffered fact and states: ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████ (Shea Dep. 163:16-165:9.) As such, the Court should deem Defendants' Paragraph No. 296 admitted for purposes of this motion.

297.    On March 5, 2020, the Executive Board held a meeting to discuss the issues raised in Ms. Israni's exit interview and the employee discussions that resulted therefrom. (See Exhibit YY to Jakowsky Decl. at D000558; Shea Dep. 191:14-24.)

**Response**: Undisputed.

298.    During the meeting, the Executive Board discussed whether any laws were broken by Plaintiff's decision to not conduct legally required harassment training. (See Exhibit YY to Jakowsky Decl. at D000557.)

**Response**: Undisputed that this document was produced.

        **Reply**: Defendants' Paragraph No. 298 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff does not deny the accuracy of Defendants' Paragraph No. 298. As such, the Court should deem Defendants' Paragraph No. 298 admitted for purposes of this motion.

299.    The Executive Board also discussed whether certain behavior by Plaintiff needed to be addressed, including: ████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

████████ (<u>See</u> Exhibit YY to Jakowsky Decl. at D000557.)

**Response**: Undisputed that this document was produced.

**Reply**: Defendants' Paragraph No. 299 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff does not deny the accuracy of Defendants' Paragraph No. 299. As such, the Court should deem Defendants' Paragraph No. 299 admitted for purposes of this motion.

300.    The Executive Board also considered whether various issues that had been brought to the Board's attention over the past couple of months needed to be addressed. (<u>See</u> Exhibit YY to Jakowsky Decl. at D000557.)

**Response**: Undisputed that this document was produced.

**Reply**: Defendants' Paragraph No. 300 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff does not deny the accuracy of Defendants' Paragraph No. 300. As such, the Court should deem Defendants' Paragraph No. 300 admitted for purposes of this motion.

301.    These issues included: Plaintiff's decision against informing the Board of a $1.6 million drop in National Accounts sales in 2018; Plaintiff's threats to quit if the Board did not acquiesce to Plaintiff's demands; Plaintiff's misleading of the Board to believe he was seeking to obtain transaction transparency on the MAM deal when in fact same had not occurred; Plaintiff's failure to inform the Board that the Company's profits had deteriorated by approximately $500,000 over the preceding two months; and Plaintiff's refusal to follow Board direction to stop discussions regarding sale of the Company and his subsequent refusal to identify a potential buyer to Mr. Shea. (<u>See</u> Exhibit YY to Jakowsky Decl. at D000557.)

**Response**: Disputed.

**Additional Material Facts:** On November 22, 2019, as reported in the board of directors meeting minutes, Chris Degan reported the shareholder survey results noted significant increased interest in selling the company within the next 2 to 5 years. There is no written evidence that Plaintiff was trying to sell to Pritchard prior to his termination. Engaging with a private equity group is not the same selling the company. Chris Degan, among other board members assumed Plaintiff was trying to sell the company based on Tim Shea's representation and on that basis, voted to terminate Plaintiff. (Warren Decl., ¶44, D000742-D000765 2019 Shareholder Survey; Warren Decl., ¶45, D000233-D000235 Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at BH000058;Warren Decl., ¶62, Shea Depo. 135:7138:25, 140:4-146:7; Warren Decl., ¶61, Degan Depo. 25:1-12, 26:18-25)

**Reply**: Defendants' Paragraph No. 301 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 301. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 301; namely the specific issues that had been brought to the Board's attention over the past couple of months that needed to be addressed. As such, the Court should deem Defendants' Paragraph No. 301 admitted for purposes of this motion.

302.   Based on these concerns, the Executive Board discussed three (3) potential options, including: immediate termination of Plaintiff without cause; provision of a performance improvement letter to Plaintiff; or temporarily accepting Plaintiff's behavior and fast-tracking the hiring of a new CEO. (See Exhibit YY to Jakowsky Decl. at D000557-D000558; Shea Dep. 194:24-195:4.)

**Response**: Disputed. Additional Material Fact: On November 22, 2019, as reported in the board of directors meeting minutes, Chris Degan reported the shareholder survey results noted significant increased interest in selling the company within the next 2 to 5 years. There is no written evidence that Plaintiff was trying to sell to Pritchard prior to his termination. Engaging with a private equity group is not the same selling the company.

The Board never provided anything in writing to Plaintiff about his performance deficiencies. And there was no evidence that Mr. Shea did not like Plaintiff meeting with the private equity firm in Chicago or that Plaintiff was not performing. Chris Degan admitted there was no Board directive Plaintiff could not listen to an unsolicited offer from a buyer. Scott Halstead admitted he was not sure what the reasons were for Plaintiff's termination.

Defendants also did not bother interviewing Plaintiff in the course of their rushed investigation into these vague, but supposedly very serious, ███████ nor did they tell Plaintiff he was being fired because of the alleged investigation's findings.

Plaintiff smelled something fishy, called their bluff and refused to help Defendants turn their without-cause termination into one for cause. (Warren Decl., ¶44, D000742-D000765 2019 Shareholder Survey; Warren Decl., ¶45, D000233-D000235 Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at BH000058; Warren Decl., ¶62, Shea Depo. 135:7-138:25, 140:4-146:7, 155:22-156:1, 160:25-161:11; 169:5-12, 173:15-174:8; Warren Decl., ¶57, Halstead Depo. 105:21-108:14; Warren Decl., ¶61, Degan Depo. 40:12-24; D000236-D000238.)

**Reply**: Defendants' Paragraph No. 302 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 302. Moreover, the additional facts cited by Plaintiff are argumentative and without support. They are also wholly irrelevant to, and do not dispute, the material facts asserted in

Paragraph No. 302; namely that the Executive Board discussed three (3) potential options for responding to the issues raised about Plaintiff, including: immediate termination of Plaintiff without cause; provision of a performance improvement letter to Plaintiff; or temporarily accepting Plaintiff's behavior and fast-tracking the hiring of a new CEO. As such, the Court should deem Defendants' Paragraph No. 302 admitted for purposes of this motion.

303.     Upon conclusion of the Executive Board Meeting, the Executive Board decided to give Plaintiff the option of either resigning or being terminated without cause. (See Exhibit YY to Jakowsky Decl. at D000555-D000556; Shea Dep. 198:3-10.)

**Response**: Disputed. Defendants' citation does not support the cited fact.

**Additional Material Facts:** Plaintiff was told he was terminated prior to the Board meeting. Further, the shareholders, who are required by law to vote, did not vote on Plaintiff's termination. Stuart Dean did not pay Plaintiff six months owed under the contract if he was terminated without cause. Mr. Shea admitted that he was not sure proper notice of the Board meeting was provided. He also admitted Stuart Dean was required to provide notice if terminated without cause and the board gave notice after the Board after the board took action. Mr. Shea knew Plaintiff was going to be terminated and told him prior to the Board meeting. (Warren Decl., ¶61, Degan Depo. 50:7-9, 59:20-62:7, 70:9-72:19; Warren Decl., ¶62, Shea Depo. 38:3-39:19; 161:13-162:9, 196:22-197:8, 209:18-210:3.)

**Reply**: Defendants' Paragraph No. 303 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 303. Moreover, the additional facts cited by Plaintiff are argumentative and call for legal conclusions. Additionally, the additional facts cited by Plaintiff are not relevant to, and

do not dispute, the material facts asserted in Paragraph No. 303; namely that the Executive Board decided to give Plaintiff the option of either resigning or being terminated without cause. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however Defendants cite to Mr. Shea's March 5, 2020 email to the Executive Board which contains ████████████████████████████████████████, including the plan that ███████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████. (See Exhibit YY to Jakowsky Decl. at D000555-D000556.) As such, the Court should deem Defendants' Paragraph No. 303 admitted for purposes of this motion.

304.    Following the meeting, Mr. Shea sent an email to the Executive Board summarizing the timeline discussed during the call. (See Exhibit YY to Jakowsky Decl. at D000555.)

**Response**: Undisputed that the document was produced.

**Reply**: Defendants' Paragraph No. 304 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff does not deny the accuracy of Defendants' Paragraph No. 304. As such, the Court should deem Defendants' Paragraph No. 304 admitted for purposes of this motion.

305.    On March 7, 2020, Mr. Shea had a telephone call with Plaintiff. (See Exhibit ZZ to Jakowsky Decl. at D000672; Shea Dep. 198:23-199:1.)

**Response**: Disputed. Defendants' citation is not the complete proffered fact.

**Additional Material Facts:** Plaintiff was told he was terminated prior to the Board meeting. Further, the shareholders, who are required by law to vote, did not vote on Plaintiff's termination. Stuart Dean did not pay Plaintiff six months owed under the contract if he was terminated without cause. Mr. Shea admitted that he was not sure proper notice of the Board meeting was provided. He also admitted Stuart Dean was required to provide notice if terminated

without cause and the board gave notice after the Board after the board took action. Mr. Shea knew Plaintiff was going to be terminated and told him prior to the Board meeting. (Warren Decl., ¶61, Degan Depo. 50:7-9, 59:20-62:7, 70:9-72:19; Warren Decl., ¶62, Shea Depo. 38:3-39:19; 161:13-162:9, 196:22-197:8, 209:18-210:3.)

**Reply**: Defendants' Paragraph No. 305 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 305. Moreover, the additional facts cited by Plaintiff are argumentative and call for legal conclusion. The additional facts cited by Plaintiff are also not relevant to, and do not dispute, the material facts asserted in Paragraph No. 305; namely that Mr. Shea called Plaintiff on March 7, 2020. As such, the Court should deem Defendants' Paragraph No. 305 admitted for purposes of this motion.

306.     Following that telephone call, Mr. Shea sent an email to the Executive Board summarizing that call. (See Exhibit ZZ to Jakowsky Decl. at D000672; Shea Dep. 198:23-199:1.)

**Response**: Undisputed.

307.     Mr. Shea informed Plaintiff that the Company wanted to ███████████████ and specifically wanted to ██████████████████████████ (See Exhibit ZZ to Jakowsky Decl. at D000672; Shea Dep. 199:3-7.)

**Response**: Disputed. Defendants' citation does not support the cited fact.

**Additional Material Facts:** Plaintiff was told he was terminated prior to the Board meeting. Further, the shareholders, who are required by law to vote, did not vote on Plaintiff's termination. Stuart Dean did not pay Plaintiff six months owed under the contract if he was terminated without cause. Mr. Shea admitted that he was not sure proper notice of the Board meeting was provided. He

also admitted Stuart Dean was required to provide notice if terminated without cause and the board gave notice after the Board after the board took action. Mr. Shea knew Plaintiff was going to be terminated and told him prior to the Board meeting. The Board proceeded to cast a unanimous vote ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████████████. (Warren Decl., ¶61, Degan Depo. 50:7-9, 59:20-62:7, 70:9-72:19; Warren Decl., ¶62, Shea Depo. 38:3-39:19; 161:13-162:9, 196:22-197:8, 209:18-210:3; Warren Decl., ¶53, D000966-D000973 at D000970)

**Reply**: Defendants' Paragraph No. 307 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 307. Moreover, the additional facts cited by Plaintiff are argumentative and call for legal conclusion. The additional facts cited by Plaintiff are also are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 307; namely that during the March 7, 2020 call Mr. Shea informed Plaintiff that the Company wanted to ██████████████ and specifically wanted to ███████████████████ (See Exhibit ZZ to Jakowsky Decl. at D000672.) Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however Plaintiff's additional facts admit ████████████████████████████ ████████████████████████ As such, the Court should deem Defendants' Paragraph No. 307 admitted for purposes of this motion.

308.   Mr. Shea outlined ████████████████████. Either the Board would vote to end Plaintiff's Employment Agreement without cause, or Plaintiff could resign his employment. (See Exhibit ZZ to Jakowsky Decl. at D000672; Shea Dep. 200:20-201:9.)

**Response**: Disputed. Defendants' citation does not support the cited fact.

**Additional Material Facts:** Plaintiff was told he was terminated prior to the Board meeting. Further, the shareholders, who are required by law to vote, did not vote on Plaintiff's termination. Stuart Dean did not pay Plaintiff six months owed under the contract if he was terminated without cause. Mr. Shea admitted that he was not sure proper notice of the Board meeting was provided. He also admitted Stuart Dean was required to provide notice if terminated without cause and the board gave notice after the Board took action. Mr. Shea knew Plaintiff was going to be terminated and told him prior to the Board meeting. (Warren Decl., ¶61, Degan Depo. 24:13-25:12; 50:7-9, 59:20-62:7, 70:9-72:19; Warren Decl., ¶62, Shea Depo. 38:3-39:19; 161:13-162:9, 170:1-22; 196:22-197:8, 209:18-210:3.)

**Reply**: Defendants' Paragraph No. 308 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 308. Moreover, the additional facts cited by Plaintiff are argumentative and call for legal conclusion. The additional facts cited by Plaintiff are also not relevant to, and do not dispute, the material facts asserted in Paragraph No. 308; namely that during the March 7, 2020 call Mr. Shea outlined ███████████████████ for Plaintiff. Either the Board would vote to end Plaintiff's Employment Agreement without cause, or Plaintiff could resign his employment. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however Mr. Shea's March 7, 2020 email to the Executive Board summarizing his call with Plaintiff specifically states: ███████████████████████████████████████ ██████████████████████████████████████ (See Exhibit ZZ to Jakowsky Decl. at D000672.) As such, the Court should deem Defendants' Paragraph No. 308 admitted for purposes of this motion.

309.     During the conversation, Plaintiff informed Mr. Shea that he had a ▮▮▮▮▮▮

for the Company.   Plaintiff indicated this was the same buyer he informed Mr. Shea about in

December 2019 after the Board instructed Plaintiff to cease any discussions regarding sale of the

business, and in February 2020 when Mr. Shea again instructed Plaintiff to stop any such sale

discussions. (See Exhibit ZZ to Jakowsky Decl. at D000673; Shea Dep. 205:20-206:10.)

**Response**: Disputed. Defendants' citation does not support the cited fact.

**Additional Material Facts:** Plaintiff was told he was terminated prior to the Board

meeting. Further, the shareholders, who are required by law to vote, did not vote on Plaintiff's

termination. Stuart Dean did not pay Plaintiff six months owed under the contract if he was

terminated without cause. Mr. Shea admitted that he was not sure proper notice of the Board

meeting was provided. He also admitted Stuart Dean was required to provide notice if terminated

without cause and the board gave notice after the Board after the board took action. Mr. Shea knew

Plaintiff was going to be terminated and told him prior to the Board meeting.

On November 22, 2019, as reported in the board of directors meeting minutes, Chris Degan

reported the shareholder survey results noted significant increased interest in selling the company

within the next 2 to 5 years. There is no written evidence that Plaintiff was trying to sell to Pritchard

prior to his termination.  Engaging with a private equity group is not the same selling the company.

(Warren Decl., ¶44, D000742-D000765 2019 Shareholder Survey; Warren Decl., ¶45, D000233-

D000235 Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at

BH000058;Warren Decl., ¶62, Shea Depo., 38:3-39:19; 135:7-138:25, 140:4146:7, 161:13-162:9,

196:22-197:8, 209:18-210:3; Warren Decl., ¶61, Degan Depo. 50:7-9, 59:20-62:7, 70:9-72:19.)

**Reply**: Defendants' Paragraph No. 309 should be deemed admitted for purposes of

this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'
Paragraph No. 309. Moreover, the additional facts cited by Plaintiff are argumentative and call
for legal conclusion. The additional facts cited by Plaintiff are also not relevant to, and do not
dispute, the material facts asserted in Paragraph No. 309; namely that Plaintiff informed Mr. Shea
that he had a ███████████ for the Company and that it was the same buyer he had previously
informed Mr. Shea about when the Board directed Plaintiff to cease any sales activities. Plaintiff's
counter-statement falsely contends Defendants' citation does not support the proffered fact,
however Mr. Shea's March 7, 2020 email to the Executive Board summarizing his call with
Plaintiff specifically states: █████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████ (See Exhibit ZZ to Jakowsky Decl. at D000673- D000674.)
As such, the Court should deem Defendants' Paragraph No. 309 admitted for purposes of this
motion.

310.    When Mr. Shea asked Plaintiff to identify the buyer, Plaintiff refused and said ████

█████████████████████████████ Plaintiff said ██████████████

█████████████████ (See Exhibit ZZ to Jakowsky Decl. at D000673; Shea Dep.
205:20-206:10.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** On November 22, 2019, as reported in the board of directors
meeting minutes, Chris Degan reported the shareholder survey results noted significant increased
interest in selling the company within the next 2 to 5 years. There is no written evidence that Plaintiff
was trying to sell to Pritchard prior to his termination. Engaging with a private equity group is not
the same selling the company. (Warren Decl., ¶44, D000742-D000765 2019 Shareholder Survey;

Warren Decl., ¶45, D000233-D000235 Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at BH000058; Warren Decl., ¶62, Shea Depo. 135:7-138:25, 140:4-146:7.)

      **Reply**: Defendants' Paragraph No. 310 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 310. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 310; namely that Plaintiff refused to share the name of the secret buyer. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however Mr. Shea's March 7, 2020 email to the Executive Board summarizing his call with Plaintiff specifically states: ████████████████████████

████████████████████████████████████████████

████████████████ (See Exhibit ZZ to Jakowsky Decl. at D000673-D000674.) Plaintiff does not dispute that he made such a statement. As such, the Court should deem Defendants' Paragraph No. 310 admitted for purposes of this motion.

      311.    Plaintiff further explained he was expecting an Indication of Interest from the buyer within the next week. Mr. Shea again requested the identity of the buyer and Plaintiff refused to provide that information. (See Exhibit ZZ to Jakowsky Decl. at D000673; Pl. Dep. 228:21-229:2.)

      **Response**: Disputed. Defendants' citation does not support the proffered fact.

      **Additional Material Fact:** On November 22, 2019, as reported in the board of directors meeting minutes, Chris Degan reported the shareholder survey results noted significant increased interest in selling the company within the next 2 to 5 years. There is no written evidence that Plaintiff was trying to sell to Pritchard prior to his termination. Engaging with a private equity group is not the same selling the company. (Warren Decl., ¶44, D000742-D000765 2019

Shareholder Survey; Warren Decl., ¶45, D000233-D000235 Analysis of Shareholder Survey; Warren Decl., ¶43, BH000050-BH000059 at BH000058;Warren Decl., ¶62, Shea Depo. 135:7-138:25, 140:4-146:7.)

> **Reply**: Defendants' Paragraph No. 311 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 311. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 311; namely that Plaintiff was expecting an Indication of Interest from the buyer and refused to share the name of the buyer with Mr. Shea. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however Mr. Shea's March 7, 2020 email to the Executive Board summarizing his call with Plaintiff specifically states: █████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████ (See Exhibit ZZ to Jakowsky Decl. at D000673-D000674.) Further, when Plaintiff was asked: ███████████████████████ ████████████████████████████████████████████████████████████ ████ Plaintiff responded: ███████████████████████████████████ (Pl. Dep. 228:21-229:2.) Plaintiff does not dispute the accuracy of Defendants' proffered statement of fact. As such, the Court should deem Defendants' Paragraph No. 311 admitted for purposes of this motion.

312. Plaintiff indicated he would not attend the upcoming Board meeting and that it was ████████████ he would resign from his position. (See Exhibit ZZ to Jakowsky Decl. at D000673.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Plaintiff was told he would be terminated prior to the Board meeting. Further, according to Plaintiff's Executive Agreement, paragraph 10, he must provide ninety (90) days advance written notice of any resignation of Executive's employment. He did not provide that notice. (Warren Decl., ¶62, Shea Depo196:22-197:8, 209:18-210:3; Warren Decl., ¶7, D000018-D000032 at D000020 and D00023, Hallett EA)

        **Reply**: Defendants' Paragraph No. 312 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 312. Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 312; namely that Plaintiff would not attend the March 8, 2020 Board Meeting and would not likely resign his employment. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however Mr. Shea's March 7, 2020 email to the Executive Board summarizing his call with Plaintiff specifically states: ███████████████████████████████████████████████ ███████████████████████████████████████████████ (See Exhibit ZZ to Jakowsky Decl. at D000673-D000674.) As such, the Court should deem Defendants' Paragraph No. 312 admitted for purposes of this motion.

        313.   Based on this new information provided by Plaintiff, the Board reconsidered whether they would move forward with their original plan to terminate Plaintiff without cause, or if they would vote to terminate Plaintiff with cause. (Shea Dep. 206:11-16; 214:19-23; Halstead Dep. 81:11-17.)

        **Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Chris Degan admitted he was not certain whether Plaintiff was terminated for cause or without cause. Defendants realized their decision would trigger additional payments to Plaintiff under Section 10(c)(iii), and they actively started looking for any excuse to retroactively characterize the termination as for-cause. Defendants began to backpedal, latching on to ███████████████ about Plaintiff shared by an ex-employee who had just resigned, which supposedly had the effect of changing Defendants' minds about firing Plaintiff without cause. In reality, the ex-employee's comments conveniently came at the perfect time for Defendants, who were already looking for any excuse to fire Plaintiff for cause. (Warren Decl., ¶61, Degan Depo.49:9-50:2; Warren Decl., ¶62, Shea Depo. 162:14-18; 219:19-220:21; Warren Decl., ¶54, Exh. 51; Warren Decl., ¶46, D000637-D000642, at D000637-D000638, D000642.

**Reply**: Defendants' Paragraph No. 313 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 313. Moreover, the additional facts cited by Plaintiff are argumentative and call for legal conclusion. The additional facts cited by Plaintiff are also not relevant to, and do not dispute, the material facts asserted in Paragraph No. 313; namely that upon learning that Plaintiff had continued having sale discussions, the Board reconsidered their original plan to terminate Plaintiff without cause. Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact. Mr. Shea specifically testified: ███████████████

███████████████████████████████████████

███████████████████████████████████████

███████ and ███████████████████████████████

███████████████████████████████████████

███████████████████████ (Shea Dep. 206:11-16; 214:19-23.) Further, when

asked why he voted to terminate Plaintiff, Mr. Halstead testified: ██████████

███████████████████████████████████████████████████████████

██████████ (Halstead Dep. 81:11-17.)  As such, the Court should deem Defendants' Paragraph No.

313 admitted for purposes of this motion.

     314.    Specifically, Mr. Shea explained: ████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

(Shea Dep. 206:11-16.)

    **Response**: Disputed. Defendants' citation does not support the proffered fact.

    **Additional Material Facts:** Chris Degan admitted he was not certain whether Plaintiff

was terminated for cause or without cause. Defendants' sent Plaintiff a letter on March 13, 2020.

That letter claims Plaintiff is being fired under Section 10(a)(ii)(D), *not* 10(a)(ii)(B). (Warren

Decl., ¶61, Degan Depo: 49:9-50:2; Warren Decl., ¶50, BH000020-BH000021, at BH000021)

    **Reply**: Defendants' Paragraph No. 314 should be deemed admitted for purposes of

this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 314.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not

dispute, the material facts asserted in Paragraph No. 314; namely Mr. Shea's specific testimony

regarding the decision to terminate Plaintiff.  Plaintiff's counter-statement falsely contends

Defendants' citation does not support the proffered fact, however, Defendants' Paragraph No. 314

is a direct quote from Mr. Shea's deposition testimony.  (Shea Dep. 206:11-16.) As such, the Court

should deem Defendants' Paragraph No. 314 admitted for purposes of this motion.

315.    Moreover, Mr. Shea explained: ████████████████████

████████████████████████████████████████████████

████████████████████████████████ (Shea Dep. 214:19-23.)

**Response**: Disputed.

**Additional Material Facts:** Chris Degan admitted he was not certain whether Plaintiff was terminated for cause or without cause. And On or about March 8, 2019, Defendants signed and sent out a letter to the Company's shareholders and employees stating that Plaintiff stepped down from his position as President and CEO. (Warren Decl., ¶61, Degan Depo: 49:9-50:2; Warren Decl., ¶62, Shea Depo. 217:8-219:18; Warren Decl., ¶33, D001088-D001090.)

**Reply**: Defendants' Paragraph No. 315 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 315.  Moreover, the additional facts cited by Plaintiff are not relevant to, and do not dispute, the material facts asserted in Paragraph No. 315; namely Mr. Shea's specific deposition testimony regarding the Board's decision to ████████████████████

████████████████████████████████████████████

████████████████████████████████ (Shea Dep. 214:19-23.) As such, the Court should deem Defendants' Paragraph No. 315 admitted for purposes of this motion.

316.    On March 8, 2020, Mr. Shea called Plaintiff to inform him that the Board would be voting to terminate his Employment Agreement with cause.  (See Exhibit AAA to Jakowsky Decl. at D000962.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Plaintiff was told he was terminated prior to the Board meeting. Further, the shareholders, who are required by law to vote, did not vote on Plaintiff's termination. Stuart Dean did not pay Plaintiff six months owed under the contract if he was terminated without cause. Mr. Shea admitted that he was not sure proper notice of the Board meeting was provided. He also admitted Stuart Dean was required to provide notice if terminated without cause and the board gave notice after the Board took action. Mr. Shea knew Plaintiff was going to be terminated and told him prior to the Board meeting.

Exhibit AAA states: ███████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████

Further, according to Plaintiff's Executive Agreement, paragraph 10, he must provide ninety (90) days advance written notice of any resignation of Executive's employment. He did not provide that notice. (Warren Decl., ¶61, Degan Depo. 50:7-9, 59:20-62:7, 70:9-72:19; Warren Decl., ¶62, Shea Depo. 38:3-39:19; 161:13-162:9, 196:22-197:8, 209:18-210:3; Warren Decl., ¶7, D000018-D000032 Hallett EA)

**Reply**: Defendants' Paragraph No. 316 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 316. Moreover, the additional facts cited by Plaintiff are argumentative and call for legal conclusion. The additional facts cited by Plaintiff are also not relevant to, and do not dispute, the material facts asserted in Paragraph No. 316; namely that Mr. Shea called Plaintiff on March 8, 2020 to inform him that the Board would be voting to terminate his Employment Agreement with cause. Plaintiff's counter-statement falsely contends Defendants' citation does

not support the proffered fact, however Plaintiff directly quotes the Board Minutes from March 8, 2020 which state: ██████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████ (See Exhibit AAA to Jakowsky Decl. at D000962.) As such, the Court should deem Defendants' Paragraph No. 316 admitted for purposes of this motion.

317.    Mr. Shea invited Plaintiff to join the Board Meeting during which the vote would take place. Plaintiff refused. (See Exhibit AAA to Jakowsky Decl. at D000962.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** Plaintiff was told he was terminated prior to the Board meeting. Further, the shareholders, who are required by law to vote, did not vote on Plaintiff's termination. Stuart Dean did not pay Plaintiff six months owed under the contract if he was terminated without cause. Mr. Shea admitted that he was not sure proper notice of the Board meeting was provided. He also admitted Stuart Dean was required to provide notice if terminated without cause and the board gave notice after the Board took action. Mr. Shea knew Plaintiff was going to be terminated and told him prior to the Board meeting.

Further, according to Plaintiff's Executive Agreement, paragraph 10, he must provide ninety (90) days advance written notice of any resignation of Executive's employment. He did not provide that notice. (Warren Decl., ¶61, Degan Depo. 50:7-9, 59:20-62:7, 70:9-72:19; Warren Decl., ¶62, Shea Depo. 38:3-39:19; 161:13-162:9, 196:22-197:8, 209:18-210:3; Warren Decl., ¶7, D000018-D000032 Hallett EA)

**Reply**: Defendants' Paragraph No. 317 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 317.  Moreover, the additional facts cited by Plaintiff are argumentative and call for legal conclusion.  The additional facts cited by Plaintiff are also not relevant to, and do not dispute, the material facts asserted in Paragraph No. 317; namely that Mr. Shea invited Plaintiff to join the March 8, 2020 Board Meeting but that Plaintiff declined to attend.  Plaintiff's counter-statement falsely contends Defendants' citation does not support the proffered fact, however the Board Minutes from March 8, 2020 specifically state: ███████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████████████ (See Exhibit AAA to Jakowsky Decl. at D000962.)  As such, the Court should deem Defendants' Paragraph No. 317 admitted for purposes of this motion.

318.    Thus, on March 8, 2020, the Stuart Dean Board unanimously voted to terminate Plaintiff's employment with cause. (See Exhibit G to Jakowsky Decl. at ¶ 50; Exhibit CCC to Jakowsky Decl. at D000964; Exhibit BBB to Jakowsky Decl. at D000485; Shea Dep. 207:24-208:2, 214:7-23, 225:4-16.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

This statement is conclusory based on uncited allegations in the First Amended

Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; See *Brown v. City of New York,* 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of its contents in a 56.1 Statement."); *Edelhertz v. City of Middletown*, 943 F. Supp. 2d 388, 390 n.2

(S.D.N.Y. 2012); see also *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement).

**Additional Material Facts:** Plaintiff was told he was terminated prior to the Board meeting. Further, the shareholders, who are required by law to vote, did not vote on Plaintiff's termination. Stuart Dean did not pay Plaintiff six months owed under the contract if he was terminated without cause. Mr. Shea admitted that he was not sure proper notice of the Board meeting was provided. He also admitted Stuart Dean was required to provide notice if terminated without cause and the board gave notice after the Board took action. Mr. Shea knew Plaintiff was going to be terminated and told him prior to the Board meeting.

Defendant Shea's March 8, 2020, letter does not even come close to providing the requisite detail, referring generally to the entirety of "Section 10" (which includes procedures for both for-cause and without-cause termination, making a general reference entirely insufficient) and explicitly admitting Defendants have failed to follow proper procedures: ███████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ Defendants in bad faith decided to fire him first, then fabricate some excuse to avoid paying him second.

(Warren Decl., ¶61, Degan Depo. 50:7-9, 59:20-62:7, 70:9-72:19; 219:19-220:21; Warren Decl., ¶54, Exh. 51; Warren Decl., ¶46, D000637-D000642, at D000637-D000638, D000642; Warren Decl., ¶62 Shea Depo. 38:3-39:19; 161:13-162:9, 196:22-197:8, 209:18210:3; Warren Decl., ¶7, D000018-D000032 Hallett EA; Warren Decl., ¶49 D000484-D000516, at D000485.)

**Reply**: Defendants' Paragraph No. 318 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 318.  Moreover, the additional facts cited by Plaintiff are argumentative and call

for legal conclusion.  The additional facts cited by Plaintiff are also not relevant to, and do not

dispute, the material facts asserted in Paragraph No. 318; namely that the Board unanimously voted

to terminate Plaintiff for cause. Plaintiff's counter-statement falsely contends Defendants' citation

does not support the proffered fact, however the Board Minutes from March 8, 2020 specifically

state: ██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████ (Shea Dep. 225:4-10 (quoting (See Exhibit AAA

to Jakowsky Decl. at D000964.) In addition, Defendants' citation is further derived from Plaintiff's

First Amended Complaint.  As such, the Court should deem Defendants' Paragraph No. 318

admitted for purposes of this motion.

319.    On March 9, 2020, Mr. Cook sent an email to Stuart Dean employees and

shareholders concerning the Company change in CEO. (See Exhibit CCC to Jakowsky Decl. at

D001088.)

**Response**: Undisputed the document was produced.

**Reply**: Defendants' Paragraph No. 319 should be deemed admitted for purposes of

this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff

does not deny the accuracy of Defendants' Paragraph No. 319.  As such, the Court should deem

Defendants' Paragraph No. 319 admitted for purposes of this motion.

320.    The email enclosed a letter from Mr. Shea which stated, in part: ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████ (See Exhibit CCC to Jakowsky Decl. at D0010989.)

**Response**: Disputed.

**Additional Material Facts:** Exhibit CCC does not have bates number D000964 and is cited incorrectly. (Warren Decl., ¶33, D001088-D001090 at D001089 3/8/20 Ltr to Hallett)

**Reply**: Defendants' Paragraph No. 320 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rule 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 320. While Defendants concede that a typographical error in Paragraph 320 of their 56.1 Statement inadvertently cited to Bates Number D0010989, rather than D001089, D001089 supports the facts asserted in Paragraph No. 320 and contains the quotation: ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ (See Exhibit CCC to Jakowsky Decl. at D001089.) Plaintiff does not dispute the accuracy of this quotation. As such, the Court should deem Defendants' Paragraph No. 320 admitted for purposes of this motion.

321.   Plaintiff did not seek employment following Plaintiff's termination from Stuart Dean. (Pl. Dep. 27:4-7.)

**Response**: Undisputed.

**Additional Material Facts:** Plaintiff filed a lawsuit after his Stuart Dean termination against the company and its board members. Plaintiff also had a two year non-compete he was honoring in his Employment Agreement. (Warren Decl., ¶34, ROA 1 Complaint; Warren Decl., ¶35, ROA 57 FAC; Warren Decl., ¶7, D000018-D000032 Hallett EA)

**Reply**: Defendants' Paragraph No. 321 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff does not dispute the accuracy of Defendants' Paragraph No. 321.  As such, the Court should deem Defendants' Paragraph No. 321 admitted for purposes of this motion.

## VIII.   PLAINTIFF'S  COMPLAINTS  FILED  IN  THIS  DISTRICT

322.   On May 19, 2020, Plaintiff filed a Complaint in this matter against Defendants with the United States District Court for the Southern District of New York. (See Exhibit E to Jakowsky Decl.)

**Response**: Undisputed.

323.   In his original Complaint, Plaintiff asserted a number of causes of action, including, but not limited to, a claim for breach of contract claim for failure to pay an LTIP, as well as a wage claim for an LTIP under the New York Labor Law ("NYLL".) (See Exhibit E to Jakowsky Decl. ¶¶ 73-75; ¶¶ 79-87.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. See Local R. 56.1; See *Brown v. City of New York,* 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) ("As an initial matter, a complaint is inadmissible hearsay and cannot be properly cited for the truth of its contents in a 56.1 Statement."); *Edelhertz v. City of Middletown*, 943 F. Supp. 2d 388, 390 n.2 (S.D.N.Y. 2012); see also *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement).

**Reply**: Defendants' Paragraph No. 323 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'
Paragraph No. 323. In addition, Defendants' citation is derived directly from Plaintiff's Original
Complaint. As such, the Court should deem Defendants' Paragraph No. 323 admitted for purposes
of this motion.

324.    On August 25, 2020, this Court issued an Opinion and Order dismissing without
prejudice the following causes of action from Plaintiff's Complaint: Count Two (breach of
contract) and Count Three (deduction of wages under NYLL § 193) with respect to Plaintiff's
claims for LTIP payments, Count four (retaliation), and Count Nine (defamation.) (See Exhibit F
to Jakowsky Decl.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** The Court did not dismiss the entirety of the Second Cause of
Action. On August 25, 2020, this Court issued an Opinion and Order as follows: Count Two
(breach of contract) and Count Three (deduction of wages under NYLL §193) are dismissed with
respect to Hallett's claim for LTIP payments but not otherwise, Count Four (retaliation) is
dismissed, Count Nine (defamation) is dismissed; and defendants' motion to dismiss is otherwise
denied. All dismissal are without prejudice. (Warren Decl., ¶36, ROA 50 Opinion and Order on
Motion to Dismiss)

**Reply**: Defendants' Paragraph No. 324 should be deemed admitted for purposes of
this motion as there is no dispute regarding the Court's August 25, 2020 Order. Defendants agree
with Plaintiff's recitation of the Court's August 25, 2020 Order in that it only dismissed Count
Two (breach of contract) and Count Three (deduction of wages under NYLL §193) as they relate
to Plaintiff's claims for LTIP payments. Defendants' instant statement of fact is reflective of this
point and was not meant to be read as meaning that any part of the bonus contention was dismissed

189

by the Court; only the portion of those claims related to a purported LTIP. Defendants and Plaintiff thus agree that this Court dismissed Count Two (breach of contract) with respect to Plaintiff's claims for LTIP payments and Count Three with respect to Plaintiff's claims for LTIP payments. (See Exhibit F to Jakowsky Decl.) As such, the Court should deem Defendants' Paragraph No. 324 admitted for purposes of this motion.

325.    In dismissing Plaintiff's breach of contract claim with regard to the LTIP, this Court held that Plaintiff "has not plausibly alleged that the parties intended that the Employment Agreement would bind Stuart Dean to make LTIP payments to [Plaintiff]." (See Exhibit F to Jakowsky Decl.)

**Response**: Undisputed that the Court issued its Opinion on Defendants' Motion to Dismiss.

**Reply**: Defendants' Paragraph No. 325 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff does not deny the accuracy of Defendants' Paragraph No. 325. As such, the Court should deem Defendants' Paragraph No. 325 admitted for purposes of this motion.

326.    This Court noted: "the Employment Agreement indicates on its face that at the time of execution, the parties did not intend to be bound to a specific LTIP." (See Exhibit F to Jakowsky Decl.)

**Response**: Undisputed that the Court issued its Opinion on Defendants' Motion to Dismiss.

**Reply**: Defendants' Paragraph No. 326 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff does not deny the accuracy of Defendants' Paragraph No. 326. As such, the Court should deem Defendants' Paragraph No. 326 admitted for purposes of this motion.

327.    This Court further noted: "at the time [Plaintiff] was hired the parties contemplated that they would subsequently negotiate the terms of the LTIP and then reduce them to writing." (See Exhibit F to Jakowsky Decl.)

**Response**: Undisputed that the Court issued its Opinion on Defendants' Motion to Dismiss.

**Reply**: Defendants' Paragraph No. 327 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff does not deny the accuracy of Defendants' Paragraph No. 327.  As such, the Court should deem Defendants' Paragraph No. 327 admitted for purposes of this motion.

328.    This Court dismissed Plaintiff's NYLL § 193 with regard to the LTIP, finding "Hallett has not plausibly alleged that payment under the LTIP was linked to his personal performance, was guaranteed and non-discretionary, and vested before his termination." (See Exhibit F to Jakowsky Decl.)

**Response**: Undisputed that the Court issued its Opinion on Defendants' Motion to Dismiss.

**Reply**: Defendants' Paragraph No. 328 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff does not deny the accuracy of Defendants' Paragraph No. 328.  As such, the Court should deem Defendants' Paragraph No. 328 admitted for purposes of this motion.

329.    This Court also dismissed Plaintiff NYLL § 215 retaliation claim, finding "Hallett only alleges that he complained about one violation of New York Law: the failure to provide him with, or make payments under, an LTIP. But the Court has already concluded that Hallett has failed to plausibly to allege that LTIP payments constitute wages under Section 193. Therefore, Hallett has not stated a claim for retaliation." (See Exhibit F to Jakowsky Decl.)

**Response**: Undisputed that the Court issued its Opinion on Defendants' Motion to Dismiss.

**Reply**: Defendants' Paragraph No. 329 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff does not deny the accuracy of Defendants' Paragraph No. 329. As such, the Court should deem Defendants' Paragraph No. 329 admitted for purposes of this motion.

330. On October 23, 2020, Plaintiff filed an Amended Complaint reasserting a claim under NYLL § 193 for failure to make LTIP payments, a claim of retaliation under NYLL § 215, and a claim of defamation per se, and asserting for the first time claims of quantum meruit-unjust enrichment and breach of fiduciary duty. (See Exhibit G to Jakowsky Decl. at ¶¶ 78-86; ¶¶ 87-98; ¶¶ 127-144.)

**Response**: Disputed. This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties.").

**Reply**: Defendants' Paragraph No. 330 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 330. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 330 admitted for purposes of this motion.

331.     Plaintiff did not reassert his breach of contract claim for failure to pay an LTIP. (See Exhibit G to Jakowsky Decl.)

**Response**: Disputed. This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties.").

**Reply**: Defendants' Paragraph No. 331 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 331. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 331 admitted for purposes of this motion.

332.     In his Amended Complaint, Plaintiff premises Count Three (NYLL § 193 claim) on the same allegations as set forth in his original Complaint. (Compare Exhibit E to Jakowsky Decl. at ¶ 79 to ¶ 87 with Exhibit G to Jakowsky Decl. at ¶ 78 to ¶ 86.)

**Response**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration

of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

**Reply**: Defendants' Paragraph No. 332 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 332. As such, the Court should deem Defendants' Paragraph No. 332 admitted for purposes of this motion.

333.    Plaintiff premises Count Three of his Amended Complaint on Defendants' alleged failure to pay two (2) forms of incentive compensation – an annual bonus and an LTIP. (See Exhibit G to Jakowsky Decl. at ¶ 80.)

**Response**: Disputed. This statement is conclusory based on uncited allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

**Reply**: Defendants' Paragraph No. 333 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 333. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 333 admitted for purposes of this motion.

334.    Specifically, Paragraph 80 of Plaintiff's Amended Complaint states: "Pursuant to the Employment Agreement, Defendants promised to pay Hallett compensation in the form of an annual bonus and LTIP. Such compensation was non-discretionary and fully vested at the time of Hallett's termination." (See Exhibit G to Jakowsky Decl. at ¶ 80.)

**Response**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

Additional Material Fact: To keep Plaintiff engaged during his employment, and to further induce his continued best efforts despite their failure to secure his LTIP, Defendants repeatedly promised Plaintiff that an LTIP would be created. (Warren Decl., ¶7, D000018-D000032 Hallett EA at D000019; Warren Decl., ¶17, August 10, 2018 Comp Committee Memo D000004-D000005 at D000005; Warren Decl., ¶58, 11/9/18 BOD Minutes D000840-D000845 at D000841; Warren Decl., ¶54, 3/8/19 BOD Minutes D001125-D001131 at D001126; Warren Decl., ¶51, 5/17/19 Comp Committee Memo D000070-D000071 at D000070; Warren Decl., ¶57 6/24/19 Shea Email to BOD D000239; Warren Decl., ¶ 55 8/16/19 BOD Minutes D001140-D001145 at D001143-D001144; and Warren Decl., ¶ 52 11/22/19 BOD Minutes D000785-D000792 at D000785-D000786)

**Reply**: Defendants' Paragraph No. 334 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has

failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'
Paragraph No. 334. Moreover, the additional facts cited by Plaintiff are argumentative and call
for conclusion of law. Plaintiffs' additional facts are also not relevant to, and do not dispute, the
material facts asserted in Paragraph No. 334. In addition, Defendants' citation is derived directly
from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph
No. 334 admitted for purposes of this motion.

335.    In his Amended Complaint, Plaintiff premises his retaliation claim on the exact
same factual assertions as set forth in his original Complaint. (Compare Exhibit E to Jakowsky
Decl. at ¶ 88 to ¶ 99 with Exhibit G to Jakowsky Decl. at ¶ 87 to ¶ 98.)

**Response**: Disputed. This statement is conclusory based on allegations in the First
Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local
R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007)
(striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*,
258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration
of summary judgment motions by freeing district courts from the need to hunt through voluminous
records without guidance from the parties."). The document speaks for itself.

**Reply**: Defendants' Paragraph No. 335 should be deemed admitted for purposes
of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff
has failed to cite evidence which would be admissible to specifically deny the accuracy of
Defendants' Paragraph No. 335. As such, the Court should deem Defendants' Paragraph No. 335
admitted for purposes of this motion.

336.    Specifically, Plaintiff premises his retaliation claim on his March 2, 2020 and
March 4, 2020 emails. (See Exhibit II to Jakowsky Decl. at D000517.)

**Response**: Disputed. Defendants' citation does not support the proffered fact.

**Additional Material Facts:** No March 4, 2020 email is included in Exhibit II. (Warren Decl., ¶ 37, D000517 3/2/20 Email Hallett to Halstead)

**Reply**: Defendants' Paragraph No. 336 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 336; namely that Plaintiff premises his retaliation claim on his March 2, 2020 email inquiring into the status of his LTIP. In fact, Plaintiff does not cite to any evidence disputing this fact. As such, the Court should deem Defendants' Paragraph No. 336 admitted for purposes of this motion.

337.    Plaintiff alleges Defendants' failure to pay out an LTIP deprived him of millions of dollars in unpaid incentive compensation. (See Exhibit G to Jakowsky Decl. at ¶¶ 48, 58, 91, 103, 116, 124, 129.)

**Response**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

**Reply**: Defendants' Paragraph No. 337 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants'

Paragraph No. 337. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 337 admitted for purposes of this motion.

338.    Plaintiff's first breach of contract claim alleges Defendants "breached [their] contractual obligations under the Employment Agreement by terminating [Plaintiff] under the pretext of his alleged misconduct, and by failing to pay him the compensation owed as a result of his termination, including without limitation, his severance pay and benefits." (See Exhibit G to Jakowsky Decl. at ¶ 70.)

**Response**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

**Reply**: Defendants' Paragraph No. 338 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 338. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 338 admitted for purposes of this motion.

339.    Plaintiff's second breach of contract claim alleges that "failing to pay him the 2019 nondiscretionary annual bonus which was vested and earned on the date of his termination,

Defendant breached its contractual obligations to Hallett under the Employment Agreement." (See Exhibit G to Jakowsky Decl. at ¶ 76.)

**Response**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

**Reply**: Defendants' Paragraph No. 339 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 339. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 339 admitted for purposes of this motion.

340.   Plaintiff's promissory estoppel claim is for continued reliance on the alleged promise the he would be entitled to participate in an LTIP. (See Exhibit G to Jakowsky Decl. at ¶ 100.)

**Response**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of

summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

**Reply**: Defendants' Paragraph No. 340 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 340. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 340 admitted for purposes of this motion.

341.    Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing alleges "Defendants induced [Plaintiff] to sign on and stay as CEO of the Company with the promise that he would be provided an LTIP entitling him to additional compensation, then interfered with his right to receive such compensation by failing to deliver an LTIP, fabricating pretextual misconduct, and prematurely terminating him solely to avoid paying the compensation that he would otherwise be owed in connection with a sale of the Company". (See Exhibit G to Jakowsky Decl. at ¶ 110.)

**Response**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

**Reply**: Defendants' Paragraph No. 341 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 341. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 341 admitted for purposes of this motion.

342.     Plaintiff's fraudulent inducement claim is premised upon the alleged promise made by Michael Degan regarding Hallett's participation in an LTIP that would entitle him to receive additional compensation in the event of a sale of the Company pursuant to his Employment Agreement. (See Exhibit G to Jakowsky Decl. at ¶¶ 27-28, 110.)

**Response**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

**Reply**: Defendants' Paragraph No. 342 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 342. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 342 admitted for purposes of this motion.

343.    Plaintiff's negligent misrepresentation claim is premised on promises Defendants allegedly made to induce him into accepting their proposed terms for his employment as CEO. (<u>See</u> Exhibit G to Jakowsky Decl. at ¶ 121.)

**<u>Response</u>**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

**<u>Reply</u>**: Defendants' Paragraph No. 343 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 343.  In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 343 admitted for purposes of this motion.

344.    Specifically, Plaintiff alleges: "Defendants were careless in imparting false promises and misrepresentations regarding an LTIP to Hallett, which they should have known were incorrect, and which they knew Hallett was expected to rely on in considering whether he would agree to join as Stuart Dean's CEO." (<u>See</u> Exhibit G to Jakowsky Decl. at ¶ 121.)

**<u>Response</u>**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking

"conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

**Reply**: Defendants' Paragraph No. 344 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 344. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 344 admitted for purposes of this motion.

345.    Plaintiff's breach of fiduciary duty claim alleges Defendants Shea, Halstead, Bailey, and Degan breached their alleged fiduciary duties by manufacturing pretextual reasons to justify his termination. (See Exhibit G to Jakowsky Decl. at ¶ 129.)

**Response**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

**Additional Material Facts:** Plaintiff's breach of fiduciary claim alleges Defendants Shea, Halstead, Bailey, and Degan breached their alleged fiduciary duties owed to Hallett precluding Hallett from effectively performing his position as CEO and strategically planned his termination

by manufacturing pretextual reasons to justify his ouster, thereby depriving him of millions of dollars in additional compensation to which he was entitled. Defendants' breaches were in bad faith and with knowledge they were wrong. (Warren Decl., ¶35, ROA 57 First Amended Complaint at ¶ 129)

**Reply**: Defendants' Paragraph No. 345 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 345. Moreover, the additional facts cited by Plaintiff are argumentative and call for conclusion of law. Plaintiffs' additional facts are also not relevant to, and do not dispute, the material facts asserted in Paragraph No. 345. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 345 admitted for purposes of this motion.

346.    Plaintiff's defamation claim is premised on a March 9, 2020 email sent to shareholders and Stuart Dean employees. (<u>See</u> Exhibit G to Jakowsky Decl. at ¶ 131; <u>see also</u> Exhibit CCC to Jakowsky Decl. at D001088.)

**Response**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

**Reply**: Defendants' Paragraph No. 346 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 346. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 346 admitted for purposes of this motion.

347.   Plaintiff's argues the statement contained in this email "constitute defamation per se because they tend to injure Hallett in his trade, business or profession." (See Exhibit G to Jakowsky Decl. at ¶ 134.)

**Response**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

**Reply**: Defendants' Paragraph No. 347 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d). Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 347. In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 347 admitted for purposes of this motion.

348.    In support of his breach of contract claim, Plaintiff argues Defendants were "required to provide Hallett with 10-days written notice of his alleged failure to substantially perform under the contract" and that "[n]o such notice was provided." (See Exhibit G to Jakowsky Decl. at ¶¶ 67-68.)

**Response**: Disputed. This statement is conclusory based on allegations in the First Amended Complaint, in violation of Local Rule 56.1 and should therefore be stricken. *See* Local R. 56.1; *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), slip op., (S.D.N.Y. July 26, 2007) (striking "conclusory allegations" from Rule 56.1 Statement); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). The document speaks for itself.

**Reply**: Defendants' Paragraph No. 348 should be deemed admitted for purposes of this motion due to Plaintiff's failure to comply with Local Rules 56.1(c) and 56.1(d).  Plaintiff has failed to cite evidence which would be admissible to specifically deny the accuracy of Defendants' Paragraph No. 348.  In addition, Defendants' citation is derived directly from Plaintiff's First Amended Complaint. As such, the Court should deem Defendants' Paragraph No. 348 admitted for purposes of this motion.

349.    On September 8, 2020, Defendants filed an Answer to Plaintiff's Original Complaint with the United States District Court for the Southern District of New York. (See Exhibit III to Jakowsky Decl.)

**Response**: Undisputed.

350.    On November 9, 2020, Defendants filed an Answer to Plaintiff's Amended Complaint with the United States District Court for the Southern District of New York. (See Exhibit JJJ to Jakowsky Decl.)

**Response**: Undisputed.

                    *    *    *    *    *    *    *    *    *

Based upon these undisputed facts, for the reasons set forth in Defendants' memorandum of law in support of its motion for summary judgment, Plaintiff's Complaint should be dismissed as a matter of law.

Dated:  New York, New York
        December 30, 2020

                            Respectfully submitted,

                            JACKSON LEWIS P.C.
                            666 Third Avenue
                            New York, New York 10017
                            (212) 545-4000


                    By: _/s/ Michael A. Jakowsky_____
                            Michael A. Jakowsky
                            Lauren A. Parra